**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN BENTON AUBREY, and** | § | |
| **BRIAN EDWARD VODICKA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-00056-B** |
| | § | |
| **D MAGAZINE PARTNERS et al.,** | § | |
| *Defendants*. | § | |

---

**DEFENDANT DISTRICT JUDGE ERIC VAUGHN MOYÉ'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION, JUDICIAL AND ELEVENTH AMENDMENT IMMUNITY AND
FAILURE TO STATE A CLAIM**

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for
Civil Litigation

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

DEMETRI ANASTASIADIS*
Assistant Attorney General
Texas State Bar No. 01164480

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374
demetri.anastasiadis@oag.texas.gov


**ATTORNEYS FOR DEFENDANT JUDGE ERIC VAUGHN MOYÉ
*Attorney of Record**

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

I.      Claims made against Judge Moyé........................................................................... 2

II.     Plaintiffs' Litigation history.................................................................................... 3

III.    Aubrey and Vodicka's suit against Judge Moyé is barred by issue preclusion ................. 6

    a.  Res Judicata under Texas law ........................................................................... 7

    b.  Collateral Estoppel under Texas law ................................................................. 8

    c.  The Final Judgment in Aubrey and Vodicka's prior Texas suit against Judge Moyé bars
        the claims in the present litigation ...................................................................... 8

IV.     A suit against a state court judge based on his in-court explanation of his recusal
        regarding a case which was duly assigned to him and over which he had jurisdiction, is
        an official capacity suit barred by the Eleventh Amendment ........................................ 10

V.      Plaintiffs' claim that Judge Moyé violated their right to due process by giving an in-court
        verbal explanation of the reasons for his recusal is barred by judicial immunity............. 17

VI.     Statements made by a participant of and in connection with a judicial proceeding are
        privileged and may not form the basis of a civil suit..................................................... 20

VII.    Plaintiffs' conspiracy theory fails to state a claim ........................................................ 23

    a.  Vicarious Liability/Respondeat Superior......................................................... 23

    b.  A claim that a judge civilly or criminally conspired with others does not defeat judicial
        immunity........................................................................................................... 25

VIII.   Federal district courts may not review, set aside, modify or disregard state court rulings
        on the same issues brought by the same litigants against the same defendant in federal
        court ................................................................................................................................ 26

CONCLUSION...................................................................................................................... 33

CERTIFICATE OF SERVICE ............................................................................................ 36

# TABLE OF AUTHORITIES

**Cases**

*A.D. ex rel. McGhee v. Alabama Dept. of Human Resources*,
  995 F.Supp.2d 1253 (N.D. Ala. 2014) ........................................................................ 7

*Adams v. McIlhany*,
  764 F.2d 294 (5th Cir. 1985) ..................................................................................... 19

*Agripost, Inc. v. Miami–Dade Cnty., ex rel. Manager*,
  195 F.3d 1225 (11th Cir. 1999) ................................................................................... 7

*Allen v. Bello*,
  Nos. 14-0760, 15-3519, 2016 WL 1670927 (D. N. J., April 27, 2016) ................... 28

*Allen v. McCurry*,
  449 U.S. 90 (1980) ....................................................................................................... 6

*Arnett v. Strayhorn*,
  515 F. Supp. 2d 699 (W.D. Tex., 2006) ................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 24, 25

*Atuahene v. City of Hartford*,
  10 Fed. Appx. 33 (2nd Cir.2001) .............................................................................. 23

*Aubrey v. Aubrey*,
  523 S.W.3d 299 (Tex. App.–Dallas 2017, no pet) ..................................................... 5

*Avdeef v. Royal Bank of Scotland, P.L.C.*,
  616 Fed.Appx. 665 (5th Cir. 2015) ............................................................................. 9

*Baker v. Warner/Chappell Music, Inc.*,
  No. 14-22403-CIV, 2017 WL 4310750 (S.D. Fla. Sept. 28, 2017) .......................... 25

*Ballard v. Wall*,
  413 F.3d 510 (5th Cir. 2005) ......................................................................... 10, 19, 34

*Bauer v. Texas*,
  341 F.3d 352 (5th Cir.2003) ...................................................................................... 15

*Bird v. W.C.W.*,
  868 S.W.2d 767 (Tex.1994) ....................................................................................... 22

*Blum v. Lanier*,
  997 S.W.2d 259 (Tex.1999) ....................................................................................... 16

*Bowe v. City of Hallandale Beach*,
   No. 0:16-CIV-60993-DIMITROULEAS, 2017 WL 5643311
   (S.D. Fla., January 24, 2017) ................................................................................. 24

*Boyd v. Biggers*,
   31 F.3d 279 (5th Cir. 1994) ................................................................................... 19

*Bradley v. Fisher,* 80 U.S. 335 (1871),
   80 U.S. ...................................................................................................................... 20

*Bradt v. West*,
   892 S.W.2d 56, (Tex. App.—Houston [1st Dist.]1994, writ denied ................................. 11, 18

*Brandon v. Holt*,
   469 U.S. 464 (1985) ............................................................................................... 12

*Briscoe v. LaHue*,
   460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ................................................. 21

*Burns v. Reed*,
   500 U.S. 478 (1991) ........................................................................................... 21, 34

*Bustos v. Martini Club, Inc.*,
   599 F.3d 458 (5th Cir. 2010) ................................................................................. 25

*Cable Holdings of Battlefield, Inc. v. Cooke*,
   764 F.2d 1466 (11th Cir. 1985) ............................................................................... 6

*Citizens Ins. Co. of America v. Daccach.*,
   217 S.W.3d 430 (Tex. 2007) ..................................................................................... 7

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ....................................................................................... 15, 16, 17

*Comer v. Murphy Oil USA, Inc.*,
   839 F.Supp.2d 849 (S.D.Miss.2012) ........................................................................ 6

*Community State Bank v. Strong*,
   651 F.3d 1241 (11th Cir.2011) ................................................................................. 7

*Cook, et al. v. Hedtke*,
   No. 03-17-00663-CV, 2018 WL 1660078 (Tex. App.—Austin, April 6, 2018, no pet.) .......... 16

*Cornyn v. City of Garland*,
   994 S.W.2d 258 (Tex. App.—Austin, 1999, no pet.) ................................................... 16

*Cozzo v.Tangipahoa Parish Council– President Gov't*,
   279 F.3d 273 (5th Cir. 2002) ................................................................................. 14

*Crain v. Unauthorized Practice of Law Committee of the Supreme Court of Texas*,
    11 S.W.3d ................................................................................................................ 22

*Davis v. Tarrant Cty., Tex.*,
    565 F.3d 214 (5th Cir. 2009) ............................................................................... 18, 20

*DeBauche v. Trani*,
    191 F.3d 499 (4th Cir. 1999) ............................................................................... 14, 15

*Dennis v. Sparks*,
    449 U.S. 24, fn. 5 (1980) ..................................................................................... 19, 26

*Dorrough v. Faircloth*,
    443 S.W.3d 278 (Tex. App., Austin 2015, no pet.) ................................................ 9, 13

*Doss v. Helpenstell*,
    699 Fed.App'x. 337 (5th Cir. 2017) ........................................................................... 6

*Dudley v. Angel*,
    209 F.3d 460 (5th Cir. 2000) ..................................................................................... 24

*Dykes v. Hosemann*,
    776 F.2d 942 (11th Cir. 1985) .................................................................................. 25

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) .................................................................................... 25

*First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.*,
    747 F.2d 1367 (11th Cir. 1984) .................................................................................. 7

*Franka v. Velasquez*,
    332 S.W. 3d 367 (Tex. 2011) ...................................................................................... 9

*Gamble v. Boyd Gaming Corp.*,
    No. 2:13-cv-01009, 2014 WL 1331034 (D. Nev.) ..................................................... 1

*Hale v. King*,
    642 F.3d 492 (5th Cir. 2011) .................................................................................... 25

*Harless v. Niles*,
    100 S.W.3d 390 (Tex.App.—San Antonio 2002, no pet) ......................................... 12

*Holloway v. Walker*,
    765 F.2d 517 (5th Cir.) .............................................................................................. 26

*Honig v. Doe*,
    484 U.S. 305 (1988) .................................................................................................. 15

*In re Federated Dept. Stores, Inc.*,
    226 B.R. 191 (Bankr. S.D. Ohio 1998) .................................................................. 27

*In re Hinterlong*,
    109 S.W.3d 611 (Tex. App.—Fort Worth 2003, orig. proceeding........................... 22

*In re Smith Cty.*,
    521 S.W.3d 447 (Tex. App.—Tyler 2017, orig. proceeding).................................. 16

*Jackson v. BellSouth Telecomms.*,
    372 F.3d 1250 (11th Cir. 2004)............................................................................ 22

*James v. Underwood*,
    438 S.W.3d 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.)........................... 20

*Johnson v. Wichita Falls Hous. Auth.*,
    No. 2-06-416-CV, 2007 WL 4126475 (Tex.App.—Ft. Worth, Nov. 21, 2007, no pet.) ......... 21

*Jolly v. Klein*,
    923 F. Supp. 931 (S.D. Tex. 1996)....................................................................... 24

*Kastner v. Lawrence*,
    390 F. App'x 311, 2010 WL 3023304 (5th Cir.2010) .......................................... 33

*Kemp ex rel. Kemp v. Perkins*,
    324 Fed. App'x 409 (5th Cir. 2009) ............................................................... 11, 18

*Kennedy v. Pfizer Corp., No. 13-3132*,
    2014 WL 4092479 (W.D. La. Aug. 13, 2014).......................................................... 7

*Kentucky v. Graham*,
    473 U.S. 159 (1985) ............................................................................................. 12

*Kessling v. Friendswood Indep. Sch. Dist.*,
    302 S.W.3d 373 (Tex. App.—Houston [14th Dist.] 2009, pet. den. ...................... 16

*Kitty Hawk Aircargo, Inc. v. Chao*,
    418 F.3d 453 (5th Cir.2005)................................................................................. 15

*Kizzire v. Baptist Health Sys., Inc.*,
    441 F.3d 1306 (11th Cir. 2006) .............................................................................. 7

*Kutyba v. Watts, et al.,  No. 10-18-00168-CV*,
    2019 WL 1187427 ............................................................................................... 34

*Lane v. Capital Acquisitions and Management Co.*,
    No. 04-60602 CIV, 2006 WL 4590705 (S.D.Fla.,2006) ....................................... 24

*Laub v. Pesikoff,*
   979 S.W.2d 686 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) ......................................... 22

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,*
   639 So.2d 606 (Fla. 1994) ......................................................................................................... 20

*Liedtke v. State Bar of Tex.,*
   18 F.3d 315 (5th Cir. 1994) ....................................................................................................... 27

*Lippe v. Bairnco Corp.,*
   225 B.R. 846 (S.D.N.Y.1998) .................................................................................................... 24

*Liptak v. Banner,*
   No. 3:01-CV-0953-M, 2002 WL 378440 (N.D. Tex. Mar. 7, 2002) ............................. 17, 25, 27

*Loch v. Watkins,*
   337 F.3d 574 (6th Cir. 2003) ..................................................................................................... 27

*Luttrell v. El Paso County,*
   555 S.W.3d 812, fn. 25 (Tex.App.—El Paso 2018, no pet.) ........................................... 17, 18, 19

*Mack v. Municipality of Penn Hills,*
   547 F. Supp. 863 (W.D. Pa.1982) ............................................................................................. 27

*Marcilis v. Twp. of Redford,*
   693 F.3d 589, (6th Cir.2012) ..................................................................................................... 23

*Martinez v. Texas Dep't of Criminal Justice,*
   300 F.3d 567 (5th Cir. 2002) ..................................................................................................... 12

*McCarthy ex rel. Travis v. Hawkins,*
   381 F.3d 407 ............................................................................................................................... 14

*McClain v. Yeakel,*
   No. A-15-CA-080-SS, 2015 WL 1003867 (W.D. Tex. Mar. 5, 2015) ...................................... 18

*McIntyre v. Wilson,*
   50 S.W.3d 674 (Tex. App.—Dallas 2001, pet. denied) ............................................................. 22

*McKay v. Federspiel,*
   823 F.3d 862 (6th Cir. 2016) ..................................................................................................... 15

*Median v. Bauer,*
   No. 02 Civ. 8837 (DC), 2004 WL 136636 (S.D.N.Y.2004) ...................................................... 24

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
  457 U.S. 423 (1982) ................................................................................................ 10, 27

*Minor v. State of Texas*,
  62 F.3d 395 (5th Cir. 1995) .................................................................................... 11, 18

*Mireles v. Waco*,
  502 U.S. 9 (1991) ............................................................................................................ 19

*Mitchell v. McBryde*,
  944 F.2d 229 (5th Cir. 1991) .................................................................................. 19, 26

*Molina v. Wise County, Texas*,
  No. 4:17-CV-809-Y 2019 WL 802060 (N.D. Texas, February 21, 2019) ................. 33

*Moore v. Sims*,
  442 U.S. 415 (1979) ..................................................................................................... 27

*Morris v. Livingston*,
  739 F.3d 740 (5th Cir. 2014) ..................................................................................... 12

*Mounkes v. Conklin*,
  922 F. Supp. 1501 (D. Kan. 1996)............................................................................. 27

*Murphy v. Hunt*,
  455 U.S. 478 (1982) ..................................................................................................... 17

*Murphy v. Kellar*,
  950 F.2d 290 (5th Cir. 1992) ..................................................................................... 24

*Nueces County v. Ferguson*,
  97 S.W.3d 205 (Tex.App.—Corpus Christi 2002, no writ)....................................... 12

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ............................................................................................. 14, 15

*ODonnell v. Harris County*,
  227 F.Supp.3d 706, (S.D. Tex. Dec. 16, 2016) ................................................. 13, 27

*ODonnell v. Harris County*,
  251 F. Supp. 3d 1052 (S.D. Tex. 2017)..................................................................... 13

*ODonnell v. Harris County*,
  882 F.3d 528 (5th Cir. 2018) ..................................................................................... 13

*Officemax Inc. v. Cinotti*,
  966 F.Supp.2d 74 (E.D. N.Y. 2013) .......................................................................... 21

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) ................................................................. 13

*Oreck Direct LLC v. Dyson Inc.*,
   560 F.3d 398 (5th Cir.2009) .................................................................. 6

*Patterson v. Planned Parenthood*,
   971 S.W.2d 439 (Tex.1998) ................................................................. 16

*Pennzoil Co. v. Texaco Inc.*,
   481 U.S. 1 (1987) ................................................................................ 27

*Pierson v. Ray*,
   386 U.S. 547 (1967) ............................................................................ 18

*Planned Parenthood of Houston & Southeast Texas v. Sanchez*,
   403 F.3d 324 (5th Cir. 2005) ......................................................... 15, 16

*Pledger v. Russell*,
   702 Fed. App'x 683 (10th Cir. 2017) ............................................... 17, 20

*Priester v. Lowndes Cty.*,
   354 F.3d 414 (5th Cir. 2004) ............................................................... 25

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
   506 U.S., 113 S.Ct. (1993) ................................................................. 14

*Quintanilla v. Seagraves Ford, Inc.*,
   522 S.W.2d 274 (Tex. Civ. App.—Corpus Christi, 1975, no writ ........... 20

*Rabalais v. Leon*,
   496 Fed. App'x. 498 (5th Cir. 2012) ................................................... 27

*Reagan v. Guardian Life Ins.*,
   140 Tex. 105 (1942) ........................................................................... 21

*Rehberg v. Paulk*,
   566 U.S. 356, 132 S.Ct. 1497 182 L.Ed.2d 593 (2012) ......................... 21

*Retzlaff v. GoAmerica Commc'ns Corp.*,
   356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) .............................. 6

*Robbins v. Oklahoma*,
   519 F.3d 1242 (10th Cir.2008) ........................................................... 23

*Ruiz v. Johnson*,
   178 F.3d 385 (5th Cir. 1999) ............................................................... 13

*S. Christian Leadership Conference v. Supreme Court of the State of La.*,
 252 F.3d 781 (5th Cir. 2001) .................................................................... 25

*Schrier v. Univ. Of Colo.*,
 427 F.3d 1253 (10th Cir. 2005) ................................................................ 15

*Seminole Tribe of Florida v. Florida*,
 517 U.S. 44 (1996) .................................................................................... 14

*Shaw v. Villanueva, et al., No. 17-50937*,
 2019 WL 1110275 (5th Cir. March 11, 2019) ................................ 23, 25, 26

*Shqeir v. Martin, No. Civ.A. 3:97–CV–1887P,  No.*,
 1997 WL 587482 (N.D.Tex. Sept. 15, 1997) .......................................... 11

*Sparks v. Duval Cty. Ranch Co.*,
 588 F.2d 124 (5th Cir.) ............................................................................ 19

*Stump v. Sparkman*,
 435 U.S. 349 (1978) .................................................................................. 20

*Terrell v. Sisk*,
 111 S.W.3d 274 (Tex.App.—Texarkana 2003, no pet) ............................ 12

*Texas D.P.S. v. Petta*,
 44 S.W.3d 575 (Tex. 2001) ........................................................................ 8

*United States v. Robinson*,
 368 F.3d 653 (6th Cir. 2004) .................................................................... 20

*Valentine v. Texas*,
 602 Fed. App'x 1015 (5th Cir. 2015) ........................................................ 15

*Vodicka v. A.H. Belo Corp.*,
 No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018,
 pet. denied) ............................................................................ 3, 4, 8, 26, 34

*Weekly v. Morrow*,
 204 F.3d 613 (5th Cir. 2000) .................................................................... 27

*Will v. Michigan Dept. Of State Police*,
 491 U.S. 58 (1989) .............................................................................. 10, 12

*Yohey v. Collins*,
 985 F.2d 222 (5th Cir. 1993) ...................................................................... 6

**Statutes**

28 U.S.C. § 1367(d) ...................................................................................... 30

28 U.S.C. § 2283 ................................................................................................ 17

28 U.S.C.A. § 1738 ............................................................................................. 6

42 U.S.C. §1983 .................................................................................. 3, 21, 28, 29

Tex. Civ. Prac. Rem. Code § 11.054, 11.054(1)(A) ................................................ 4, 6

Tex. Civ. Prac. Rem. Code §§101.053, 101.057, 101.106 and 101.106(f) ........... 9, 10, 11, 33

Texas Gov't. Code § 74.141 ................................................................................. 11

**Rules**

Fed. R. Civ. P. 12(a)(4)(A) ................................................................................... 2

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 1

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ................................................................ 1, 34

Tex. R. Civ. P. 18a and 18b .......................................................... 11, 12, 18, 20, 33

**Other Authorities**

U.S. Constitution, Art. III, ............................................................................... 6, 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN BENTON AUBREY, and** | § | |
| **BRIAN EDWARD VODICKA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-00056-B** |
| | § | |
| **D MAGAZINE PARTNERS et al.,** | § | |
| *Defendants*. | § | |

**DEFENDANT DISTRICT JUDGE ERIC VAUGHN MOYÉ'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION, JUDICIAL AND ELEVENTH AMENDMENT IMMUNITY AND
FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, 14th Judicial District Court Judge of Dallas County, Texas, Judge Eric Vaughn

Moyé, in his individual and official capacity, moves this court to dismiss the Complaint based on

the absence of subject matter jurisdiction, Eleventh Amendment and Judicial Immunity and failure

to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter

jurisdiction) and 12(b)(6) (failure to state a claim) dispenses with the requirement of filing an

answer unless such motion is denied. Rule 12(b) specifically states that "[a] motion asserting any

of these defenses must be made before pleading, if a responsive pleading is allowed.". As Judge

Moyé timely files this Motion to Dismiss, his answer due date is tolled until fourteen (14) days

after the Court denies the Motion. Fed. R. Civ. P. Rule 12(a)(4)(A).

As District Judge Eric Vaughn Moyé timely files this Motion to Dismiss, his answer due

date is tolled until fourteen (14) days after the Court denies the Motion. Fed. R. Civ. P. Rule

12(a)(4)(A);

I.      **Claims made against Judge Moyé**

On May 13, 2016, Ira Tobolowsky, a lawyer who was involved in litigation against Vodicka and Aubrey, died in an arson fire in his garage. Dallas County District Judge Eric Vaughn Moyé, was the presiding judge in that litigation. Second Amended Complaint, ¶¶ 35, 199(v), 206, filed on April 29, 2019 (ECF 54). Plaintiffs' claim that Judge Moyé, reached an agreement with the City and County of Dallas defendants to frame plaintiffs' for Tobolowsky's death:

> 54. Between May 13-18, 2016, Moye, DPD, the City, the Sheriff, the County, the "Office of Judge Eric V. Moye," and "members of Moye's re-election campaign" reached an agreement to commit an unlawful and harmful act, framing Plaintiffs for the death (not yet ruled a murder) of Ira Tobolowsky.
>
> 55. Together they agreed to conduct a scheme to release a steady stream of statements to the media, using the same fabricated facts and divert attention away from Moye and insinuate that Plaintiffs murdered his friend.
>
> 63. On May 18, 2016, following one week of releasing statements to the media castigating Plaintiffs, Moye conducted an "official" hearing for a motion for costs before a media circus of broadcast and print publishers.
>
> 64. Moye set the stage and began to conduct a hearing (official proceeding) so that the media could be present to hear Moye accuse Aubrey for the murder of Ira Tobolowsky.
>
> Second Amended Complaint, ¶¶54, 55, 63, 64.

Plaintiffs assert a single factual allegation against Judge Moyé. Plaintiffs point to Judge Moye's explanation for recusing himself from presiding over litigation between decedent Tobolowsky and Plaintiffs:

> u. "The next day, Aubrey and Vodicka were scheduled to appear at a hearing in Ira's defamation case. Security was tight in the courtroom, as extra sheriff's deputies stood guard, but the men didn't show."
>
> v. "From the bench, Judge Moyé announced his recusal. 'I think at this point,' he said, 'with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky and related issues, I don't think that it is unreasonable for a judge other than myself to hear this case.'"

Second Amended Complaint, ¶199 u, v, ¶206.[1]

Plaintiffs claim that Judge Moyé's in court explanation for recusal during a hearing where he was presiding, violated the Fourth and Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. §1983. They also assert a claim of intentional infliction of emotional distress. Second Amended Complaint, ¶¶330, 331, 404. As relief, plaintiffs' request compensatory and punitive damages, attorneys' fees, costs, injunction enjoining defendants from disseminating any further defamatory information regarding Plaintiffs. *Id.* pp. 99-101.

## II.   Plaintiffs' Litigation history

On January 27, 2017, Vodicka and Aubrey filed a Texas state court defamation suit against Judge Moyé. This suit was based on action Judge Moyé took in previous litigation between decedent Tobolowski and plaintiffs, wherein Plaintiffs had filed motions asking that Judge Moyé. recuse himself. In the course of such previous litigation, Judge Moyé did recuse himself. In the Texas State court suit filed by plaintiffs against Judge Moyé, they claimed therein, as they do in the present federal litigation, that Judge Moyé, on May 18, 2016, while presiding in a court session, explained his recusal from litigation wherein Vodicka and Aubrey were parties, as based on Aubrey and "his implications in the death of Mr. Tobolowsky." *Vodicka v. A.H. Bello,* Case No. DC-26-12693 (Dallas District Court, March 7, 2017), aff'd. on appeal in *Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied)

---

[1] The Second Amended Complaint, page 81, inaccurately states that "Rule 18b of the Texas Rules of Civil Procedure stipulates eight (8) grounds for recusal and Moye's baseless belief that a party in a case, he presided over, is guilty of murder is not one of them." This claim fails to recognize Rule 18b(b) 's requirement that a judge recuse if he believes he cannot impartially adjudicate a case. Whether the judge's belief that he may not impartially adjudicate the case is"baseless" is not relevant to that consideration. Even if the reasons a judge believes himself to be biased have no basis, recusal is still required. Rule 18b(b) ("Grounds for Recusal. A judge must recuse in any proceeding in which: (2) the judge has a personal bias or prejudice concerning the subject matter or a party;"). The plain language of this rule contains no requirement that the judge's bias be supported by evidence or other justification. It is enough that the judge believes himself to lack partiality. Whether or not that belief is "baseless" is irrelevant.

(mem. op). App. 17, 21. First Amended Petition, paragraphs 36, 43:

 "Moyé said in court Wednesday that he was voluntarily removing himself from the case because of Aubrey and "his implications in the death of Mr. Tobolowsky."

These are the same claims Aubrey and Vodicka make against Judge Moyé in the present litigation. Those claims were dismissed by a Dallas County District Court in *Steven B. Aubrey and Brian E. Vodicka v. A.H. Belo Corporation, et al.,* No. DC-26-12693, (Dallas District Court, March 7, 2017), affirmed. on appeal in *Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied) (mem. op). Therein, Aubrey was found to be a vexatious litigant and attorneys' fees and sanctions against Aubrey and Vodicka were assessed by the Court. Their libel suit against Judge Moyé was dismissed and the dismissal was upheld on appeal. See **Exhibits 1-5***, attached (App. 2-73):

**Exhibit 1**:    First Amended Petition filed by Aubrey and Vodicka, January 27, 2017.  App.2

**Exhibit 2**:    Order Declaring Steven B. Aubrey a Vexatious litigant, March 1, 2017. [2] App.42

**Exhibit 3**:    Order Dismissing Petition's Claim Against Judge Moyé March 1, 2017. App. 45

**Exhibit 4**:    Final Judgment, March 7, 2017. App. 48

**Exhibit 5**:    *Aubrey and Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied) affirming dismissal of libel suit against Judge Moyé. App. 52

**Exhibit 6**:    *Aubrey and Vodicka v. D Magazine Partners, L.P.  Judge Eric Vaughn Moyé, et al.,* No. 18-cv-61117-BLOOM/Valle (S. D. Fl. Nov. 8, 2018) (dismissed for lack of *in personam* jurisdiction.) [3]  App. 75

---

[2] In its order declaring Aubrey a vexatious litigant, the trial court concluded that Aubrey met "the criteria for finding that a plaintiff is a vexatious litigant" as set forth in section 11.054 of the Texas Civil Practice and Remedies Code. The trial court ordered Aubrey to "furnish $25,000 in order to proceed" with this case by paying that security to the district clerk, ordered that Aubrey was "prohibited from filing, pro se, any new litigation in a district or statutory county court without permission of the appropriate local administrative judge of such district or statutory county court," and ordered that "a clerk of court may not file a litigation, original proceeding, appeal, or other claim presented, pro se," by Aubrey "in a district or statutory county court unless he first obtains an order from the appropriate local administrative judge[.]" App. 42-43

[3] **Exhibit 6, App. 75,** is a substantially identical suit brought by Vodicka and Aubrey against Judge Moyé in a Florida federal court.  The present litigation is the third time that Aubrey and Vodicka have sued Judge Moyé on the basis of his in court May 18, 2016 explanation of his recusal.

Aubrey did not appeal the state court's judgment and it is final as to him. Vodicka's appeal of the dismissal was affirmed and a petition for review was denied, making the state court judgment final as to both plaintiffs. Aubrey and Vodicka's previous claims against Judge Moyé-that in explaining his recusal on the record, Judge Moyé accused Aubrey of being implicated in Tobolowski's death-are based on the same facts they raise in the present litigation. **Exhibits 1-5, App. 2-52.** All of the state and federal claims arising out of this set of allegations either were or could have been brought in the previous state court suit. The present claims, therefore, are barred on the basis of issue preclusion.

Aubrey has now twice been found to be a vexatious litigant by Texas state courts. In addition to **Exhibits 1-5**, another finding that Aubrey was a vexatious litigant was upheld on appeal in *Aubrey v. Aubrey,* 523 S.W.3d 299, 302, 315 (Tex. App.–Dallas 2017, no pet) ("[i]n the last seven years, Plaintiff has commenced, prosecuted or maintained more than five litigations (other than in small claims court) that have been determined adversely to Plaintiff (or have been dismissed by Plaintiff)."). In tallying Aubrey's previous frivolous litigation, the court identified (1) *Steven B. Aubrey v. Betsy Stirratt Aubrey*, No. C-1-PB-14-000668 (Probate Court No. 1 of Travis County, Texas); (2) *In Re: Steven B. Aubrey, Realtor v. the Honorable Michael Miller*, No. 05-14-01172-CV,  2014 WL 4629605 (Tex. App.—Dallas,  Sept.17, 2014); (3) *Steven B. Aubrey v. the Honorable Ingrid Michelle Warren,* No. 15-CV-1792 (N. D. Tex.); (4) *Steven Aubrey v. Susan Stieg,* No. D-1-GN-13-003586 (200th Dist. Court of Travis County, Tex.); and (5) *Brian Vodicka v. Southern Methodist University, et al.,* No. D-1-GN-08-003721 (250th Dist. Court of Travis County, Tex.). On appeal, the Court concluded that "that trial court did not abuse its discretion by concluding the second prong of section 11.054(1)(A) was satisfied." *See* Tex. Civ.

Prac. & Rem. § 11.054(1)(A); *see also Retzlaff v. GoAmerica Commc'ns Corp.,* 356 S.W.3d 689,

700 (Tex. App.—El Paso 2011, no pet.) (counting involuntary dismissals and mandamus actions

toward total litigations required to satisfy second prong of section 11.054(1)(A)).

### III.   Aubrey and Vodicka's suit against Judge Moyé is barred by issue preclusion

There is no clearly established precedent supporting a claim that a judge violates the Fourth

or Fourteenth Amendment to the U.S. Constitution of law when giving an in-court explanation for

recusal in a case duly assigned to the judge and over which he has jurisdiction. "Even pro so

litigants are required to support their claims with applicable precedent. *Doss v. Helpenstell,* 699

Fed.App'x. 337, 338 (5th Cir. 2017) (Mem. Opinion) ("Pro se appellants must brief their

arguments, even if minimally, in order to preserve them. *Yohey v. Collins,* 985 F.2d 222, 225 (5th

Cir. 1993).  Doss therefore waived any argument in this respect.").

Even if such a claim existed, it could have been brought in the state court litigation wherein

these same plaintiffs sued Judge Moyé alleging the same, May 18, 2016, open court statement.

**Exhibits 1-5, App. 2-52** attached. Federal courts accord preclusive effect to issues which were

raised or could have been raised and decided by state courts in prior litigation involving the same

parties. Res judicata and collateral estoppel reduce unnecessary litigation, foster reliance on

adjudication, and promote the comity between state and federal courts, recognized as a bulwark of

the federal system. *Allen v. McCurry,* 449 U.S. 90 (1980). Under the Full Faith and Credit Act, 28

U.S.C.A. § 1738, a federal court must give res judicata effect to state court judgments. *Cable*

*Holdings of Battlefield, Inc. v. Cooke,* 764 F.2d 1466 (11th Cir. 1985).

Res judicata "insures the finality of judgments and thereby conserves judicial resources

and protects litigants from multiple lawsuits." *Oreck Direct LLC v. Dyson Inc.,* 560 F.3d 398, 401

(5th Cir.2009). Filing a new lawsuit with additional parties does not defeat res judicata with respect

to the parties and claims from the previous lawsuit. *Comer v. Murphy Oil USA, Inc.,* 839 F.Supp.2d

849, 855 (S.D.Miss.2012), aff'd 718 F.3d 460 (5th Cir.2013). *Kennedy v. Pfizer Corp.,* No. 13-3132, 2014 WL 4092479, at *2 (W.D. La. Aug. 13, 2014) (stating that "[w]hen all of the elements of res judicata are met on a plaintiff's claims, such claims are barred from being brought in a separate action, and a court can therefore dismiss these claims on a Rule 12(b)(6) motion to dismiss."). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *A.D. ex rel. McGhee v. Alabama Dept. of Human Resources,* 995 F.Supp.2d 1253, 1259 (N.D. Ala. 2014); *Community State Bank v. Strong,* 651 F.3d 1241, 1263 (11th Cir.2011) ("The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court.").

Res judicata makes a final, valid judgment conclusive on the parties, and those in privy with them, as to all matters, fact and law, that were or could have been adjudicated in the previous proceeding. *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,* 747 F.2d 1367 (11th Cir. 1984). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion. *Kizzire v. Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006); *Agripost, Inc. v. Miami–Dade Cnty., ex rel. Manager,* 195 F.3d 1225, 1229 n. 7 (11th Cir. 1999).

### a. Res Judicata under Texas law

Res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties and those in privity with them; and (3) the second action must be based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of America v. Daccach.* 217 S.W.3d 430, 449 (Tex. 2007).  Comparison of the previous suit with the case at bar shows that Judge Moyé's open court statement or any other statement claimed to have harmed Aubrey was or could have been litigated by Aubrey in the Texas

7

proceeding under 42 U.S.C. § 1983 or any other federal or state law theory he chose to bring.

**b. Collateral Estoppel under Texas law**

In order to invoke the doctrine of collateral estoppel, a party must establish that: (1) the same facts sought to be litigated in the present suit were fully litigated in a prior suit; (2) those facts were essential to the judgment in the first suit; and (3) the parties were adversaries in the first suit. *Texas D.P.S. v. Petta,* 44 S.W.3d 575, 579 (Tex. 2001).

**c. The Final Judgment in Aubrey and Vodicka's prior Texas suit against Judge Moyé bars the claims in the present litigation**

In the Texas litigation, **Exhibit 1**-Vodicka and Aubrey's First Amended Petition, paragraph 43, App. 21, Aubrey claimed that on May 18, 2016, Judge Moyé stated in court that he was recusing himself because of Aubrey and "his implications in the death of Mr. Tobolowsky." In **Exhibit 5**-*Brian E. Vodicka v. A.H. Belo Corporation and Eric Vaughn Moyé,* Case No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied), the Court affirmed dismissal of Plaintiffs' libel suit against Judge Moyé, brought on the same factual basis at issue in the present litigation-Judge Moyé recusal explanation. ("Judge Moyé made the statements at issue during a hearing in this case on May 18, 2016.  Judge Moyé stated…I think at this point with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky and related issues, I don't think that it is unreasonable for a judge other than myself to hear this case. And so I've conferred with Judge Murphy, and we have agreed that a voluntary recusal is appropriate at this time."). App. 64

While the state district court judgment against Vodicka and Aubrey and the opinion affirming dismissal did not decide the suit on the federal claims brought in the case at bar, issue preclusion bars claims which could have been brought, as well as claims that were actually brought and decided.  Moreover, the trial court's dismissal of the suit filed by Aubrey and Vodicka against

Judge Moyé found that their suit was "brought in bad faith, is groundless and brought for the purpose of harassment", the Court concluded that sanctions should be awarded against both plaintiffs in the amount of $1000.00 and dismissed their suit with prejudice. App. 45-46.

In addition, a state claim alleging intentional infliction of emotional distress is barred by sovereign immunity as are all common law tort claims brought against an individual on the basis of official acts or omissions.[4] Tex. Civil Prac.  & Rem. Code § 101.053 (disavowing waiver of immunity for acts or omissions of a judge acting in an official capacity, regardless of whether the act was judicial or administrative;§101.057 (stating that sovereign immunity for intentional torts); §101.106(f) (setting out that  sovereign immunity waiver is not waived and barring suits against judges and state employees acting within the general scope of his duties, for common law torts, including intentional torts such as defamation and intentional infliction of emotional distress).[5]

In accord is  *Franka v. Velasquez*, 332 S.W. 3d 367, 369 (Tex. 2011) ("Section 101.106(f) of the Texas Tort Claims Act provides that a suit against a government employee acting within the general scope of his employment must be dismissed 'if it could have been brought under this chapter [that is, under the Act] against the governmental unit'…"all [common-law] tort theories alleged against a governmental unit ... are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106.").  However, this court need not decide state claims as issue preclusion and absence of subject matter jurisdiction are a sufficient basis on which to dismiss this suit.

Because Aubrey's claims arising from Judge Moyé's statements were or could have been

---

[4] Also see *Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 Fed.Appx. 665, 672 (5th Cir. 2015) ("… as the Eleventh Amendment confers immunity on "an unconsenting State," … and the State of Texas has not waived its sovereign immunity for claims "based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity," Tex. Civ. Prac. & Rem.Code § 101.053, we agree with the district court that Avdeef's claims against the state must fail.

[5] "Public officials act within the scope of their authority if they are discharging the duties generally assigned to them." *Dorrough v. Faircloth,* 443 S.W.3d 278, 286-87 (Tex. App., Austin 2015, no pet.).

litigated in a Texas court, issue preclusion bars this claim from going forward in federal court.[6]
*Allen*, 449 U.S.at 95 ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts...Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so..."); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (concluding that federal courts may not engage a presumption that the state courts will not safeguard federal constitutional rights); *Shqeir v. Martin,* No. Civ.A. 3:97–CV–1887P,  No. 1997 WL 587482, at *3 (N.D.Tex. Sept. 15, 1997) ("State courts are competent to review violations of federal constitutional law.").

**IV.**   **A suit against a state court judge based on his in-court explanation of his recusal regarding a case which was duly assigned to him and over which he had jurisdiction, is an official capacity suit barred by the Eleventh Amendment**

The basis of the present litigation arises from facts showing that Judge Moyé, in his capacity as a Texas judge, while presiding over a case, in his assigned courtroom, verbally explained his reasoning in recusing himself from litigation involving plaintiffs. A suit complaining of official acts is essentially a suit against a government agency or sovereign state. *Will v. Michigan Dept. Of State Police,* 491 U.S. 58 (1989). Judges act in a judicial capacity when engaged in proceedings in and about their courtroom on cases over which they have jurisdiction. *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (In determining whether a judge's actions were "judicial in nature," federal courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.").

---

[6] The Second Amended Complaint claims Judge Moyé implicated Aubrey, not Vodicka.  Accordingly, any claim brought by Vodicka against Judge Moyé may be dismissed for failing to state a claim.

A decision to recuse is a judicial act, as is any explanation a judge offers for such decision, whether such explanation appears in the court's written recusal order, or verbally, during an in-court session. *Minor v. State of Texas,* 62 F.3d 395 (5th Cir. 1995); *Kemp ex rel. Kemp v. Perkins,* 324 F. App'x 409, 413 (5th Cir. 2009) (While a judge takes action in a case after he has already recused himself may have acted in excess of his jurisdiction, he does not act wholly in absence of jurisdiction, so as not to be protected by judicial immunity for his actions.); *Bradt v. West,* 892 S.W.2d 56, 68-69, (Tex. App.—Houston [1st Dist.]1994, writ denied) (rejecting the argument that the judge lacked jurisdiction because plaintiff had filed a motion to recuse the judge, and affirming dismissal of plaintiff's suit). Judge Moyé's in court explanation as presiding judge, sitting on the bench in his assigned courtroom, stating his reasons for recusal from a case involving Aubrey and Vodicka as litigants, was a judicial act taken in an official capacity, regardless of Plaintiffs' labeling of such act.   Judges are required recuse when their impartiality may be reasonably questioned. Tex. R. Civ. Proc. 18a and 18b (setting forth grounds for disqualification, recusal and procedures to be followed by a judge in ruling on motions to disqualify/recuse).

Indicia of judicial function are codified in language requiring a determination as a basis to qualify for attorney general representation—the suit must be one "in which the judge is a defendant because of his office as judge."

> The attorney general shall defend a state district judge, a presiding judge of an administrative region, the presiding judge of the statutory probate courts, or an active, retired, or former judge assigned under this chapter in any action or suit in any court in which the judge is a defendant because of his office as judge if the judge requests the attorney general's assistance in the defense of the suit.

Tex. Gov't Code § 74.141.

As is also the case in the application of judicial immunity to specific civil claims, the issue is whether a judge "is a defendant because of his office as judge". When a suit is based on the

judge's open court explanation of the reasons he is recusing from a case assigned to him, pursuant to Tex. R. Civ. Proc. 18a and 18b, such explanation is intertwined with the judicial duty of making a recusal decision. Recusal and providing an explanation for such recusal, whether by written order or verbal declaration, is an act done in a judge's official and judicial capacity.

Such a claim is an official capacity suit, whether or not plaintiffs labeled it so, as courts look to "the course of the proceedings" to determine the capacity in which the official has been sued. *Kentucky v. Graham,* 473 U.S. 159, 165-66 n.14 (1985); *Brandon v. Holt,* 469 U.S. 464 (1985)); *Terrell v. Sisk,* 111 S.W.3d 274, 281 (Tex. App.—Texarkana 2003, no pet); *Harless v. Niles,* 100 S.W.3d 390, 395 (Tex. App.—San Antonio 2002, no pet); *Nueces County v. Ferguson,* 97 S.W.3d 205, 213, 215-216 (Tex. App.—Corpus Christi 2002, no writ).

In examining "the course of the proceedings," Texas courts have examined several factors, including but not limited to the substance of the allegations made against the defendant, *Terrell,* 111 S.W.3d at 281-82; whether the petition refers to the defendant as an individual or as an official of a governmental entity, *Harless,* 100 S.W.3d at 395; whether the acts complained of were within or outside the scope of the defendant's employment, *Nueces County,* 97 S.W.3d at 215-16; whether liability is sought against the defendant individually and/or against the defendant's employer, *Id.*; and the manner of service of the petition on the defendant. *Id.*

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). A suit against a state official for official acts as well as a suit against the State of a state agency is barred by the Eleventh Amendment to the U.S. Constitution. *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567 (5th Cir. 2002); *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 70-71,109 S.Ct 2304 (1989); *Morris v. Livingston,* 739 F.3d 740, 745 (5th Cir. 2014). Since the claims against Judge Moyé arise

out of his in court explanation of his reasons for recusal as presiding judge over a case involving

Aubrey and Vodicka as litigants, the basis for this suit is a judicial act taken in an official capacity.[7]

An exception to Eleventh Amendment immunity is a claim for an injunction, which may

be brought against a state official with ability to implement relief ordered by the Court so that

future conduct comports with law. *Okpalobi v. Foster*, 244 F.3d 405,421, 423 (5th Cir. 2001) (suit

against Governor); *Ruiz v. Johnson,* 178 F.3d 385 (5th Cir. 1999), abrogated by *Miller v. French,*

530 U.S. 327 (2000) (suit against the Director of the Institutional Division of TDCJ).   Injunctive

relief against a judge may not be brought absent a showing that a declaratory decree was violated

or declaratory relief is unavailable. Title 42 U.S.C. 1983 ("[I]n any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief was unavailable.").

The Second Amended Complaint, page 101(a) asks for an order enjoining Judge Moyé

from disseminating defamatory statements in the future.   It does not state facts showing that "a

declaratory decree was violated or declaratory relief was unavailable."   Accordingly, injunctive

relief, as requested on page 101 of the Second Amended Complaint, ECF 54, is not available.

*ODonnell v. Harris County,* 251 F. Supp. 3d 1052, 1155–56 (S.D. Tex. 2017), affirmed as

modified , 882 F.3d.528 (5th Cir. 2018) ("…a preliminary injunction against the judicial officers

in their judicial capacity is not available."); *ODonnell v. Harris County,* 227 F.Supp.3d 706, 758,

(S.D. Tex. Dec. 16, 2016) ("The County Judges are immune from claims for injunctive

relief…unless a declaratory decree is violated or unavailable."); *ODonnell v. Harris County*, 882

F.3d 528, 542, 547 (5th Cir. 2018); aff'd in part, rev'd in part. *ODonnell v. Harris County,* 892

---

[7] Even if Judge Moyé's in court explanation for his recusal was deemed non judicial, it is nevertheless a governmental, official act for the purpose of the Eleventh Amendment. "Public officials act within the scope of their authority if they are discharging the duties generally assigned to them."   *Dorrough v. Faircloth,* 443 S.W.3d 278, 286-87 (Tex. App — Austin 2015, no pet.).

F.3d 147, 164 (5th Cir. June 1, 2018) ("The court does not order relief against the Hearing Officers or against the County Judges...").

Moreover, the Second Amended Complaint does not set out facts showing that plaintiffs will suffer irreparable and imminent harm and a likelihood that Judge Moyé will subject plaintiffs to future violations of federal law if injunctive relief is not granted. Thus it fails to establish a case or controversy sufficient to give a federal court subject matter jurisdiction. Issuance of equitable relief, when the elements have not been shown, would amount to an advisory opinion barred by Article III. *O'Shea v. Littleton,* 414 U.S. 488, 493, 496-497 (1974) (concluding that the "…case or controversy requirement is not satisfied where the litigants simply 'anticipate violating lawful criminal statutes…We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct…'"); Also see *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. at 146 (1993); *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412, reh'g denied, 391 F.3d 676; (5th Cir. 2004); *Cozzo v. Tangipahoa Parish Council– President Gov't,* 279 F.3d 273, 280 (5th Cir. 2002).

To obtain injunctive relief, a plaintiff must show an immediate threat of a violation of federal law and a likely future injury which cannot be addressed by a legal remedy such as an appeal from a state court judgment. [8] This exception to Eleventh Amendment immunity applies when (1) the plaintiff seeks prospective injunctive relief and (2) has shown the defendant to be engaged in a "continuing violation of federal law." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). "Mere conjecture is insufficient to transform a one-time event into a continuing governmental practice..." *DeBauche v. Trani,* 191 F.3d 499, 505 (4th Cir. 1999). The requirement

---

[8] Aubrey and Vodicka had an opportunity to appeal the adverse judgment of the Texas district court to the Court of Appeals. Vodicka's appeal was affirmed by the Dallas Court of Appeals and a petition to the Texas Supreme Court was denied and Aubrey did not appeal.

of a continuing violation includes establishing a threatened injury which is "certainly impending" or that there exists a "substantial risk that the harm will occur" and that the remedy at law is inadequate. *McKay v. Federspiel*, 823 F.3d 862, 867 (6th Cir. 2016); *Honig v. Doe,* 484 U.S. 305, 320 (1988) (Courts have "been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.").

Where a plaintiff is seeking injunctive or declaratory relief, he must demonstrate there is a substantial likelihood he will suffer injury in the future. *Arnett v. Strayhorn,* 515 F. Supp. 2d 699, 704 (W.D. Tex., 2006); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir.2005); *Bauer v. Texas,* 341 F.3d 352, 357 (5th Cir.2003). Plaintiffs have not pled facts showing a likelihood that Judge Moyé has in the past, or will in the future, commit violations of federal law resulting in harm to plaintiffs or a substantial threat that they will suffer irreparable injury if the injunction is not granted. Without such a showing, Plaintiffs do not have standing to request equitable relief. *Planned Parenthood of Houston & Southeast Texas v. Sanchez,* 403 F.3d 324, 329 (5th Cir. 2005); *Valentine v. Texas,* 602 F. App'x 1015, 1016 (5th Cir. 2015); *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983):

> The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a "likelihood of substantial and immediate irreparable injury." *O'Shea v. Littleton,* 414 U.S. 488, at 502, 94 S.Ct. 669, at 679. The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.…Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles;

> *See also DeBauche v. Trani,* 191 F.3d 499, 505 (4th Cir.1999) ("The *Ex parte Young*

exception…applies only when there is an ongoing violation of federal law that can be cured by prospective relief. It does not apply when the alleged violation of federal law occurred entirely in the past.") and *Schrier v. Univ. Of Colo.,* 427 F.3d 1253, 1267 (10th Cir. 2005) (concluding that

irreparable harm must not be merely theoretical, but rather must be certain and actual).

The Second Amended Complaint does not show a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur between the same parties-plaintiffs and Judge Moyé. The mere possibility that the same party may be subjected to the same action again is not sufficient. *Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (per curiam); *Cook, et al. v. Hedtke,* No. 03-17-00663-CV, 2018 WL 1660078, at *3 (Tex. App.—Austin, April 6, 2018, no pet.); *In re Smith Cty.,* 521 S.W.3d 447, 454–55 (Tex. App.—Tyler 2017, orig. proceeding) (denying mandamus petition as moot because granting requested relief would have no practical effect and would "only amount to an advisory opinion"); *Cornyn v. City of Garland,* 994 S.W.2d 258, 267 (Tex. App.—Austin, 1999, no pet.) (concluding that issuing equitable relief for possible future violations would result in an advisory opinion "that lies outside [our] judicial power" because doing so would require speculation and conjecture regarding the nature of the possible future violation.); *Blum v. Lanier,* 997 S.W.2d 259, 264 (Tex.1999); *City of Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). *Kessling v. Friendswood Indep. Sch. Dist.,* 302 S.W.3d 373, 380 (Tex. App.—Houston [14th Dist.] 2009, pet. den.) (looking to a pattern of past improper conduct to demonstrate a pattern and practice that justified injunctive relief).

As the Texas Supreme Court has noted,

The courts of this state are not empowered to give advisory opinions. This prohibition extends to cases that are not yet ripe. A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. [A] trial court could not grant relief based on "a hypothetical situation which might or might not arise at a later date. District courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations".

*Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442-443 (Tex.1998):

In the case at bar, Plaintiffs complain of past events, such as Judge Moyé's open court May 18, 2016 recusal announcement, but have not pled an ongoing violation of federal law that is imminent and likely to occur, absent equitable relief. Nor have they explained why declaratory relief is unavailable, without which, injunctive relief is unavailable. There is no imminent threat that Judge Moyé will commit violations of federal law, causing Plaintiffs legally cognizable harm in the future and therefore, no justiciable controversy. *Luttrell v. El Paso County,* 555 S.W.3d 812, 838, n.25 (Tex. App.—El Paso 2018, no pet.) ("An allegation of past wrongful conduct cannot serve as the basis for an ultra vires action against a judicial officer.").

Nor does the Second Amended Complaint show the absence of adequate state court appellate remedies or explain why such claims were not or could not have been brought in state court, prior to a final judgment. Absent facts supporting a conclusion that Judge Moyé is imminently likely to violate federal law in the future to the detriment of either Plaintiff and a showing that declaratory relief is unavailable, injunctive relief is foreclosed. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Accordingly, their claims against Judge Moyé are barred by the Eleventh Amendment. [9]

## V.     Plaintiffs' claim that Judge Moyé violated their right to due process by giving an in-court verbal explanation of the reasons for his recusal is barred by judicial immunity

An act or omission related to a judge's decision to recuse is a judicial function. Judge Moyé's in court explanation for his recusal in a case assigned to him where plaintiffs were litigants, were actions "normally performed by a judge", barred by judicial immunity, just as such an explanation would be a judicial function, if included in a written recusal order. *Pledger v. Russell,*

---

[9] Also *see Liptak v. Banner*, No. 3:01-CV-0953-M, 2002 WL 378440, at *3 (N.D. Tex. Mar. 7, 2002) (concluding that "no court of the United States may enjoin the proceedings of a state court except where expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283.").

702 Fed. App'x 683, 685 (10th Cir. 2017) (noting that "issuing written or verbal orders—are functions normally performed by judges, and therefore absolutely immunized from liability.").

Judges recusing themselves to ensure the appearance of integrity in the judicial system is an integral part of their judicial duty required by Tex. R. Civ. P. 18a and 18b. *Minor v. State of Texas*, 62 F.3d 395 (5th Cir. 1995); *Kemp ex rel. Kemp v. Perkins,* 324 F. App'x 409 (5th Cir. 2009) (While a judge takes action in a case after he has already recused himself may have acted in excess of his jurisdiction, he does not act wholly in absence of jurisdiction, so as not to be protected by judicial immunity for his actions); *Bradt v. West,* 892 S.W.2d 56, 68 (Tex. App.—Houston [1st Dist.]1994, writ den.) (rejecting the argument that the judge lacked jurisdiction because plaintiff had filed a motion to recuse the judge and nothing that where a judge is empowered to conduct proceedings of the sort he was conducting at the time he allegedly committed the illegal acts, the acts were within his jurisdiction for judicial immunity purposes).

The issuance of a judicial decision, opinion or decree, modification or correction as well as a written or verbal explanation or reasoning behind such decision are inherently judicial functions, regardless of claims of bad faith or ill will.  "Motive of the judicial officer is irrelevant when considering absolute immunity." *Davis v. Tarrant Cty.,* Tex., 565 F.3d 214, 221 (5th Cir. 2009); *McClain v. Yeakel,* No. A-15-CA-080-SS, 2015 WL 1003867, at *2 (W.D. Tex. Mar. 5, 2015), report and recommendation adopted sub nom. *McClain v. Yeakel*, No. A-15-CA-80-SS, 2015 WL 1519183 (W.D. Tex. Mar. 31, 2015); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("...immunity applies even when the judge is accused of acting maliciously and corruptly . . .  His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.").

As set out in *Luttrell v. El Paso County,* judicial immunity attaches to acts normally

performed by judges, even when a plaintiff complains that the judge's acts violate due process. 555 S.W.3d at 839. Rejecting the argument that the judge was not entitled to judicial immunity, the *Luttrell* court held that a judicial officer may not be subjected to liability on a theory that the action he took in a judicial proceeding, violated a litigant's due process. "[E]ven if Judge Woodard's contempt hearings did not conform to due process standards, and even if the costs he imposed were not authorized by law, he was still entitled to absolute judicial immunity for those actions." *Id.* Judicial immunity is overcome only for 1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity or 2) acts taken in the complete absence of all jurisdiction. *Luttrell,* 555 S.W.3d 837-38. In determining whether a judge's actions were "judicial in nature," federal courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005).

These four factors are broadly construed in favor of immunity-the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir. 1985). Judicial immunity applies even when a judge is accused of acting maliciously and corruptly or when intentionally wrongful judicial acts are alleged. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994); An allegation that a judge "acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir. 1991); *Sparks v. Duval Cty. Ranch Co.,* 588 F.2d 124, 125–26 (5th Cir.), on reh'g, 604 F.2d 976 (5th Cir. 1979), aff'd sub nom. *Dennis v. Sparks*, 449 U.S. 24 (1980) (drawing a "distinction between acts in excess of jurisdiction,

which are protected by immunity, and acts in the clear absence of all jurisdiction, which are unprotected"); *see also Bradley v. Fisher,* 80 U.S. 335, 351 (1871) ("Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly".). A judge may be civilly liable only when his act was in the absence of all jurisdiction.[10] *Pledger v. Russell,* 702 Fed. App'x 683, 684-85 (10th Cir. 2017) (holding that "appointing counsel, raising an issue sua sponte, placing the defendant in custody, communicating with attorneys, ruling on motions, and issuing written or verbal orders—are functions normally performed by judges, and therefore absolutely immunized from liability.").

As recusals are tasked to judges by Tex. R. Civ. P. 18a and 18b, a judge's in court announcement of recusal stating the reasons he believed he should not be presiding in a case involving plaintiffs is judicial conduct, barred by judicial immunity, precluding civil liability.

## VI. Statements made by a participant of and in connection with a judicial proceeding are privileged and may not form the basis of a civil suit

A statement in a judicial proceeding is subject to immunity if the statement has some relation to the proceeding. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 607–08 (Fla. 1994), concluded that absolute immunity "arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings… regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding.").The privilege extends to statements before suit is filed as long as the statements are

---

[10] *Stump v. Sparkman,* 435 U.S. 349 (1978); *Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274, 276 (Tex. Civ. App.—Corpus Christi, 1975, no writ); *United States v. Robinson,* 368 F.3d 653 (6th Cir. 2004); *James v. Underwood,* 438 S.W.3d 704, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction."); *Davis v. Tarrant Cty.,* Tex.,565 F.3d 214 (5th Cir. 2009).

pertinent to the dispute. *Officemax Inc. v. Cinotti,* 966 F.Supp.2d 74, 80-81 (E.D. N. Y. 2013).

The common law has recognized a judicial proceedings privilege since at least 1772 for parties, witnesses, lawyers, judges, and jurors. *Burns v. Reed,* 500 U.S. 478, 490 (1991). *Reagan v. Guardian Life Ins.,* 140 Tex. 105, 111 (1942) ("Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case."); *Strasburger v. Kyle*, Nos. 13–14–00079–CV, 2016 WL 1072618, at *3 (Tex. App.–Corpus Christi, Mar. 17, 2016, no pet.) (mem. op.) (concluding that "no remedy exists in a civil action for libel or slander" arising from communications made in connection with a judicial proceeding); *Johnson v. Wichita Falls Hous. Auth.,* No. 2-06-416-CV, 2007 WL 4126475 at *3 (Tex. App.—Ft. Worth, Nov. 21, 2007, no pet.) ("The general rule is that any communication, oral or written, uttered or published in the due course of a judicial proceeding is privileged and cannot constitute the basis of a civil action in damages for slander or libel"); *Briscoe v. LaHue,* 460 U.S. 325, 330, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law."); *Rehberg v. Paulk,* 566 U.S. 356, 132 S.Ct. 1497, 1499 182 L.Ed.2d 593 (2012) ("A witness sued under § 1983 enjoys absolute immunity from any claim based on his testimony. Without absolute immunity, the truth-seeking process would be impaired as witnesses might be reluctant to testify, and even a witness who took the stand "might be inclined to shade his testimony in favor of the potential plaintiff" for "fear of subsequent liability."); The litigation statement immunity is expansive.

Because the proper administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits, Texas courts have consistently

21

applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim and even though the communications might otherwise subject a witness to statutory liability.

*In re Hinterlong,* 109 S.W.3d 611, 635-636 (Tex. App.—Fort Worth 2003, orig. proceeding [mand. denied]); *see also Laub v. Pesikoff,* 979 S.W.2d 686, 689 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) ("Any communication, even perjured testimony, made in the course of a judicial proceeding, cannot serve as the basis for a suit in tort."); *Bird v. W.C.W.,* 868 S.W.2d 767, 771–72 (Tex.1994) (concluding that communications made during the course of judicial proceedings are privileged). Litigation statement immunity does not bar only defamation suits-it bars any suit arising out of the statement made in the course of a judicial proceeding. *McIntyre v. Wilson*, 50 S.W.3d 674, 682, 683 (Tex. App.—Dallas 2001, pet. denied) ("On appeal, McIntyre argues absolute immunity for testifying witnesses is limited to defamation cases…language in previous cases recognizing an absolute privilege 'in a civil action for libel or slander' was descriptive only of the case before the court—a libel suit—and was not intended to limit the privilege to libel or slander only"); *Crain v. Unauthorized Practice of Law Committee of the Supreme Court of Texas,* 11 S.W.3d 328, 335 (Tex. 1999) (applying privilege to tortious interference claim); *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1274 (11th Cir. 2004) ("The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings.").

Plaintiffs have now sued Judge Moyé a third time based on his May 18, 2016 in court explanation of his recusal from a case where plaintiffs were litigants. They have sued Judge Moyé in a Texas District Court a Florida federal district court and now, a Texas federal district court. App. 2-52. Because such suit is barred by the litigation privilege, applicable to parties, witnesses, lawyers, judges, and jurors, plaintiffs' suit against Judge Moyé fails to state a claim.

## VII.   Plaintiffs' conspiracy theory fails to state a claim

Plaintiffs claim that

54. Between May 13-18, 2016, Moye, DPD, the City, the Sheriff, the County, the "Office of Judge Eric V. Moye," and "members of Moye's re-election campaign" reached an agreement to commit an unlawful and harmful act, framing Plaintiffs for the death (not yet ruled a murder) of Ira Tobolowsky.

55. Together they agreed to conduct a scheme to release a steady stream of statements to the media, using the same fabricated facts and divert attention away from Moye and insinuate that Plaintiffs murdered his friend.

63. On May 18, 2016, following one week of releasing statements to the media castigating Plaintiffs, Moye conducted an "official" hearing for a motion for costs before a media circus of broadcast and print publishers.

Second Complaint ¶¶54, 55, 63, ECF-54.

They do not specify what Judge Moyé did pursuant to the agreement or the content of the alleged "defamatory statements" other than his May 18, 2016 open court recusal announcement.

### a.   Vicarious Liability/Respondeat Superior

Vicarious liability doesn't apply to *Bivens* and §1983 suits-each official must have independently violated the nonmovant's rights. *Shaw v. Villanueva*, et al., No. 17-50937, 2019 WL 1110275, at *2 (5th Cir. March 11, 2019).  In a multiple defendant suit, collective claims against defendants fail to state a claim or defeat qualified immunity.  *Marcilis v. Twp. of Redford,* 693 F.3d 589, 596, (6th Cir. 2012); *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir.2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Atuahene v. City of Hartford,* 10 F. App'x 33 (2nd Cir. 2001) (Simply "'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard' that 'a complaint give each defendant

23

fair notice of what the plaintiffs claim is and the ground upon which it rests'".); *Jolly v. Klein,* 923 F. Supp. 931, 943 (S.D. Tex. 1996); ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."); *Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992) (dismissing a claim that failed to specify which defendants participated in which unlawful conduct. The conduct of one defendant may not be attributed to another defendant absent facts describing personal involvement as to each defendant. *Dudley v. Angel,* 209 F.3d 460, 462 (5th Cir. 2000) [11].

In *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 681 (2009), the Court held than in assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, conclusory allegations may be disregarded, for they are "not entitled to the assumption of truth.":

> …the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations omitted)
> …
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

A court may dismiss a suit for failure to state a claim if, accepting plaintiff's non-conclusory factual allegations as true, no relief could be granted under any set of facts that could

---

[11] The Fifth Circuit specificity requirement is well settled. *Median v. Bauer*, No. 02 Civ. 8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y.2004) (holding that a plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong); *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y.1998) ("plaintiffs cannot simply 'lump' all the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant"); *Lane v. Capital Acquisitions and Management Co.,* No. 04-60602 CIV, 2006 WL 4590705 at *5 (S.D.Fla.,2006) (stating that by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8); *Bowe v. City of Hallandale Beach,* No. 0:16-CIV-60993-DIMITROULEAS, 2017 WL 5643311 at *3 (S.D. Fla., January 24, 2017) (ruling that a complaint asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" fails to provide adequate notice of the claims as to those defendants).

be proven consistent with the allegations. *Hale v. King,* 642 F.3d 492, 497-99 (5th Cir. 2011); *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 465–66 (5th Cir. 2010); *Priester v. Lowndes Cty.,* 354 F.3d 414, 423 (5th Cir. 2004).

"Conclusory allegations or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of the State of La.,* 252 F.3d 781, 786 (5th Cir. 2001); *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993); Moreover, "Plaintiffs cannot amend a complaint through an argument raised in opposition to a motion to dismiss." *Baker v. Warner/Chappell Music, Inc.,* No. 14-22403-CIV, 2017 WL 4310750, at *8 (S.D. Fla. Sept. 28, 2017).

### b. A claim that a judge civilly or criminally conspired with others does not defeat judicial immunity

The Second Amended Complaint's vague, fact free claim that Judge Moyé reached an agreement with other defendants to violate their rights to due process by defaming them is similar claims to claims rejected as conclusory in *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009)-that Ashcroft "knew of, condoned, and willfully and maliciously agreed to" violate Iqbal's constitutional rights and was the "principal architect" of a policy of violating prisoners' constitutional rights. Explaining why adding the conclusory label of conspiracy is insufficient to defeat judicial immunity, the court in *Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir. 1985) (per curiam) noted that "[J]udges, on mere allegations of conspiracy or prior agreement, could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid". Also see, *Liptak v. Banner,* No. 3:01-CV-0953-M, 2002 WL 378440, at *2 (N.D. Tex. Mar. 7, 2002) (concluding that "the fact that it is alleged that a judge has acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity…") and *Shaw v. Villanueva*, et al., supra, at *2, 4 (5th Cir. March 11, 2019) (concluding that a plaintiff

must plead facts reasonably supporting the existence of a conspiracy and a deprivation of civil

rights by a party to the conspiracy and conclusions unsupported by facts are insufficient to state a

claim for relief). Plaintiffs' conclusory conspiracy claims are similar to the ones rejected in *Iqbal*

and *Shaw* and fail to state a plausible claim.  Moreover, judicial immunity bars a civil suit against

a judge, even when a court recognizes that the judge was a participant in a criminal conspiracy.

*Dennis v. Sparks,* 449 U.S. 24, 28-29, fn. 5 (1980) (concluding that a §1983 claim against a judge

was immunity-barred, even if the judge could be found criminally liable for accepting a bribe as

part of a conspiracy. "The fact that it is alleged that the judge acted pursuant to a conspiracy ... is

not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th

Cir. 1991). Claims that a judge was bribed and part of conspiracy are insufficient to avoid judicial

immunity. *Holloway v. Walker,* 765 F.2d 517, 522-523 (5th Cir.), cert. denied, 474 U.S. 1037,

(1985) (concluding that an "embittered, losing party is just as likely to allege bribery or conspiracy

as any other malevolent motive of a judge…Thus, where the alleged harm, though resulting from

a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the complaint

is insufficient to avoid judicial immunity.").

**VIII.   Federal district courts may not review, set aside, modify or disregard state court rulings on the same issues brought by the same litigants against the same defendant in federal court**

A final judgment has been entered against plaintiffs in *Aubrey and Vodicka v. A.H. Belo*

*Corp.,* Judge Moyé, No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018,

pet. denied) affirming dismissal of libel suit against Judge Moyé. See **Exhibit 5, App. 52.** To the

extent plaintiffs' request for damages or equitable relief can be construed as seeking to disregard,

nullify, modify or void that judgment, or that such judgment should not bar their suit because of

issue preclusion/res judicata, they have failed to state a claim. The plaintiff bears the burden to

show that the opportunity to raise the challenge in the state proceeding is inadequate. *ODonnell v. Harris Cnty,* 227 F.Supp. 3d 706, 726 (S.D. Tex. 2016); *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1,14 (1987); *Moore v. Sims,* 442 U.S. 415, 429–30 (1979).

Federal district courts of original jurisdiction cannot exercise appellate jurisdiction over state court proceedings. *Mounkes v. Conklin,* 922 F. Supp. 1501, 1508 (D. Kan. 1996); *Mack v. Municipality of Penn Hills,* 547 F. Supp. 863 (W.D. Pa.1982); *Liptak v. Banner,* No. 3:01-CV-0953-M, 2002 WL 378440 at *3 (N.D. Tex. Mar. 7, 2002) (concluding that "federal District Courts may not adjudicate attacks on the validity of earlier state trial and appellate court decisions."). Nor may they engage a presumption that the state courts do not safeguard federal constitutional rights. *Middlesex County Ethics Committee,* 457 U.S. 423, 431(1982); *Loch v. Watkins,* 337 F.3d 574, 579 (6th Cir. 2003). Lower federal courts "lack jurisdiction to entertain collateral attacks on state court judgments." *Rabalais v. Leon,* 496 F. App'x. 498, 499 (5th Cir. 2012); *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994).

In *Rabalais*, the Court concluded that a state court judgment is "attacked" when the losing party in the state court action seeks "what in substance would be appellate review of the state judgment" and, therefore, held that a federal court was precluded from considering issues previously disposed of in state court litigation. Id. Under the *Rooker-Feldman* doctrine, lower federal courts do not have the authority to review state court rulings even where a federal question is involved. *In re Federated Dept. Stores, Inc.,* 226 B.R. 191, 193 (Bankr. S.D. Ohio 1998). Where the relief sought in a lower federal court "can only be predicated on a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987); *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (concluding that "federal district

courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify

final orders of state courts… recourse at the federal level is limited solely to an application for a

writ of certiorari to the United States Supreme Court."

A federal district court explained the reasons why a federal court decision which would

conflict with a state court decision, decided prior to the federal litigation is precluded. *Allen v.*

*Bello,* Nos. 14-0760, 15-3519, 2016 WL 1670927 at *16 (D. N. J., April 27, 2016):

> … it is likely that federal district courts would be inundated with Section 1983 suits
> collaterally attacking judges' orders so as to avoid the more deferential review those orders
> might receive in appellate courts. Instead, when a judge presiding over a case – and acting
> in an adjudicative capacity – has entered an order which a litigant believes violates his or
> her constitutional rights, or is otherwise incorrect or unjust, that litigant should either seek
> interlocutory review of the order or appeal the order when it becomes final.

## IX.    Plaintiff's claims are barred by limitations

Plaintiffs' claims arise out of Judge Moyé's May 18, 2016 open court explanation for his

recusal from presiding over litigation wherein plaintiffs were parties. Second Amended Complaint,

¶¶ 54, 55, 63, 206, ECF 54. The instant suit was filed on January 8, 2019, more than two years

after May 18, 2016, ECF 3.

Federal courts have deemed the two-year state limitation for a personal injury action to

apply to a claim under 42 U.S.C. 1983. *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.

2001). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from

the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for

tolling or the like." *King-White v. Humble Indep. Sch. Dist., 803* F.3d 754, 758 (5th Cir. 2015);

*Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir.2003). Under federal law, a "cause of action

accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know

of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir.

1998); *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983); *Crawford v. Harmon*, No. 3:17-CV-

662-N, 2017 WL 3701245, at *1–2 (N.D. Tex. July 19, 2017).

Accrual of a § 1983 claim is governed by federal law, which holds that the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski,* 237 F.3d at 576. "The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales* 157 F.3d at 1020.

Federal courts apply the state's statute of limitations for personal injury torts in determining when § 1983 claims toll. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Piotrowski, 237 F.3d at 576 ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."). "In Texas, the applicable limitations period is two years." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) ("[A] person must bring suit . . . not later than two years after the day the cause of action accrues."). Under federal law, the two-year limitations period begins to run as soon as the plaintiff has sufficient information to know that he has been injured. Piotrowski, 237 F.3d at 576 (citing Russell v. Board of Trustees, 968 F.2d 489, 492-93 (5th Cir. 1992), cert. denied, 507 U.S. 914 (1993)).

Failure to file suit before the statute of limitations expires may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise a sound basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States,* 44 F.3d

296, 298 (5th Cir. 1995). Federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999). Plaintiffs do not plead equitable tolling, they rely completely on the savings clause in the Texas Civil Practice and Remedies Code.

Plaintiffs' assert the statute of limitations is tolled because these same federal claims were filed on May 17, 2018, in the United States District Court Southern District of Florida, in Broward County, where the Plaintiffs' reside. Plaintiffs' Complaint in that case was dismissed without prejudice for lack of personal jurisdiction on November 9, 2018 by the United States District Court Judge Beth Bloom. Exhibit 6, App. 75, *Aubrey and Vodicka v. D Magazine Partners, L.P. Judge Eric Vaughn Moyé, et al.,* No. 18-cv-61117-BLOOM/Valle (S. D. Fl. Nov. 8, 2018) (dismissed for lack of in personam jurisdiction.).

Title 28 U.S.C. § 1367(d) states that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Plaintiffs did not file their Complaint in the Northern District of Texas within the 30 days prescribed by the federal statute. Instead, they rely upon the Texas State law savings provision allowing a sixty-day period to file their complaint in the proper jurisdiction. Second Amended Complaint, ¶ 22.

Texas Civil Practice and Remedies Code §16.064(a) provides: [t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if: (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the

judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction." Under § 16.064(a), the statute of limitations on a claim is tolled between the filing date of an action in one court and the filing date of the same action in a different court if the claim or claims are dismissed because of a lack of jurisdiction and the second action is filed within sixty days of the dismissal. However, "section 16.064(b) suspends the limitations period when a party mistakenly, and in good faith, files suit in one court, when jurisdiction was only proper in another . . . ." *City of DeSoto v. White,* 288 S.W.3d 389, 401 (Tex. 2009).

The Texas Civil Practice and Remedies Code §16.064(b) "does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." Tex. Civ. Prac. & Rem. Code § 16.064(b).   Here, Plaintiffs deliberately, not mistakenly chose to file their lawsuit in Florida-a forum that had no personal or subject matter jurisdiction as to any claim against Judge Moyé, and as a result the Texas savings statute should not apply.  A federal court suit against Judge Moyé, premised solely on a statement he made during a court proceeding, in his assigned Dallas County courtroom can be fairly said to be a filing "made with intentional disregard of proper jurisdiction" within the meaning of §16.064(b). See *Hotvedt v. Schlumberger Ltd.* (N.V.), 942 F.2d 294, 297 (5th Cir. 1991) (concluding that filing in wrong forum was not a result of good faith mistake, but rather was a tactical decision by plaintiffs' attorney, so that the savings clause did not apply).

The Texas Supreme Court notes that "while the tolling statute protects plaintiffs who mistakenly file suit in a forum that lacks jurisdiction, it does not apply to a strategic decision to seek relief from such a court-which is what happened here." *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 313 (Tex. 2010).  The Plaintiffs had full knowledge that all of the Defendants' actions

alleged occurred in Dallas, Texas.  Plaintiffs' Complaint in the Florida federal case clearly sets out "[e]ach and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Dallas, Dallas County, State of Texas within the meaning of 42 U.S.C § 1943."  (Plaintiffs' Complaint Case No. 3:18-cv-61117-BB, ¶ 16.) .

As Judge Bloom pointed out in her decision to dismiss the Plaintiffs' Florida Complaint,

> Plaintiffs have affirmatively pled these Defendants out of reach of the Florida long-arm statute by repeatedly acknowledging that the direct actions taken by Defendants occurred in Texas and prior to Plaintiffs' move to Florida. Thus, assuming Defendants' actions caused Plaintiffs' injuries, those injuries occurred in the first instance in Texas, where Plaintiffs were living. That Plaintiffs later moved to Florida is beside the point…. "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."… As is evident from the Complaint, and proposed First Amended Complaint, it is Plaintiffs' own residence in Florida that they rely on as a basis for all of their claims.

App. 85, 90, 92.

Plaintiffs' filing of a suit in Florida federal district court can be fairly stated as done with an intentional disregard of proper jurisdiction. They do not meet the requirement of Texas Civ. Prac. & Rem. Code §16.064(b) and *City of DeSoto v. White,* 288 S.W.3d at, 401 that they filed their suit in Florida mistakenly but in good faith and not "with intentional disregard of proper jurisdiction.". "Once an adverse party has moved for relief under the 'intentional disregard' provision, the non-movant must show that he did not intentionally disregard proper jurisdiction when filing the case." *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 313 (citing Brown v. Shores, 77 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Plaintiffs did not timely file suit by May 18, 2018 in a Texas court. Instead, they filed suit in Florida "with intentional disregard of proper jurisdiction. After the two (2) year limitations expired and their Florida suit was dismissed, they filed the present suit on January 8, 2019. Because

the savings clause does not apply when suit is filed with intentional disregard of proper jurisdiction, their suit against Judge Moyé is time barred. Plaintiffs have not alleged that they did not become contemporaneously aware of Judge Moyé's May 18, 2016 alleged defamatory and highly publicized open court recusal explanation. Accordingly, the present suit must have been filed by May 18, 2018, rendering this litigation untimely filed. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (holding that the discovery rule "defers the accrual of the cause of action until the injury was or could have been reasonably discovered."); *State of Texas v. Allan Const. Co.,* 851 F.3d 1526, 1528 (5th Cir. 1988) (It is sufficient that a plaintiff has some factual basis to believe that a claim could accrue.).

## CONCLUSION

The Eleventh Amendment divests a federal court of subject matter jurisdiction to adjudicate a suit against a state official for acts taken in his official capacity, whether that decision was taken in the official's judicial, executive or administrative capacity, absent the setting forth of each and every element of equitable relief, including a showing that a defendant is imminently likely to violate a plaintiff's rights.  Moreover, Judge Moyé, is judicially immune from a suit for damages predicated on his open court recusal explanation by the judicial proceeding/litigation privilege, when the suit arises from his action taken during court proceedings in open court, sitting in his assigned courtroom holding court on a case assigned to him and over which he has jurisdiction. In this case, Judge Moyé acted within his jurisdiction and engaged in a judicial act when he gave an open court verbal explanation of the reasons he was recusing himself in the state court litigation wherein Plaintiffs were parties pursuant to Tex. R. Civ. P. 18a and 18b.

Judge Moyé is also immune for all Texas common law claims pursuant to Tex. Civ. Prac. & Rem. Code §§ 101.053, 101.057 and 101.106(f). *Kastner v. Lawrence,* 390 F. App'x 311, 2010 WL 3023304 at *3 (5th Cir.2010) (per curiam) (unpublished); *Molina v. Wise County, Texas,* No.

4:17-CV-809-Y 2019 WL 802060 at *3 (N.D. Texas, February 21, 2019); *Kutyba v. Watts, et al.,* No. 10-18-00168-CV, 2019 WL 1187427 at (5) (Tex. App—Waco, March 13, 2019 no pet.); (holding that an official's state sovereign immunity is not waived for judicial conduct intentional torts or, common law negligence, in a suit arising from acts generally within the official's scope of employment).   Moreover, plaintiffs' claims in this suit, arise from the same facts as their previous litigation and have been or could have been litigated in the suit they filed against Judge Moyé in *Aubrey and Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied) affirming dismissal of the suit against Judge Moyé. Thus, such claims are barred by issue preclusion.

Accordingly, all claims against him are requested to be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6) based on issue preclusion, lack of subject matter jurisdiction, limitations and judicial and litigation statement immunity. *Ballard v. Wall,* 413 F.3d 510 (5th Cir. 2005). (concluding that in determining whether a judge's actions were "judicial in nature," federal courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."); *Burns v. Reed,* 500 U.S. 478, 490 (1991). ) (where Lord Mansfield observed that "neither party, witness, counsel, jury, or Judge can be put to answer, civilly or criminally, for words spoken in office."), citing *King v. Skinner, Lofft* 55, 56, 98 Eng. Rep. 529, 530 (K.B.1772).

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Law Enforcement Defense Division
Texas State Bar No. 01164480

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374
demetri.anastasiadis@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**
**JUDGE ERIC VAUGHN MOYÉ**

## NOTICE OF ELECTRONIC FILING

I, Demetri Anastasiadis, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a copy of the above in accordance with the Electronic Case Files System of the Northern District of Texas, on the 8th day of May 2019.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Demetri Anastasiadis, Assistant Attorney General of Texas, do hereby certify that a copy of the Motion to Dismiss was served by the Court's Case Management/Electronic Case Filing system (CM/ECF) on the 9th day of May 2019, on all counsel or parties of record:

Steven B. Aubrey                 *Via CM/ECF*
Brian E. Vodicka
defamationperse@gmail.com
**Plaintiffs pro se**

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

36