# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, et al., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| D MAGAZINE PARTNERS, L.P., et al., | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Judge Eric Vaughn Moyé's Motion to Dismiss. Doc. 63. For the reasons stated, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This case against Judge Eric Vaughn Moyé (Judge Moyé) arises out of a statement Judge Moyé made on May 18, 2016, concerning his recusal as presiding judge over a defamation case involving Plaintiff Steven B. Aubrey (Aubrey) and now-deceased attorney Ira Tobolowsky (Tobolowsky). Doc. 54, Second Am. Compl. (SAC), ¶¶ 63–66. Aubrey filed a civil rights action under 42 U.S.C. § 1983 and a Texas state law claim of intentional infliction of emotional distress against Judge Moyé based on allegations that Judge Moyé accused Aubrey of murder when he recused himself in the case between Plaintiffs and the now-deceased Tobolowsky. Doc. 80, Pls.' Resp., 2. Aubrey asserts that Judge Moyé was acting outside his judicial capacity when he made the following statement in court regarding his recusal:

---

[1] Only pertinent facts for this motion to dismiss have been included for the sake of brevity.

with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky and related issues, I don't think that it is unreasonable for a judge other than myself to hear this case.

Doc. 54, SAC, ¶ 206. Aubrey argues that Judge Moyé's in-court statement concerning his recusal allegedly denied Aubrey of his right to the presumption of innocence and violated the Fourth and Fourteenth Amendment, made actionable under § 1983. *Id.* at ¶ 333; Doc. 63, Mot., 3. Additionally, it is alleged that Judge Moyé intended to cause Aubrey emotional distress when he made his recusal statement with the media present in the courtroom. Doc. 54, SAC, ¶¶ 404–06. Aubrey seeks monetary damages, exemplary damages, and an injunction preventing all defendants—including Judge Moyé— from making any defamatory statements against Plaintiffs. *Id.* at 101.

Judge Moyé moves to dismiss under Rule 12(b)(6) claiming that his statement is protected by judicial immunity because his authority to recuse himself is judicial in nature and was not made in the absence of all jurisdiction. Doc. 63, Mot., 20 (citing, *inter alia*, *Pledger v. Russell*, 702 F. App'x 683, 684–85 ( 10th Cir. 2017)). Additionally, Judge Moyé argues that Aubrey's claim for injunctive relief should be dismissed because he is immune from claims for injunctive relief unless a declaratory decree is violated or unavailable. *Id.* at 24 (citing, *inter alia*, *ODonnell v. Harris County*, 251 F. Supp. 3d 1052, 1155–56 (S.D. Tex. 2017), *aff'd as modified*, 882 F.3d 528 (5th Cir. 2018)).

Aubrey and Brian E. Vodicka (Vodicka) filed their complaint (Doc. 3) on January 8, 2019, and amended their complaint for the second time on April 29, 2019 (Doc. 54). Judge Moyé then filed a motion to dismiss (Doc. 63) on May 9, 2019, raising several grounds for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Doc. 63, Mot. Aubrey and Vodicka submitted a response to the motion to dismiss (Doc. 80) on May 29, 2019. On June 11, 2019, Judge Moyé submitted his reply. (Doc. 87). The Court now considers that Motion.

## II.

## LEGAL STANDARD

A.     *The Rule 12(b)(6), Motion-to-Dismiss Standard*

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). To survive a 12(b)(6) motion, "enough facts to state a claim to relief that is plausible on its face" must be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, a court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *J&J Sports Prods., Inc. v. Live Oak Cnty. Post No. 6119 Veterans of Foreign Wars*, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007)). The Fifth Circuit has held that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (internal citation omitted). Essentially, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

## III.

## ANALYSIS

A.      *Judicial Immunity from Suit for Economic Damages*

Aubrey's claims against Judge Moyé for money damages, under § 1983 and the Texas state law claim of intentional infliction of emotional distress, must be dismissed due to the doctrine of judicial immunity. The Supreme Court and the Fifth Circuit have held that judges are absolutely immune from suits for damages for all judicial acts except those performed in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Morrison v. Walker*, 704 F. App'x 369, 372–73 (5th Cir. 2017). The Fifth Circuit has explained the policies underlying judicial immunity:

> This broad scope of immunity is afforded to judges for actions taken within their jurisdiction because their role in the judicial system requires that they enjoy freedom to determine the law unfettered by the threat of collateral attacks against the judge personally. Absolute judicial immunity is justified by the long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.

*Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)) (internal quotations omitted). Judicial immunity can be applied in cases under § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). A judge will not be deprived of immunity based on mere allegations that his actions were malicious or corrupt. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing to *Mireles*, 502 U.S. at 11) (upholding a 12(b)(6) dismissal on the grounds of judicial immunity). Nor will immunity be denied because a judge acts in excess of his authority or commits grave procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Rather, a plaintiff may overcome the bar of judicial immunity only under two narrow sets of circumstances: (1) for acts

that are not "judicial" in nature; and (2) for acts, though judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Whether a judge's challenged conduct is a "judicial act" must be determined by the "nature of the act itself; *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties; *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12. Fifth Circuit precedent provides the following factors to help determine whether a judge's action is judicial in nature: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972)). These factors are to be construed broadly in favor of immunity. *Id.*

As to the first factor, the question is whether the "function of the act, or the act itself" is judicial in nature. *Mireles*, 502 U.S. at 13 (internal quotations omitted). When the act involves "resolving disputes between parties who have invoked the jurisdiction of the court, the doctrine of absolute judicial immunity has not been particularly controversial." *Forrester v. White*, 484 U.S. 219, 227 (1988). Here, Judge Moyé's alleged murder accusation was a part of his in-court explanation of his recusal while acting as presiding judge over the defamation case between Tobolowsky and Plaintiffs. A judge's authority to recuse himself from a case when "the judge's impartiality might be reasonably questioned" is a normal judicial function under Texas Rule of Civil Procedure 18b.[2]

---

[2] *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409, 412 (5th Cir. 2009) ("Recusal, appointment of a special judge for a pending case, and the detention of a criminal defendant are not the types of administrative

The remaining factors of the judicial act test are also met. Judge Moyé's recusal occurred in a courtroom during a hearing of the case he was presiding over between Tobolowsky and Plaintiffs. Doc. 80, Ex. A (Transcript of Recusal). Lastly, Judge Moyé was acting in his official capacity by recusing himself from a case due to his potential impartiality. Doc. 63, Mot., 14 n.1. Thus, even assuming that all facts alleged by Aubrey are true, the Court concludes that Judge Moyé's recusal statement, which is the basis of Aubrey's suit, is a judicial act for purposes of absolute judicial immunity.

Because Judge Moyé's recusal statement consisted of a normal judicial act, the question becomes whether Judge Moyé acted in absence of all jurisdiction when he made the statement explaining his voluntary recusal. The Court also finds that Aubrey has not sufficiently alleged that Judge Moyé's statement was made in the absence of all jurisdiction, and thus Plaintiffs cannot overcome Judge Moyé's immunity defense. The test for this exception is whether Judge Moyé's acts were clearly outside the subject matter jurisdiction of his court. *See Holloway v. Walker*, 765 F.2d 517, 523 (5th Cir. 1985). "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina*, 994 F.2d at 1125. The 14th Civil District Court, with Judge Moyé as the presiding judge, has broad jurisdiction provided by the Texas Constitution and has original jurisdiction over all civil matters when the amount in controversy is over $500. Tex. Const. art. V, § 8; Tex. Gov't Code § 24.007. Here, Aubrey's claim arises from Judge Moyé's statement of recusal as presiding judge over the defamation case between Tobolowsky and Plaintiffs. Doc. 80, Ex. A (Transcript of Recusal). Further, the statement was made in a courtroom during a

---

or ministerial conduct for which judicial immunity is unavailable.").

hearing for the case. *Id.* Thus, Judge Moyé's court had subject matter jurisdiction over the case when the alleged murder accusation occurred. Additionally, under Rule 18b of the Texas Rules of Civil Procedure, Judge Moyé was acting within the court's jurisdiction when he voluntarily recused himself from proceedings because his "impartiality might reasonably be questioned." Therefore, Judge Moyé did not act in the absence of all jurisdiction when he made the controversial statement.

Aubrey's arguments to the contrary are not persuasive. First, Aubrey argues that Judge Moyé's statements were made in the absence of all jurisdiction because an alleged murder accusation cannot be defined as an action normally performed by a judge in his official capacity. Doc. 80, Pls.' Resp., 5 (discussing *Mireles*, 502 U.S. at 11). Further, Aubrey claims that Judge Moyé acted outside his judicial authority when he allegedly accused Aubrey of murder and thus denied him of his constitutional right to a presumption of innocence. *Id.* at 4. However, a judge still receives absolute judicial immunity despite being accused of acting maliciously or when intentionally wrongful judicial acts are alleged. *Stump*, 435 U.S. at 356. When applying judicial immunity, "[i]t is the judge's actions alone, not his or her intent, that should be considered." *Almaguer v. Chacon*, 2006 WL 8433819, at *6 (W.D. Tex. Sept. 5, 2006) (citing to *Ballard*, 413 F.3d at 515). The Fifth Circuit has held that judicial immunity is available for a judge's recusal, and thus allegations of malicious or corrupt intentions behind this judicial act cannot overcome immunity. *See Kemp*, 324 F. App'x at 412. Beyond the apparent "unfairness to litigants that sometimes results" from judicial immunity when claims are based on a judicial act, "the doctrine of judicial immunity is thought to be in the best interests of the proper administration of justice." *Stump*, 435 U.S. at 363 (internal quotations omitted). Therefore, Aubrey fails to sufficiently assert that Judge Moyé was acting in absence of all jurisdiction when he voluntarily recused himself from Plaintiffs and Tobolowsky's case.

Second, Aubrey alleges that Judge Moyé violated § 1983 by conspiring with the City of Dallas and Dallas County to release statements that would focus the media's attention toward Aubrey and away from Judge Moyé during his re-election campaign. Doc. 80., Pls.' Resp., 9–10. However, "mere allegations [that] a judge performed judicial acts pursuant to a bribe or a conspiracy will not suffice to overcome absolute immunity." *Rodarte v. Beneficial Tex., Inc.*, 2016 WL 1312637, at *16 (W.D. Tex. Apr. 4, 2016). Courts in this circuit have held that, like allegations of malice or bad faith, allegations of conspiracy will not defeat a judge's privilege of immunity. *See, e.g., Holloway*, 765 F.2d at 522–23 (". . . the threat to the finality of decision-making is the same where one alleges a judge conspired or was bribed to abuse his office as where one alleges he abused it in 'bad faith.'"). In this case, because Judge Moyé's recusal is a judicial act and did not occur in the absence of all jurisdiction, allegations of conspiracy cannot deprive him of his immunity from this suit.[3]

For the reasons above, Aubrey's allegations that Judge Moyé accused Aubrey of murder during his recusal announcement, deprived Aubrey of his constitutional right to liberty without due process of law, and intentionally inflicted Aubrey with emotional distress are insufficient to prevail over the high bar of absolute judicial immunity. The Court finds that Judge Moyé is entitled to absolute immunity from Aubrey's claims for damages under § 1983 and the Texas state law tort claim of intentional infliction of emotional distress. Therefore, Aubrey's claims are dismissed for failure to state a claim based on judicial immunity.

---

[3] Aubrey, in his response, cites to three cases to support his argument that Judge Moyé acted outside his judicial capacity when he allegedly accused Aubrey of murder during his recusal. Doc. 80, Pls.' Resp., 4–5 (citing to *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976); *Marshall v. United States*, 360 U.S. 310 (1959); and *Ex parte Hosken*, 480 S.W.2d 18 (Tex. App.—Beaumont 1972, no writ)). However, the Court finds that these cases do not support Aubrey's arguments because they do not address judicial immunity and concern issues that are not before the Court.

B.      *Plaintiffs' Claim for Injunctive Relief*

Plaintiffs have also asked for an order to enjoin Judge Moyé from publishing any defamatory statements in the future. Doc. 54, SAC, 101. However injunctive relief is unavailable under § 1983 unless "a declaratory decree was violated or declaratory relief was unavailable."[4] Because Plaintiffs do not allege, and the record does not show, that a declaratory decree was violated or that declaratory relief was unavailable, the claim for injunctive relief against Judge Moyé must be dismissed. *See* Doc. 80, Pls.' Resp. (failing to address this argument); *Green v. Mayfield*, 2009 WL 230161, at *2 n.1 (N.D. Tex. Jan. 29, 2009) (dismissing claims when facts to support injunctive relief were similarly absent).

## IV.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Judge Moyé's Rule 12(b)(6) Motion to Dismiss (Doc. 63). Plaintiffs' claims against Defendant Judge Moyé are hereby **DISMISSED**.

---

[4] Prior to October of 1996, judicial immunity did not extend to suits for equitable relief under § 1983. *See Pulliam v. Allen*, 466 U.S. 522, 536–37 (1984) (rejecting the notion that § 1983 barred injunctive relief against judicial officers). In October of 1996, however, Congress amended § 1983, which now reads in pertinent part, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.