UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and <br> BRIAN E. VODICKA, <br> Plaintiffs, <br> <br> v. <br> <br> D MAGAZINE PARTNERS, L.P.; <br> ALLISON MEDIA, INC.; <br> JAMIE L. THOMPSON; <br> ROBERT L. ERMATINGER, JR. <br> SCOTT ROBERT SAYERS; <br> ERIC VAUGHN MOYE; <br> CITY OF DALLAS; <br> DALLAS COUNTY, TEXAS; and <br> DOES 1-20, all whose true names <br> are unknown, <br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-CV-0056-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert L. Ermatinger's Motion to Dismiss (Doc. 83), filed on June 3, 2019. The Motion asks the Court to dismiss Plaintiffs Steven B. Aubrey and Brian E. Vodicka's (collectively, "Plaintiffs") defamation and invasion of privacy claims against Ermatinger pursuant to the Texas Citizens Participation Act ("TCPA"). Doc. 83, Mot. to Dismiss. For the reasons stated below, the Motion is **DENIED**.

I.

BACKGROUND

Around April 26, 2017, D Magazine published its May 2017 print issue. Doc. 83, Mot. to Dismiss, 2. The issue contained a story written by Jamie Thompson about the Tobolowsky murder

entitled "A Place Where Something Evil Happened." Doc. 54, Second Am. Compl., ¶ 344. On January 8, 2019, Plaintiffs sued D Magazine, and a number of other defendants, including Ermatinger, in this Court. Doc. 3, Compl. On April 29, 2019, Plaintiffs filed their Second Amended Complaint, asserting four state-law claims against Ermatinger for defamation and invasion of privacy under Texas and Florida law. Doc. 54, Second Am. Compl., Counts X, XI, XIII, XIV.

On June 3, 2019, Ermatinger filed this Motion to dismiss Plaintiffs' defamation and invasion of privacy claims against him under the TCPA.[1] Doc. 83, Mot. to Dismiss. He argues that his statements are protected under the TCPA, and that Plaintiffs' claims directly relate to these protected statements. *Id.* at 4–6. Ermatinger claims that Plaintiffs have not met their burden under the TCPA because "Plaintiffs have not presented clear and specific evidence to establish a prima facie case that Ermatinger's statements to D Magazine were (1) false, or (2) defamatory." *Id.* at 7. Ermatinger finally argues that he is entitled to attorney's fees should the Court grant his Motion. *Id.* at 8.

On June 23, 2019, Plaintiffs responded to Ermatinger's Motion to Dismiss, arguing that various statements made by Ermatinger are "readily capable of being proven false." Doc. 93, Pls.' Resp., 3. Plaintiffs argue that Ermatinger's statements were "made with malice or with reckless disregard of the truth or falsity of the statement" and that they "caused injury to Plaintiffs." *Id.* at 8. Finally, Plaintiffs argue that the Motion is "frivolous or solely intended to delay," entitling them to court costs and reasonable attorney's fees. *Id.* at 9. On July 8, 2019, Ermatinger replied, arguing that

---

[1] It is unclear whether Ermatinger is moving to dismiss the Plaintiff's claims against him under both Florida and Texas law. Doc. 54, Second Am. Compl., Counts X, XI, XIII, XIV. Regardless, the distinction is moot since it is unclear whether the TCPA would apply to out-of-state claims and since the Court ultimately finds that the TCPA does not apply in federal court. *See infra* pp. 3–4.

Plaintiffs failed to present evidence to establish under the TCPA that Ermatinger's statements to D Magazine were false and defamatory. Doc. 94, Def.'s Reply, 2. Neither party addressed whether the TCPA applies in federal court. The Court now considers the Motion.

## II.

## ANALYSIS

The TCPA, also know as Texas's anti-SLAPP statute, "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W. 3d 579, 584 (Tex. 2015) (citing Tex. Civ. Prac. & Rem. Code §§ 27.001–27.011). Specifically, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(a). The statute's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. "To effectuate this purpose, the TCPA creates a special procedure for obtaining the early dismissal of allegedly retaliatory and unmeritorious lawsuits that are based on the defendant's exercise of certain First Amendment rights." *Misko v. Backes*, 2018 WL 2335466, at *1 (N.D. Tex. May 4, 2018) (citing *In re Lipsky*, 411 S.W.3d 530, 539 (Tex. App.—Fort Worth 2013, orig. proceeding)).

The Fifth Circuit has not yet decided whether the TCPA applies in federal court. *Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 154 n.3 (5th Cir. 2018) ("[W]e follow previous panels in assuming without deciding that [the TCPA] applies in federal court."). In accordance with

other courts in this District, and finding their analysis sound, this Court finds that the TCPA does not apply in federal court because it is either procedural in nature, or at least directly conflicts with the Federal Rules of Civil Procedure. *See O'Gara v. Binkley*, 2019 WL 1864099, at *3–5 (N.D. Tex. Apr. 24, 2019) (Boyle, J.) (rejecting the application of California anti-SLAPP law to a Texas defendant and declining to apply the TCPA in federal court because the statute is either procedural or, in the alternative, conflicts with federal procedural rules); *Sw. Airlines Co. v. Roundpipe*, LLC, 375 F. Supp. 3d 687, 700–01 (N.D. Tex. 2019) (Fish, J.) (concluding that the TCPA does not apply in federal court); *William Noble Rare Jewels, L.P. v. Sky Glob. L.L.C.*, 2019 WL 935954, at *2 (N.D. Tex. Feb. 25, 2019) (Godbey, J.) (same). Accordingly, the Court declines to grant Ermatinger's Motion to Dismiss under the TCPA. Because the Court denies the Motion, Ermatinger's request for attorney's fees is denied. Plaintiffs' request for attorney's fees is also denied.

## III.
## CONCLUSION

For these reasons, the Court **DENIES** Defendant Ermatinger's Motion to Dismiss pursuant to the Texas Citizens Participation Act (Doc. 83).

SO ORDERED.

SIGNED: July 18, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE