UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and | § | |
| BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| D MAGAZINE PARTNERS, L.P.; | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| ALLISON MEDIA, INC.; | § | |
| JAMIE L. THOMPSON; | § | |
| ROBERT L. ERMATINGER, JR. | § | |
| SCOTT ROBERT SAYERS; | § | |
| ERIC VAUGHN MOYE; | § | |
| CITY OF DALLAS; | § | |
| DALLAS COUNTY, TEXAS; and | § | |
| DOES 1-20, all whose true names | § | |
| are unknown, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Application for Temporary and Permanent Injunction (Doc, 17, the "Motion") against Defendant, the City of Dallas (the "City"). For the reasons stated below, the Motion is **DENIED without prejudice to refile**.

I.

BACKGROUND

Plaintiffs in this case bring a variety of federal- and state-law claims against various defendants based on events surrounding the death of Ira E. Tobolowsky. This Motion seeks to enjoin the City from complying with a state-court order to turn over Dallas Police Department's homicide

file on Ira Tobolowsky's death to a private citizen, namely Tobolowsky's son. Doc. 17, Mot., 2, 10; Doc. 45, Pls.' Reply, 4. Plaintiffs were at one point suspects in that case, and during the investigation the City allegedly compiled personal information on Plaintiffs, including records of their medical, cell phone, email, and credit card history, as well as photographs and videotapes of a strip search that was performed. Doc. 17, Mot., 4. Plaintiffs assert that all of the information in that file was improperly obtained, is private, and should not be publicized to anyone, much less Tobolowsky's son. Doc. 45, Pls.' Reply, 3–4.

Plaintiffs were never parties to the state-court suit that issued the order for the City to disclose the homicide file, although a different state-court judge previously quashed a subpoena Tobolowsky's son issued for some of Plaintiffs' confidential information. *Id.* Ex. A. Plaintiffs state that they first learned of this state-court order on or about February 28, 2019. *Id.* Ex. D, ¶ 4 (Aubrey Declaration); *Id.* Ex. E, ¶ 4 (Vodicka Declaration).

In their Motion, Plaintiffs raise several merits arguments as to why the state-court order was improperly issued: (1) that Tobolowsky's son violated the notice requirements of Texas Rule of Civil Procedure 202.2(f) in failing to give interested persons like Plaintiffs notice of his attempts to obtain the homicide file; (2) the law enforcement privilege should have barred Tobolowsky's son's request; and (3) the order would violate Plaintiffs' right to privacy. Doc. 17, Mot. 3–7; Doc. 45, Pls.' Reply, 3.

The City itself opposes the state-court order, albeit on the grounds of law-enforcement privilege and undue burden, not on the Plaintiffs' privacy rights. *See* Doc. 41, Def.'s Resp., 2; Doc. 45, Pls.' Reply, Ex. C (City's response in opposition to Tobolowsky's son's Rule 202 petition). The City has appealed the state-court order, and litigation is ongoing in the Fifth Court of Appeals,

Dallas, Texas. Doc. 41, Def.'s Resp., 2. Until the appeal is resolved, the order is suspended. *See* Tex. Civ. Prac. & Rem. Code § 6.002(b); Tex. R. App. P. 25.1(h).

In short, Plaintiffs argue that this Court should enjoin the City from complying with the state-court order. The City responds: (1) Plaintiffs fail to establish jurisdiction; (2) the Court should decline to exercise jurisdiction; (3) Plaintiffs lack standing; and (4) Plaintiffs fail to meet their burden to show injunctive relief is warranted. *See generally*, Doc. 41, Def.'s Resp. As all briefing has been received, the Court considers the Motion.

## II.

## LEGAL STANDARD

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the preliminary injunction.

# III.

# ANALYSIS

To be entitled to a preliminary injunction, a movant first must demonstrate a substantial likelihood of success on the merits. He must also demonstrate a substantial likelihood that abstention principles will not preclude relief. *See, e.g.*, *Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997) (holding that "whether the [district] court properly entered a preliminarily injunction . . . turns on whether the [plaintiff] established a substantial likelihood of success on the merits in the face of the *Burford* abstention doctrine"). If abstention is not warranted, the Court need only consider whether a movant has shown a substantial likelihood of success on the merits of one of his claims. *See Ramada Franchise Sys. Inc. v. Jacobcart, Inc.*, 2001 WL 540213, at *1 (N.D. Tex. May 17, 2001). Thus, the Court first addresses its jurisdiction and whether abstention is proper before proceeding to address the four preliminary-injunction elements.

A.  *The Anti-Injunction Act does not bar Plaintiffs' claims*

The Court first rejects the City's argument that the Anti-Injunction Act, 28 U.S.C. 2283, bars Plaintiffs' claims, many of which are based on 42 U.S.C. § 1983. *See* Doc. 41, Def.'s Resp., 3–4. Both the Supreme Court and Fifth Circuit have recognized that Section 1983 is an express exception to the Congressional policy that federal courts shall not grant an injunction to stay proceedings in a state court. *Duke v. State of Tex.*, 477 F.2d 244, 248 (5th Cir. 1973) (citing *Mitchum v. Foster*, 407 U.S. 225 (1972)). While the Court has not yet ruled on the City's motion to dismiss Plaintiffs' 1983 claims, the Court finds that Plaintiffs' claims are sufficiently well-plead such that the Court may exercise jurisdiction here, despite the Anti-Injunction Act. However, there are potential abstention

issues that the Court addresses below.

B.  *The Court does not abstain under* Younger's *abstention principles*

The City argues that even if jurisdiction exists, the Court should abstain from exercising jurisdiction over Plaintiffs' application for injunctive relief. Doc. 41, Def.'s Resp., 4 (citing *Mitchum*, 407 U.S. at 242–43; *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Under *Younger*—the abstention doctrine most applicable here and the doctrine relied on by the City—a federal court is required "to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). But, as the City concedes, because Plaintiffs were not parties to the state court action, *Younger* does not absolutely bar Plaintiffs' claims. *See id.* at 678 ("The civil brand of *Younger* extends only to a federal suit filed by a party that is the *target* of state court or administrative proceedings . . .") (emphasis added); Doc. 41, Def.'s Resp., 4.

However, courts have applied *Younger*'s abstention principles when a case "implicates the same principles of equity, comity, and federalism." *SKS*, 619 F.3d at 677. For example, one of the considerations that drove the Seventh Circuit to apply *Younger* abstention principles and to refuse to enjoin state action in *SKS* was the principle that "when a litigant has not attempted to present his federal claims in related state-court proceeding, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 680 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). The court noted that "[w]hen a section 1983 suit seeks a federal order compelling a state court to do something in an ongoing action, it calls upon the federal courts to cause friction with principles of comity and federalism." *Id.* at 682. The court cited three avenues for the plaintiff to present its claims in the state-court litigation *it was*

*already a part of*—and conclude that abstention was proper. *Id.* at 680.

Here, although there are some similarities to the *SKS* case, *SKS* is only persuasive authority, and ultimately distinguishable. For example, unlike the plaintiff in *SKS*, Plaintiffs are not parties to the on-going state suit—and Plaintiffs state that they have no right to intervene in the ongoing appeal to bring their constitutional claims. In general, this is true: "While the Texas Rules of Civil Procedure do not impose a deadline for intervention, *see* Tex. R. Civ. P. 60, the general rule is that a party may not intervene after final judgment unless the judgment is set aside." *State v. Naylor*, 330 S.W.3d 434, 439 (Tex. App.—Austin 2011), *aff'd*, 466 S.W.3d 783 (Tex. 2015).

The only exception this Court is aware of is the virtual-representation doctrine, which the Texas Supreme Court has held is an equitable doctrine that requires a case-by-case analysis. *See, e.g., In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 725 (Tex. 2006) (discussing intervention under the virtual-representation doctrine). But "[i]n order to claim virtual representation, an appellant must show that (1) it is bound by the [state-court] judgment, (2) its privity of estate, title, or interest appears from the record, and (3) there is an identity of interest between the appellant and a named party to the [state-court] judgment." *Naylor*, 330 S.W.3d at 439. And of these three factors, "the most important consideration is whether the appellant is bound by the judgment." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 755 (Tex. 2003). Because it does not appear that the state-court order binds Plaintiffs, there appears to be little likelihood that Plaintiffs would be permitted to intervene—although under Texas law they would be allowed to file a motion at the appellate level seeking leave to intervene. *See Naylor*, 466 S.W.3d at 788. And the City has not proposed other methods in which Plaintiffs could challenge the order in the current state-court proceedings. Thus, while the Seventh Circuit states that "a federal court should *assume* that state

procedures will afford an adequate remedy, in the absence of unambigious authority to the contrary," this Court is not bound by that decision, and finds that it should consider the merits of Plaintiffs' Motion.¹ *See SKS*, 619 F.3d at 680.

C.  *Nonetheless, Plaintiffs have failed to meet the four-part test for injunctive relief*

However, Plaintiffs have not met their burden to show that the extraordinary relief of a preliminary injunction is warranted. Namely, Plaintiffs do not meet their burden to show a substantial likelihood of success on the merits nor a threat of immediate and irreparable harm. According to Plaintiffs, the City itself is in the process of contesting the very order that Plaintiffs seek to overturn, and an appeal is pending. Doc. 45, Pls.' Reply, 6. This Court has also independently reviewed the state-court filings, and sees no indication that the contested order is in effect. Thus, while the improper release of a citizen's private and confidential information could constitute a significant harm, there is no indication that such an act is threatened at the moment. Instead, the state appellate court appears to be in the process of reviewing the order's validity. And there are serious federalism concerns for a federal court to intervene in an ongoing state appellate process, which may resolve the issue on its own.

In addition, Plaintiffs have not met their burden to show a substantial likelihood of success on their claims against the City,² nor that succeeding on those claims would entitle them to an

---

¹ The Court expressly reserves the right to reconsider this finding if this Motion is re-urged and the parties present new information.

² These claims being a state-law malicious prosecution claim and four § 1983 claims: (1) unreasonable searches; (2) excessive force; (3) false arrest and false imprisonment; (4) unconstitutional invasion of privacy. Doc. 53, Second Am. Compl., 66–77. The Court notes that although it finds that a temporary injunction and permanent injunction is not warranted, that does not mean that Plaintiffs will necessarily be unsuccessful on any one of their claims. *See Gbalazeh v. City of Dallas*, 2019 WL 3006632, at *4 (N.D. Tex. July 9, 2019) (noting that "establishing that there is a substantial threat of irreparable injury on a motion for preliminary

injunction prohibiting the City from releasing Plaintiffs' information to a third-party, in contravention of a court-order. As the Court understands Plaintiffs' argument, the City behaved unconstitutionally when it allowed for the investigation into Plaintiffs, thus they still have a reasonable expectation of privacy in the information contained in the homicide file, and disclosure of that information to a third-party would violate their constitutional rights, which cannot be otherwise be protected.

But Plaintiffs do not refute with legal authority the majority of the City's arguments raised in response—for example, that Plaintiffs have no reasonable expectation of privacy in investigative information obtained by law enforcement, regardless of how it was obtained. *See* Doc. 41, Def.'s Resp., 7–8. Plaintiffs also do not provide legal precedent for this type of relief—a preliminary injunction enjoining an order that is still being appealed in state court. Thus, given the lack of imminent harm, federalism concerns, and Plaintiffs' failure to show substantial likelihood of success on the merits, the Court finds that Plaintiffs have failed to establish that an injunction is warranted at this time.

IV.

CONCLUSION

For these reasons, the Court **DENIES without prejudice to refile** Plaintiffs' Application for Temporary and Permanent Injunction (Doc. 17). If, however, circumstances change and Plaintiffs can remedy all of the deficiencies that the Court has identified in this Order, the Court may consider a renewed motion for preliminary injunctive relief, or grant injunctive relief as part of its decision on

---

injunction is a much taller task than showing injury-in-fact to survive a motion to dismiss").

the merits.

       SO ORDERED.

       SIGNED: July 29, 2019.

                                                          JANE J. BOYLE
                                                          UNITED STATES DISTRICT JUDGE