IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN B. AUBREY and BRIAN E. VODICKA, <br><br> Plaintiffs, <br><br> v. <br><br> D MAGAZINE PARTNERS, L.P. d/b/a D MAGAZINE; ALLISON MEDIA, INC.; JAMIE L. THOMPSON; ROBERT L. ERMATINGER, JR.; SCOTT ROBERT SAYERS; CITY OF DALLAS; DALLAS COUNTY, TEXAS; and DOES 1-20, all whose true names are unknown, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:19-cv-00056-B |

**DEFENDANTS D MAGAZINE PARTNERS, L.P., ALLISON MEDIA, INC.,
AND JAMIE THOMPSON'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendants D Magazine Partners, L.P. d/b/a D Magazine, Allison Media, Inc. and Jamie Thompson (collectively, the "D Magazine Defendants") file this response in opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint ("Motion for Leave") (Dkt. 102), and respectfully show the Court the following:

**I.   INTRODUCTION**

Plaintiffs' Motion for Leave, if granted at this stage of the case, would result in futile amendments while exposing the D Magazine Defendants to undue expense and delay. This case has been pending in this Court for more than nine months (after having been previously filed in Florida)[1], and five motions to dismiss are now pending before the Court, all of which are fully

---

[1] On May 17, 2018, Plaintiffs filed a similar lawsuit against the D Magazine Defendants in the United States District Court for the Southern District of Florida. The D Magazine Defendants successfully moved to dismiss that lawsuit

briefed and ready for adjudication. Plaintiffs' proposed Third Amended Complaint contains nothing that would change the outcome of the D Magazine Defendants' pending motion to dismiss, and allowing Plaintiffs another amendment would prejudice the D Magazine Defendants by requiring them to incur the additional expense and delay of a new motion to dismiss. Plaintiffs have already caused the D Magazine Defendants to incur substantial expense defending a time-barred and meritless lawsuit, and it would be inequitable to permit Plaintiffs to make another futile amendment that will not cure the deficiencies in Plaintiffs' Second Amended Complaint, but will cause further unnecessary delay and expense by requiring the D Magazine Defendants' to again re-brief their motion to dismiss.

## II. FACTUAL BACKGROUND

Plaintiffs filed their Complaint in this Court on January 8, 2019 (Dkt. 3). On April 5, 2019, the D Magazine Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and filed a brief in support (Dkt. 31). On April 29, 2019, Plaintiffs moved for leave to file their Second Amended Complaint (Dkt. 50). The Court granted Plaintiffs' motion for leave and dismissed as moot the D Magazine Defendants' Rule 12(b)(6) motion, as well as three other pending motions to dismiss (Dkt. 52). The Court's electronic order warned Plaintiffs that "subsequent requests for leave to amend will be more closely scrutinized, as is this Court's typical practice and per the Federal Rules of Civil Procedure." *See* Electronic Order granting Motion for Leave to File Amended Complaint, Dkt. 52.

On May 5, 2019, the D Magazine Defendants moved to dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 67). Specifically, the D Magazine

---

for lack of personal jurisdiction. *See Aubrey v. D Magazine Partners, L.P.*, No. 18-cv-61117-BLOOM/Valle, at 18 (S.D. Fla. Nov. 8, 2018). In the same order in which the court dismissed the case against the D Magazine Defendants, the court also denied Plaintiffs leave to file an amended complaint. *See id.* A copy of this order is included in the Appendix to this response at App. 1-19.

Defendants moved to dismiss on the basis that Texas's one-year statute of limitations applies to Plaintiffs' defamation claim. In addition, because Plaintiffs' remaining claims are based on the same facts and publications as their defamation claims, the one-year statute of limitations also applies to those claims. Finally, each of Plaintiffs' claims fail on substantive grounds. Plaintiffs responded to the D Magazine Defendants' motion to dismiss on May 31, 2019 (Dkt. 82), and the D Magazine Defendants replied on June 12, 2019 (Dkt. 88). Thus, the D Magazine Defendants' motion to dismiss is fully briefed and ripe for adjudication.

Plaintiffs filed their Motion for Leave on October 23, 2019 (Dkt. 102). Plaintiffs argue that leave is appropriate so that they may amend their complaint to: (1) add factual allegations regarding certain search warrant affidavits used in the murder investigation of Ira Tobolowsky; (2) add factual allegations regarding Dallas County's alleged spoliation of evidence; and (3) add a claim against all defendants for violating section 42.07 of the Texas Penal Code. None of these grounds warrant allowing Plaintiffs another amendment.

## III.    ARGUMENT AND AUTHORITIES

Plaintiffs' Motion for Leave should be denied because their proposed amendment would serve no purpose and unfairly burden the D Magazine Defendants by causing unnecessary delay and expense. Because Plaintiffs' opportunity to amend their pleadings as a matter of course has expired, they must seek leave of court. *See* Fed. R. Civ. P. 15(a)(1)(B). "The provision for Rule 15(a)(2) of the Federal Rules of Civil Procedure that states '[t]he court should freely give leave when justice so requires' is not without limitation." *Mangalvedkar v. United States*, No. 3:12-CV-4802-L, 2013 WL 2370547, at *7 (N.D. Tex. May 31, 2013); *see also Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (stating that leave to amend under Rule 15(a)(2) "is by no means automatic"). A district court has broad discretion to deny leave to amend based on undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and futility of the proposed

amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

A. **The proposed amendments are futile.**

A trial court should deny leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Where a plaintiff has "pleaded his best case," permitting leave to file an amended complaint is inappropriate, because such amendment would be futile. *See Nieman v. City of Dallas*, No. 3:14-cv-3897-MBF, 2015 WL 5613354, at *4 (N.D. Tex. Sept. 24, 2015). Similarly, where a proposed amended pleading "suffers from the same deficiencies and infirmities as does the original pleading," leave to amend is inappropriate. *See Mangalvedkar*, 2018 WL 2370547, at *7.

Plaintiffs' proposed amendments are futile for several reasons. First, Plaintiffs claims are barred by Texas's one-year statute of limitations, and Plaintiffs' proposed amendments make no new factual allegations that would bring their claims within the statute of limitations. (In fact, Plaintiffs make no new factual allegations regarding the D Magazine Defendants at all.) Second, Plaintiffs have made no attempt to cure any of the substantive defects for each of their claims. In fact, Plaintiffs have not made any alterations to their claims against the D Magazine Defendants. Thus, Plaintiffs claims still fail for substantive reasons. *See Stripling*, 234 F.3d at 873.

Additionally, Plaintiffs have failed to state a claim for criminal harassment. "The Penal Code does not create private causes of action." *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (rendering dismissal of plaintiff's claim based on violations of the Texas Penal Code); *see Delgado v. Combs*, No. 07-11-00273-CV, 2012 WL

4867600, at *4 (Tex. App.—Amarillo Oct. 15, 2012, no pet.) (mem. op.) (affirming trial court's dismissal of plaintiff's claim based on an alleged violation of the Texas Penal Code without giving leave to amend because this claim was an incurable defect in the plaintiff's pleading). Plaintiffs cannot sue any of the defendants under the Texas Penal Code, and granting leave to amend based on this purported new claim would therefore be futile. *See Stripling*, 234 F.3d at 873.

B.  **The proposed amendment would cause undue delay and prejudice to the D Magazine Defendants.**

Leave to amend does not serve the interest of judicial economy—particularly now, when the case has been pending in this Court for nine months and the Court has already granted Plaintiffs leave to amend once. *See Waddleton v. Rodriguez*, 750 Fed. App'x 248, 257 (5th Cir. 2018) ("When ruling on a motion for leave to amend, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.") (quotations omitted). The proposed amendment would again effectively moot the D Magazine Defendants' pending motion to dismiss (as well as the other four pending motions to dismiss). This would require all defendants to re-brief their motions to dismiss, delay the adjudication of these motions, and force the D Magazine Defendants to continue litigating, at considerable expense, claims that are barred by the statute of limitations. The resolution of the pending motions to dismiss should not be delayed by allowing Plaintiffs to amend their complaint again. *See* FED. R. CIV. P. 15(a)(1)(B).

## IV.  CONCLUSION AND PRAYER

Under these circumstances, leave to amend should be denied. The proposed amendments would be futile, Plaintiffs have already stated their best case, and the proposed Third Amended Complaint does nothing to remedy the infirmities of Plaintiffs' Second Amended Complaint. The Court should not allow Plaintiffs to further delay disposition of the multiple motions to dismiss

that are fully briefed and ripe for adjudication.

For these reasons, the D Magazine Defendants request that Plaintiffs' Motion for Leave be denied and that the D Magazine Defendants be granted all such other and further relief to which they may be entitled at law or in equity.

Respectfully submitted,

*/s/ Jason P. Bloom*
Jason P. Bloom
jason.bloom@haynesboone.com
State Bar No. 24045511
Stephanie Sivinski
stephanie.sivinski@haynesboone.com
Texas Bar No. 24075080
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651.5000
Facsimile: (214) 651.5940

Thomas J. Williams
thomas.williams@haynesboone.com
Texas Bar No. 21578500
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone: (817) 347-6600
Facsimile: (817) 347-6650

**ATTORNEYS FOR DEFENDANTS
D MAGAZINE PARTNERS, L.P., ALLISON
MEDIA, INC., AND JAMIE THOMPSON**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served on the pro se plaintiffs and counsel for all parties in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court on October 30, 2019.

                                            */s/ Jason P. Bloom*
                                            Jason P. Bloom