UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and<br>BRIAN E. VODICKA,<br><br>  Plaintiffs,<br><br>v.<br><br>D MAGAZINE PARTNERS, L.P.;<br>ALLISON MEDIA, INC.; JAMIE L.<br>THOMPSON; ROBERT L.<br>ERMATINGER, JR.; SCOTT ROBERT<br>SAYERS; CITY OF DALLAS; DALLAS<br>COUNTY, TEXAS; and DOES 1-20, all<br>whose true names are unknown,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:19-CV-0056-B |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Untimely File the Third Amended Complaint (Doc. 117), as well as Defendant Dallas County's Response (Doc. 118). For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

On November 19, 2019, this Court permitted Plaintiffs to amend their Second Amended Complaint "insofar as they [sought] to include allegations of [] six search-warrant affidavits." Doc. 114, Order, 10. The Court granted Plaintiffs leave to add the allegations of the six search-warrant affidavits based, in part, upon "the limited impact that Plaintiffs' allegations of new affidavits [would] have upon Defendants' current legal arguments." *Id.* at 8. Moreover, "in light of the limited nature of Plaintiffs' permitted amendments," the Court ordered Plaintiffs to file their Third Amended Complaint by December 3, 2019. *Id.* at 10. Thereafter, Plaintiffs sought, and the Court granted, an

extension allowing Plaintiffs to file the Third Amended Complaint by December 6, 2019. *See* Doc. 116, Electronic Order. After Plaintiffs failed to meet that deadline, they filed a motion seeking to file their Third Amended Complaint on December 8, 2019. *See* Doc. 117, Pls.' Mot. for Leave. While this Court is displeased with Plaintiffs' inability to meet deadlines, the more troubling issue is Plaintiffs' disregard for the Court's orders.

In their proposed Third Amended Complaint, rather than merely supplementing the Second Amended Complaint with allegations of the six search-warrant affidavits, Plaintiffs substantially altered the substance of the Second Amended Complaint. For example, as Defendant Dallas County points out, despite this Court's denial of leave to amend to add spoliation allegations, *see* Doc. 114, Order, 9, Plaintiffs included these allegations in the proposed Third Amended Complaint. *See, e.g.*, Doc. 117, Ex. B, Pls.' Third Am. Compl., ¶¶ 291–99. Additionally, Plaintiffs attempt to bring a new claim against Defendant Dallas County. *Compare* Doc. 50, Ex. A, Pls.' Second Am. Compl., 62, *with* Doc. 117, Ex. B, Pls.' Third Am. Compl., 99. Further, Plaintiffs restructured and reworded portions of the Second Amended Complaint. *Compare* Doc. 50, Ex. A, Pls.' Second Am. Compl., 1, *with* Doc. 117, Ex. B, Pls.' Third Am. Compl., 1. These are but a few examples of the differences between Plaintiffs' Second and Third Amended Complaints, and they demonstrate Plaintiffs' complete disregard for the scope of the Court's order permitting amendment.

Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to Untimely File the Third Amended Complaint (Doc. 117). Further, the Court instructs Plaintiffs that they must file their Third Amended Complaint, in conformity with the restrictions of the Court's previous order (Doc. 114) and the instructions set forth below, on or before **Monday, December 16, 2019.** The Court will **NOT** grant an extension of time on this deadline. Defendants must file any motions to dismiss

in response to Plaintiffs' Third Amended Complaint on or before **Monday, January 6, 2020**.

The Court advises Plaintiffs that the Third Amended Complaint should be identical in substance to the Second Amended Complaint, except with respect to the Third Amended Complaint's allegations of the six search-warrant affidavits. These allegations may only be used for the purpose originally offered by Plaintiffs—to "bolster[] [their] claim that the City [of Dallas] has a pattern, practice, custom and policy to use falsified un-verified 'facts' . . . ." *See* Doc. 102, Pls.' Mot. for Leave to File Third Am. Compl., 2; *see also* Doc. 114, Order, 4 (explaining that "Plaintiffs seek leave to amend to include allegations of the six affidavits to demonstrate Defendant City of Dallas's alleged pattern of falsification").

Failure to comply with these instructions, including failure to timely file the Third Amended Complaint, will result in dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 41(b) for failure to follow the Court's orders.


**SO ORDERED.**

**SIGNED: December 11, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE