UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and | § | |
| BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| D MAGAZINE PARTNERS, L.P.; | § | |
| ALLISON MEDIA, INC.; JAMIE L. | § | |
| THOMPSON; ROBERT L. | § | |
| ERMATINGER, JR.; SCOTT ROBERT | § | |
| SAYERS; CITY OF DALLAS; DALLAS | § | |
| COUNTY, TEXAS; and DOES 1-20, all | § | |
| whose true names are unknown, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Doc. 120), filed on December 11, 2019. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

## I.

## BACKGROUND

Plaintiffs originally filed this lawsuit on January 8, 2019, bringing claims against Defendants D Magazine Partners, L.P.; Allison Media, Inc.; Jamie L. Thompson; Robert L. Ermatinger, Jr.; Scott Robert Sayers; Judge Eric Vaughn Moyé; City of Dallas; Dallas County; and Does 1-20.[1] *See* Doc.

---

[1] The Court hereinafter refers to Defendants City of Dallas, Robert L. Ermatinger, Jr., and Scott Robert Sayers collectively as "the City Defendants." Further, the Court refers to Defendants D Magazine Partners, L.P., Allison Media, Inc., and Jamie L. Thompson collectively as "the Media Defendants."

- 1 -

3, Compl. The following day, Plaintiffs corrected their complaint to eliminate duplicitous allegations. Doc. 4, Notice of Correction, 1. In response to Plaintiffs' complaint, all named Defendants filed motions to dismiss. *See* Doc. 21, Mot. to Dismiss; Doc. 29, Mot. to Dismiss; Doc. 31, Mot. to Dismiss; Doc. 32, Mot. to Dismiss. Subsequently, Plaintiffs sought to amend their complaint. *See* Doc. 47, Pls.' Mot. for Leave to File Am. Compl. Three days later—before this Court ruled on Plaintiffs' motion—Plaintiffs filed another motion for leave to amend the complaint, which Defendants opposed. *See* Doc. 50, Pls.' Mot. for Leave to File Second Am. Compl., 1–2. The Court granted the motion but noted that "subsequent requests for leave to amend will be more closely scrutinized, as is this Court's typical practice and per the Federal Rules of Civil Procedure." Doc. 52, Electronic Order.

Thereafter, all Defendants moved to dismiss the claims in the operative complaint. *See* Doc. 63, Mot. to Dismiss; Doc. 65 Mot. to Dismiss; Doc. 67, Mot. to Dismiss; Doc. 71, Mot. to Dismiss; Doc. 72, Mot. to Dismiss; Doc.73, Mot. to Dismiss. On June 20, 2019, the Court dismissed all claims against Defendant Judge Moyé. *See* Doc. 92, Mem. Op. & Order.

Subsequently, Plaintiffs sought leave to file a third amended complaint. *See* Doc. 102, Pls.' Mot. for Leave to File Third Am. Compl. The Court granted leave to amend only "insofar as they [sought] to include allegations of six newly-discovered search-warrant affidavits." Doc. 114, Order, 10. Further, due to "the limited nature of Plaintiffs' permitted amendments," the Court gave Plaintiffs two weeks—until December 3, 2019—to file their complaint in accordance with these parameters. *Id.* After the Court granted an extension requested by Plaintiffs, they still failed to file the Third Amended Complaint by the new deadline. *See* Doc. 116, Electronic Order (stating Plaintiffs' complaint is due on December 6, 2019); Doc. 117, Mot. for Leave to Untimely File Third

Am. Compl.

When Plaintiffs then sought to file the Third Amended Complaint after the deadline, the Court noticed substantial departures from the scope of amendment permitted by the Court's order. *See* Doc. 119, Order, 2. Accordingly, the Court denied Plaintiffs' motion to file the Third Amended Complaint and instructed Plaintiffs to file a Third Amended Complaint in conformity with the Court's previous order (Doc. 114) by December 16, 2019. *Id.* The Court warned Plaintiffs that failure to follow the Court's instructions would result in dismissal under Federal Rule of Civil Procedure 41(b). *Id.* at 3. Plaintiffs filed their revised Third Amended Complaint shortly thereafter. *See* Doc. 121, Pls.' Third Am. Compl. While the Court notes some changes in word choice from the Second to the Third Amended Complaint, the Third Amended Complaint substantially conforms to the Court's prior orders. Thus, the Third Amended Complaint (Doc. 121) is the operative complaint in this case.

But before even filing this Third Amended Complaint, Plaintiffs filed a motion for leave to file a *Fourth* Amended Complaint. *See* Doc. 120, Pls.' Mot. for Leave (emphasis added). The Court addresses this motion below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 directs the Court to grant leave to amend freely "when justice so requires," and affords the Court discretion to grant such leave. FED. R. CIV. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Mkts., L.L.C.*, 2003 WL 21350210, at \*3 (N.D. Tex. June 10, 2003) (citation omitted). "In determining whether to grant leave to amend, the

court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The court should also consider "judicial economy and whether the amendments would leave to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

## III.

### ANALYSIS

Here, Plaintiffs seek to file a Fourth Amended Complaint that adds claims for Racketeer Influenced and Corrupt Organizations Act (RICO) violations, stalking, fraud, breach of contract, estoppel, injunctive relief, "and other claims that are still live . . . ." Doc. 120, Pls.' Mot. for Leave, 3–4. Given that Plaintiffs have unduly delayed in seeking to add these new claims, the Court **DENIES** Plaintiffs' motion (Doc. 120).

A.      *Plaintiffs Unduly Delayed in Seeking to Add New Claims.*

The Court concludes that Plaintiffs have unduly delayed in seeking leave to add their proposed claims. Plaintiffs filed their complaint in January of 2018—almost one year ago. Over four months after filing the complaint, Plaintiffs sought leave to file an Amended Complaint. Doc. 47, Pls. Mot. for Leave to File Am. Compl., 1. Three days later, Plaintiffs filed a motion for leave to file a Second Amended Complaint with additional claims. Doc. 50, Pls.' Mot. for Leave to File Second Am. Compl., 1. The Court granted Plaintiffs' motion. Doc. 52, Electronic Order. After numerous motions to dismiss were filed and briefed, and over five months had passed, Plaintiffs *again* sought leave to amend, which the Court *again* granted—to the extent Plaintiffs sought to add allegations

of newly discovered evidence. *See* Doc. 102, Pls.' Mot. for Leave to File Third Am. Compl.; Doc. 114, Order. Throughout this time, Plaintiffs have never sought the Court's permission to add the new claims set forth in their proposed Fourth Amended Complaint. Under these circumstances, the Court finds that Plaintiffs unduly delayed in seeking to add these new claims.

This undue delay compels the Court to deny Plaintiffs' motion. Plaintiffs' "record of clogging this litigation with ever-changing operative complaints hinders the expeditious disposition of [their] claims." *Jaser v. AT&T Servs.*, 2019 WL 1748434, at *2 (N.D. Tex. Apr. 2, 2019), *report and recommendation adopted*, 2019 WL 1745993, at *1 (N.D. Apr. 17, 2019). Though the Court does not purport to permanently prohibit Plaintiffs from amending their operative complaint, the Court concludes that, at this time, it must afford Defendants the opportunity to respond to Plaintiffs' allegations. By allowing Defendants to do so, this Court ensures "expeditious disposition of the merits of the litigation." *Chitimacha*, 690 F.2d at 1163.

## IV.

## CONCLUSION

For the reasons set forth, the Court **DENIES** Plaintiffs' motion for leave to file a Fourth Amended Complaint (Doc. 120). The Third Amended Complaint (Doc. 121) is the operative complaint in this case. As previously ordered, Defendants must file any motions to dismiss in response to the Third Amended Complaint by **Monday, January 6, 2020.**

SO ORDERED.

SIGNED: December 13, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE