UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and<br>BRIAN E. VODICKA,<br><br> Plaintiffs,<br><br>v.<br><br>D MAGAZINE PARTNERS, L.P.;<br>ALLISON MEDIA, INC.; JAMIE L.<br>THOMPSON; ROBERT L.<br>ERMATINGER, JR.; SCOTT ROBERT<br>SAYERS; CITY OF DALLAS; DALLAS<br>COUNTY, TEXAS; and DOES 1-20, all<br>whose true names are unknown,<br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:19-CV-0056-B |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion for Leave to File Motion to Take Judicial Notice (Doc. 98), filed on August 15, 2019. For the reasons that follow, the Court **DENIES** Plaintiffs' motion (Doc. 98).

## I.

## BACKGROUND

Plaintiffs originally filed this lawsuit on January 8, 2019, bringing claims against Defendants D Magazine Partners, L.P.; Allison Media, Inc.; Jamie L. Thompson; Robert L. Ermatinger, Jr.; Scott Robert Sayers; Judge Eric Vaughn Moyé; City of Dallas; Dallas County; and Does 1-20.[1] *See* Doc.

---

[1] The Court hereinafter refers to Defendants City of Dallas, Robert L. Ermatinger, Jr., and Scott Robert Sayers collectively as "the City Defendants." Further, the Court refers to Defendants D Magazine

- 1 -

3, Compl. The following day, Plaintiffs corrected their complaint to eliminate duplicitous allegations. Doc. 4, Notice of Correction, 1. In response to Plaintiffs' complaint, all named Defendants filed motions to dismiss. *See* Doc. 21, Mot. to Dismiss; Doc. 29, Mot. to Dismiss; Doc. 31, Mot. to Dismiss; Doc. 32, Mot. to Dismiss. Subsequently, Plaintiffs sought to amend their complaint. *See* Doc. 47, Pls.' Mot. for Leave to File Am. Compl. Three days later—before this Court ruled on Plaintiffs' motion—Plaintiffs filed another motion for leave to amend the complaint, which Defendants opposed. *See* Doc. 50, Pls.' Mot. for Leave to File Second Am. Compl., 1–2. The Court granted the motion but noted that "subsequent requests for leave to amend will be more closely scrutinized, as is this Court's typical practice and per the Federal Rules of Civil Procedure." Doc. 52, Electronic Order.

Thereafter, all Defendants moved to dismiss the claims in the second amended complaint. *See* Doc. 63, Mot. to Dismiss; Doc. 65, Mot. to Dismiss; Doc. 67, Mot. to Dismiss; Doc. 71, Mot. to Dismiss; Doc. 72, Mot. to Dismiss; Doc.73, Mot. to Dismiss. On June 20, 2019, the Court dismissed all claims against Defendant Judge Moyé. *See* Doc. 92, Mem. Op. & Order.

Subsequently, Plaintiffs filed the motion at hand, asking the Court to take judicial notice of the contents of six search-warrant affidavits, because Plaintiffs included allegations of only three search-warrant affidavits in their second amended complaint. *See* Doc. 98, Pls.' Mot. for Leave, 1–2. Defendant Dallas County, as well as the City Defendants, filed responses in opposition to the motion, contending that Plaintiffs urge the Court to take judicial notice of facts that do not fall within the purview of Federal Rule of Evidence 201. *See* Doc. 99, Def. Dallas Cty.'s Resp., 3; Doc. 100, City

---

Partners, L.P., Allison Media, Inc., and Jamie L. Thompson collectively as "the Media Defendants."

Defs.' Resp., 1–2. Plaintiffs, in reply, assert that they seek judicial notice of the fact that certain facts appear in the affidavits—not the truth of those facts. *See* Doc. 101, Pls.' Reply, 2.

As Plaintiffs' motion is now ripe, the Court addresses it below. But because Federal Rule of Evidence 201 does not require a party to seek leave of Court in requesting judicial notice, the Court construes Plaintiffs' motion as a motion requesting the Court to take judicial notice.[2] *See* FED. R. EVID. 201.

## II.

## LEGAL STANDARD

Under Federal Rule of Evidence 201(b), a judicially noticed fact is one that is not subject to reasonable dispute because it is either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

## III.

## ANALYSIS

Here, Plaintiffs urge the Court to take judicial notice of the existence of facts in certain search-warrant affidavits. Doc. 98, Pls.' Mot. for Leave, 1–2. Because the existence of the statements in these search-warrant affidavits cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," see FED. R. EVID. 201(b)(2), the Court **DENIES**

---

[2] The Court notes that after filing the motion at issue, Plaintiffs sought leave to file a third amended complaint, see Doc. 102, Pls.' Mot. for Leave to File Third Am. Compl., and the Court granted leave to amend "insofar as [the plaintiffs sought] to include allegations of six newly-discovered search-warrant affidavits." Doc. 114, Order, 10. Given that the third amended complaint (Doc. 121) is currently the operative complaint in this case, Plaintiffs' request for the Court to take judicial notice of the existence of the six search-warrant affidavits may now be moot. Nonetheless, the Court addresses the merits of the motion below.

Plaintiffs' motion (Doc. 98).

A.  *The Court Will Not Take Judicial Notice of the Existence of Facts in the Search-Warrant Affidavits.*

Plaintiffs contend that the search-warrant affidavits come from "credible sources whose accuracy cannot reasonably be questioned ." *See* Doc. 98-1, Pls.' Mot., 2. Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Nonetheless, courts should do so "sparingly at the pleadings stage." *See Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. Apr. 19, 2010) (citation and internal quotations omitted).

Here, the Court is not convinced that Plaintiffs' exhibits derive from sources "whose accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(b)(2). Plaintiffs' motion for judicial notice explains that Plaintiffs received the affidavits at issue through an Open Records Request to the City of Dallas. *See* Doc. 98, Pls.' Mot. for Leave, 1. But Plaintiffs' attached exhibits—the search-warrant affidavits and related documents—do not include the Request itself. *See generally*, Doc. 98-1, Pls.' Mot., Exs. A–C. Accordingly, the Court "is unable to determine, from the documents provided, what exact information Plaintiff[s] requested from" the City of Dallas. *See Fahs Constr. Grp., Inc. v. Gray*, 2012 WL 2873532, at *4 (N.D. N.Y. July 12, 2012). Further, the Court lacks evidence, such as a cover letter, that these documents were actually disclosed by the City of Dallas.

Accordingly, though the Court recognizes its ability to take judicial notice of the existence of public documents when deciding motions to dismiss, see *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted), the Court is not certain that the affidavits are indeed public documents. These documents were "not prepared for review for the general public"—instead, they

were allegedly obtained only through an open-records request. *See Fahs Constr. Grp.*, 2012 WL 2873532, at *4; Doc. 98, Pls.' Mot. for Leave, 1. In light of the Court's uncertainty as to the "public" nature of these documents, as well as the admonition that the Court should "sparingly" take judicial notice at this stage of proceedings, see *Reneker*, 2010 WL 1541350, at *5, the Court declines to take judicial notice of the existence of the search-warrant affidavits at this time.

Nevertheless, the Court emphasizes that when the Court analyzes the pending motions to dismiss Plaintiffs' third amended complaint, which are *not* at issue in this Order, the Court will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotations omitted).

## IV.

## CONCLUSION

For the reasons set forth, the Court **DENIES** Plaintiffs' motion (Doc. 98) **WITHOUT PREJUDICE** to refiling same, if and when this case proceeds beyond the pleadings stage and to the pretrial stage. Nonetheless, the Court advises Plaintiffs to file any such motion, at the appropriate time, only if Plaintiffs actually find it necessary to do so.

**SO ORDERED.**

**SIGNED: January 23, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE