IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and | § | |
| BRIAN E. VODICKA, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| D MAGAZINE PARTNERS, L.P.; | § | CIVIL ACTION NO. |
| ALLISON MEDIA, INC.; | § | |
| JAMIE L. THOMPSON; | § | 3:19-cv-0056-B |
| ROBERT L. ERMATINGER, JR.; | § | |
| SCOTT ROBERT SAYERS; | § | |
| CITY OF DALLAS; | § | |
| DALLAS COUNTY, TEXAS; and | § | |
| DOES 1-20, all whose true names | § | |
| are unknown, | § | |
| Defendants. | § | |

### CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMENDED ORDER (Doc.122)

TO THE HONORABLE COURT:

Defendants the City of Dallas ("the City"), Scott Sayers ("Sayers") and Robert L. Ermatinger, Jr. ("Ermatinger") (collectively "City Defendants") file their Response to Plaintiffs' Motion To Amend Order (Doc. 122). ("Motion") (ECF No. 126.)   The City Defendants respectfully show the Court the following.

### I.      SUMMARY

The Court should deny Plaintiffs' Motion because, if allowed to file, Plaintiffs fourth amended complaint would cause undue delay, prejudice the City Defendants, and undermine this Court's efforts to "secure the just, speedy, and inexpensive determination" in this proceeding. Federal Rule of Civil Procedure 1.  As such, this Court should deny Plaintiffs' Motion, and allow completion of the briefing on all of the Defendants' recently filed motions to dismiss.  (ECF Nos. 125, 127-130.)

## II.    PROCEDURAL HISTORY

On January 8, 2019, Plaintiffs filed their Original Complaint, which alleged various state and federal causes of action against the City Defendants.  (ECF No. 3.)  Thereafter, on January 9, 2019, Plaintiffs filed corrections to their Complaint.  (ECF Nos. 4-1, 4-2, 4-3, 4-4.)  The City stipulated to the service of summons in this case, which was filed by Plaintiffs on February 28, 2019. (ECF No. 12.)  Defendant Sayers executed a waiver of service, which Plaintiffs filed on February 28, 2019. (ECF No. 13.)  On March 11, 2019, Defendant Ermatinger was served.  (ECF No. 18.)  Also, on March 11, 2019, Plaintiffs filed an Application for Temporary and Permanent Injunction (ECF No. 17), seeking an injunction to prevent the City from disclosing the release of information pursuant to a state court order.  The City has separately answered Plaintiffs' Application for Temporary and Permanent Injunction, as directed by the Court. (ECF Nos. 19, 41.)  On July 7, 2019, the Court denied without prejudice Plaintiffs' Application for Temporary and Permanent Injunction.  (ECF No. 97.)

The City Defendants filed a joint Rule 12(b)(6) motion to dismiss the claims against them on April 4, 2019.  (ECF No. 32.)  On April 29, 2019, Plaintiffs filed their Motion For Leave To File Second Amended Complaint, which all Defendants opposed.  (ECF No. 50.)  The Court granted Plaintiffs' motion for leave to file second amended complaint on April 29, 2019, mooting Defendants' motions to dismiss.  (ECF No. 52.)  On May 13, 2019, in response to the Plaintiffs' Second Amended Complaint, the City, Sayers and Ermatinger each filed a Rule 12(b)(6) motion to dismiss Plaintiffs' claims against them enumerated in the Second Amended Complaint.  (ECF Nos. 71, 72, 73.)  Plaintiffs responded to these motions to dismiss on June 3, 2019.  (ECF Nos. 84, 85.)  The City Defendants filed their respective replies on June 14, 2019.  (ECF Nos. 89, 90, 91.)  On June 20, 2019, the Court granted Defendant Moyé's Rule 12(b)(6) motion to Dismiss Plaintiffs' claims.  (ECF No. 92.)

On August 15, 2019, Plaintiffs filed a Motion For Leave to File Motion To Take Judicial Notice of search warrants not referenced in their Second Amended Complaint.  (ECF No. 98.)  The City Defendants file their response to Plaintiffs' Motion For Leave to File Motion To Take Judicial Notice on August 28, 2019.  (ECF No. 100.)  On October 5, 2019, Plaintiffs filed their Motion For Leave To File Third Amended Complaint.  (ECF No. 102.)  The City Defendants opposed Plaintiffs' Motion For Leave To File Third Amended Complaint the motion.  (ECF No. 103.)

On November 19, 2019, the Court granted Plaintiffs' motion for leave to file a third amended complaint.  (ECF No. 114.)  On December 2, 2019, Plaintiffs filed an unopposed motion to extend the time to file Plaintiffs' Third Amended Complaint until December 6, 2019, (ECF No. 115) which the Court granted.  (ECF No. 116.)  On December 8, 2019 the Plaintiffs filed a motion for leave to file their third amended complaint out of time.  (ECF No. 117.)  Defendant Dallas County filed a response to Plaintiffs' motion and noted that the Plaintiffs had exceeded the Court's order permitting amendment.  (ECF No. 118.)  On December 11, 2019, the Court denied the Plaintiffs' motion for leave to untimely file the third amended complaint and instructed the Plaintiffs that they must file their third amended complaint in conformity with the restrictions of the Court's November 19, 2019 order. (ECF No. 119.)  On that same date, Plaintiffs filed a motion for leave to file a Fourth Amended Complaint.  (ECF No.120.)  On December 12, 2019, the Plaintiffs filed their Third Amended Complaint in conformance with the Court's order.  (ECF No. 121.)  On December 13, 2019, the Court denied Plaintiffs' motion for leave to file a Fourth Amended Complaint.  (ECF No. 122.)  On December 31, 2019, Defendant Dallas County filed its motion to dismiss the Plaintiffs' Third Amended Complaint under Rule 12(b)(6).  (ECF No. 125.)  On January 6, 2020, the City, Sayers, and Ermatinger filed their respective motions to dismiss the Plaintiffs' Third Amended Complaint under Rule 12(b)(6).  (ECF Nos. 127, 128, 129.)  The same

day, D Magazine Partners, Allison Media, and Jamie Thompson filed their motion to dismiss the Plaintiffs' Third Amended Complaint under Rule 12(b)(6).  (ECF No. 130.)  Also, on January 6, 2020, Plaintiffs filed their Motion To Amend Order.  (ECF No. 126.)  The City Defendants now urge the Court to deny Plaintiffs' Motion to Amend Order.

## III.    ARGUMENT & AUTHORITY

Although leave to amend under Rule 15(a) is to be "freely given, that generous standard is tempered by the necessary power of a district court to manage a case."  *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir.1987)).  In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[A]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller*, 342 F.3d at 567.

To allow Plaintiffs to file a fourth amended complaint that adds RICO and estoppel causes of action would unduly delay this case and would prejudice all Defendants.  Over a year ago on Plaintiffs filed their Original Complaint and Plaintiffs have unduly delayed in seeking to add new claims.  Plaintiffs seek to amend their complaint based on their contention that they "worked diligently to expand their understanding of the use of the RICO statute and its application in their case." (Motion at p. 4.)  Plaintiffs filed their Original Complaint on January 8, 2019, over a year ago.  (ECF No. 3.)  Since then, the City Defendants and each of the other remaining Defendants in this matter have filed and fully briefed three Motions to Dismiss in this lawsuit.

Plaintiffs now file their Motion asking the Court to reconsider its decision and allow Plaintiffs to amend their complaint adding a RICO claim against the City. Throughout this litigation, Plaintiffs have not sought to add the RICO claims until Plaintiffs "sought counsel from one of the foremost authorities on RICO and studied the material he kindly provided." (Motion at p. 4.) Plaintiffs offer an insufficient basis for their undue delay in seeking to add new claims. Plaintiffs' request is not because of newly discovered evidence, but because Plaintiffs found a California case they believe is similar and have consulted an attorney about their alleged RICO claim.

Plaintiffs also seek to add an estoppel claim because "Plaintiffs had never been aware there was a basis to bring a claim for estoppel regarding the Media Defendants until November 29, 2019, when Vodicka met with a Miami attorney as part of Plaintiffs' never-ending effort to obtain legal counsel. During the consultation, the attorney suggested that Plaintiffs add an affirmative claim of estoppel. (Motion at p. 5.) Part of Plaintiffs basis for amendment to add the estoppel claim is the Florida Court "shockingly" dismissed the claims against the Media Defendants without considering the legal principle of estoppel. (*Id.*)

A substantial period of almost four years has elapsed since the alleged events occurred. Allowing Plaintiffs to amend their complaint a fourth time will cause needless undue delay. "[P]leadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004); *see also United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding that leave to amend was properly denied where the plaintiff had two prior opportunities to amend the complaint and the district court had once before granted

leave to cure the complaint's lack of specificity).  The record amply demonstrates that the Plaintiffs have had a fair opportunity to plead and present their best case.

As the Court's order noted, undue delay compelled the Court to deny Plaintiffs' motion to file their proposed Fourth Amended Complaint.  (ECF No. 122.)  Plaintiffs "record of clogging this litigation with ever-changing operative complaints hinders the expeditious disposition of [their] claims."  (ECF No. 122) *citing Jaser v. AT&T Servs.*, 2019 WL 1748434, at *2 (N.D. Tex. Apr. 2, 2019), report and recommendation adopted, 2019 WL 1745993, at *1 (N.D. Apr. 17, 2019). Accordingly, allowing Plaintiffs to file a Fourth Amended Complaint will unnecessarily delay resolution of this action.  For these reasons, the Court should deny Plaintiffs' Motion.

**PRAYER**

The City Defendants request that the Court deny Plaintiffs' Motion.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

*s/ Amy I. Messer*
Amy I. Messer
Senior Assistant City Attorney
Texas Bar No. 00790705
amy.messer@dallascityhall.com

7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

*Attorneys for the City of Dallas, Sayers, and Ermatinger*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all pro se parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

_s/ Amy I. Messer_____
Senior Assistant City Attorney