UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| D MAGAZINE PARTNERS, L.P., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants D. Magazine Partners, L.P., Allison Media, Inc., and Jamie Thompson's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 130). Because the Court concludes that all of Plaintiffs' claims against Defendants are barred by the statute of limitations, the Court **GRANTS** Defendants' motion and **DISMISSES** all claims against Defendants **WITH PREJUDICE**.

## I.

## BACKGROUND[1]

A. *Factual History*

Plaintiffs, Steven B. Aubrey and Brian E. Vodicka, are a married couple that lived in Dallas, Texas, when the following events occurred. Doc. 121, Third Am. Compl. (TAC), ¶¶ 27 (5), 38 (6). On May 13, 2016, Ira Tobolowsky died in a suspicious early morning fire at his home. *Id.* ¶ 28 (5).

---

[1] Only pertinent facts for this motion to dismiss have been included for the sake of brevity. The third amended complaint consists of 487 paragraphs spanning 110 pages. Because the third amended complaint consists of inconsistent paragraph numbering, the Court cites the paragraph to which it refers, followed by the page number in parentheses, throughout this Order.

Days later, the Dallas Police Department (DPD) contacted Vodicka about the murder. *See id.* ¶ 36 (6).

Next, over a five-month period that began in May 2016, Plaintiffs allege, City of Dallas and its employees "submitted 11 perjured affidavits for search warrants" to investigate Aubrey and Vodicka in relation to the Tobolowsky murder. *Id.* ¶ 46 (7–8). Ultimately, Plaintiffs explain, they were never "convicted, indicted, charged, arrested or named as suspects for the murder of Ira Tobolowsky." *Id.* ¶ 29 (5).

About one year after the investigation, Plaintiffs allege, Defendant–Detective Robert L. Ermatinger had retired from DPD and "shar[ed] false information" with Defendant D Magazine, a local news outlet, about Plaintiffs and the Tobolowsky murder investigation. *See id.* ¶ 45 (7).

Thereafter, Defendants D Magazine, Allison Media, and Jamie Thompson "published three online short story and video cliffhanger ads," along with an extensive story in D Magazine's May 2017 issue ("the Article"), which all "suggested that [Defendants] had solved the crime that DPD investigators could not." *Id.* ¶¶ 258–60 (57). In other words, according to Plaintiffs, Defendants' publications implied Plaintiffs were guilty of the Tobolowsky murder. *See id.* ¶ 257 (56). Plaintiffs allege that Defendants' various publications occurred on April 26, 2017; May 3, 2017; May 8, 2017; and May 9, 2017. *Id.* ¶¶ 389–90 (73); 259 (57); 348 (65). Based on the allegedly defamatory publications, Plaintiffs bring a variety of claims against Defendants. *Id.* ¶¶ 408–84 (93–109).[2]

---

[2] Though each claim is against "D Magazine," Plaintiffs use this term to refer collectively to Defendants D Magazine, Allison Media, and Jamie Thompson. *Id.* ¶ 13 (2).

*B.    Procedural History*

Plaintiffs originally filed a complaint in the Southern District of Florida on May 17, 2018. *See* Complaint, *Aubrey v. D Magazine Partners, L.P.*, No. 18-CV-61117 (S.D. Fla. Nov. 8, 2018), ECF No. 1. The district court dismissed the complaint on November 8, 2018, due to a lack of personal jurisdiction. *See* Omnibus Order, *Aubrey v. D Magazine Partners, L.P.*, No. 18-CV-61117 (S.D. Fla. Nov. 8, 2018), ECF No. 122.

Thereafter, Plaintiffs filed their complaint in this Court on January 8, 2019, bringing claims against Defendants D Magazine Partners, L.P.; Allison Media, Inc.; Jamie L. Thompson; Robert L. Ermatinger, Jr.; Scott Robert Sayers; Judge Eric Vaughn Moyé; City of Dallas; Dallas County; and Does 1-20. *See* Doc. 3, Compl. One day later, Plaintiffs filed an amended complaint. *See* Doc. 4, Notice of Correction. In response to Plaintiffs' amended complaint, all named Defendants filed motions to dismiss. *See* Doc. 21, Mot. to Dismiss; Doc. 29, Mot. to Dismiss; Doc. 31, Mot. to Dismiss; Doc. 32, Mot. to Dismiss. Subsequently, Plaintiffs sought to amend their operative complaint. *See* Doc. 47, Pls.' Mot. for Leave to File Am. Compl. Three days later—before this Court ruled on Plaintiffs' motion—Plaintiffs filed another motion for leave to amend the complaint, which Defendants opposed. *See* Doc. 50, Pls.' Mot. for Leave to File Second Am. Compl., 1–2. The Court granted Plaintiffs' motion, and Plaintiffs then filed their second amended complaint. *See* Doc. 52, Electronic Order; Doc. 54, Pls.' Second Am. Compl.

Subsequently, all named Defendants moved to dismiss the claims in the operative complaint. *See* Doc. 63, Mot. to Dismiss; Doc. 65 Mot. to Dismiss; Doc. 67, Mot. to Dismiss; Doc. 71, Mot. to Dismiss; Doc. 72, Mot. to Dismiss; Doc. 73, Mot. to Dismiss. On June 20, 2019, the Court dismissed all claims against Defendant Judge Moyé. *See* Doc. 92, Mem. Op. & Order.

Thereafter, Plaintiffs sought leave to file a third amended complaint. *See* Doc. 102, Pls.' Mot. for Leave to File Third Am. Compl. The Court granted leave to amend only "insofar as they [sought] to include allegations of six newly-discovered search-warrant affidavits." Doc. 114, Order, 10. Thus, the third amended complaint (Doc. 121) is now the operative complaint in this case.

Defendants D Magazine, Allison Media, and Jamie Thompson filed a motion to dismiss the third amended complaint (Doc. 130) on January 6, 2020. Plaintiffs then responded (Doc. 139), and Defendants thereafter filed a reply brief (Doc. 143). Accordingly, the motion is now ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up). And "[a]lthough dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

## III.

## ANALYSIS

Plaintiffs bring several claims against Defendants under Florida and Texas state law: libel per se under Florida law; defamation under Florida law; defamation by implication under Florida law; defamation per se under Texas law; defamation per quod under Texas law; civil conspiracy for invasion of privacy under Texas law; invasion of privacy under Texas law; intentional infliction of emotional distress (IIED) under Texas law; and fraudulent inducement under Texas law. *See* Doc. 121, TAC, ¶¶ 408–15 (93–95); 416–26 (95–98); 427–38 (98–100); 439–46 (100–02); 447–54

(102–05); 455–61 (105–06); 462–67 (106); 468–76 (106–08); 477–84 (108–09).[3] Plaintiffs have since conceded that the Court should dismiss Vodicka's Texas law claims for defamation per se and defamation per quod. Doc. 139, Pls.' Resp., 2. Accordingly, the Court **DISMISSES** both claims **WITH PREJUDICE**.

As to Plaintiffs' other claims, Defendants contend that Plaintiffs have: (1) brought claims barred under the applicable statute of limitations, and (2) failed to state claims upon which relief may be granted. *See* Doc. 130, Defs.' Mot., 1–2. Below, the Court addresses whether Plaintiffs' claims are time-barred. Because the Court concludes that Plaintiffs' claims against Defendants are time-barred and thus subject to dismissal, the Court declines to address the sufficiency of Plaintiffs' allegations.

A.  *Whether the Statute of Limitations Bars Plaintiffs' Claims*

As to Plaintiffs' remaining state-law claims, Defendants assert that they are all barred pursuant to the applicable statute of limitations under Texas law. Doc. 130, Defs.' Mot. to Dismiss, 1. In their response, Plaintiffs suggest that the Court should apply the Florida statute of limitations to Plaintiffs' claims, because had the district court in the Southern District of Florida elected to transfer Plaintiffs' case, rather than dismiss it, Florida law would govern here. *See* Doc. 139, Pls.' Resp., 9–10.[4]

As an initial matter, the Court rejects Plaintiffs' transfer argument. The Fifth Circuit has held that "following a section 1404(a) transfer from a district in which personal jurisdiction over the

---

[3] Vodicka, rather than both Plaintiffs, brings the defamation per se and defamation per quod claims.

[4] Plaintiffs also appear to claim that Vodicka is disabled because he receives disability income pursuant to the Ryan White Care Act, and that this warrants tolling of the statute of limitations under Texas Civil Practice and Remedies Code § 16.001. *See* Doc. 121, TAC, ¶ 23 (3); *see also id.* ¶ 448 (102). This does not amount to disability under § 16.001 (defining "legal disability" as being under eighteen-years-old or of "unsound mind").

defendant could not be obtained, the transferee court must apply the choice of law rules of the state in which it sits . . . ." *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981). Given that the district court in the Southern District of Florida found that it lacked personal jurisdiction over the Defendants in this case, even if the court had elected to transfer the action, this Court—as the transferee court—would still be bound by Texas choice-of-law rules.

Now, the Court turns to the applicable statute of limitations for Plaintiffs' remaining claims: libel per se under Florida law; defamation under Florida law; defamation by implication under Florida law; civil conspiracy for invasion of privacy under Texas law; invasion of privacy under Texas law; IIED under Texas law; and fraudulent inducement under Texas law.

Generally, "a federal court applies the choice-of-law rules of the state in which it sits." *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998). Further, "[t]he Fifth Circuit has held that Texas applies its own statute of limitations, regardless [of] what substantive law applies." *Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, 2004 WL 57215, at *3 (N.D. Tex. Jan. 5, 2004) (citations omitted).[5] For defamation claims, Texas has a one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a). This "one-year limitation likewise applies to other causes of action for which the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741–42 (5th Cir. 2019) (citations omitted). Further, these defamation-related claims accrue, for statute-of-limitations purposes, on the "first date of publication," irrespective of

---

[5] Because of this principle, the Court need not decide whether Florida or Texas substantive law governs Plaintiffs' claims.

whether the alleged defamatory statement is in print or on the Internet. *See id.* at 742 (citations omitted).

Here, Plaintiffs' claims are premised upon D Magazine's publication of a number of allegedly defamatory statements. *See* Doc. 121, TAC, ¶¶ 408–15 (93–95) (libel per se claim); 416–26 (95–98) (defamation claim); 427–38 (98–100) (defamation by implication claim); 455–61 (106) (civil conspiracy claim); 462–67 (106) (invasion of privacy claim); 468–76 (106–08) (IIED claim); 477–84 (108–09) (fraudulent inducement claim). Specifically, Plaintiffs allege that D Magazine published various allegedly defamatory statements on April 26, 2017; May 3, 2017; May 8, 2017; and May 9, 2017. *See id.* ¶¶ 259 (57), 348 (65).

Two of Plaintiffs' claims sound in defamation, and "the gravamen of [Plaintiffs' remaining claims] is injury to [Plaintiffs'] reputation because of allegedly defamatory statements." *See Walker*, 938 F.3d at 741–42; Doc. 121, TAC, ¶ 413 (94) (libel per se claim); 461 (105–06) (civil conspiracy claim); 467 (106) (invasion of privacy claim); 476 (107–08) (IIED claim); 484 (109) (fraudulent inducement claim). Thus, all seven claims are subject to Texas's one-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.002(a); *Walker*, 938 F.3d at 741–42.

As noted by Defendants, the latest date alleged by Plaintiffs upon which a defamatory publication occurred is May 9, 2017. Doc. 130, Defs.' Mot. to Dismiss, 9; *see also* Doc. 121, TAC, ¶ 348 (65). But Plaintiffs did not bring any of these claims until May 17, 2018—at the earliest. Doc. 121, TAC, ¶ 20 (3).[6] Accordingly, Plaintiffs' libel per se, defamation, defamation by implication, civil

---

[6] Defendants point out that because Plaintiffs did not bring some of these claims in their initial action in the Southern District of Florida, these claims were filed even later. *See* Doc. 130, Defs.' Mot., 9. Regardless of this distinction, all of Plaintiffs' claims against Defendants are time-barred.

conspiracy, invasion of privacy, IIED, and fraudulent inducement claims are time-barred by the one-year statute of limitations, and the Court **DISMISSES** these claims against Defendants **WITH PREJUDICE**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion (Doc. 130) and **DISMISSES** all claims against Defendants D Magazine, Allison Media, and Jamie Thompson **WITH PREJUDICE**.

**SO ORDERED.**

**SIGNED: March 26, 2020**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE