UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L. ERMATINGER, JR. and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Steven B. Aubrey's Motion to Reconsider Steven B. Aubrey's Termination as a Plaintiff; and for Leave to Amend or Supplement Complaint; and for Joinder of Additional Defendant (Doc. 190). For the reasons that follow, the Court **DENIES** the motion. Further, the Court **DISMISSES** all claims remaining in this case against John Doe defendants.

## I.

## BACKGROUND[1]

The Court will not recount this case's entire history here. Rather, the Court hereby incorporates the Background sections of its previous orders—particularly the order denying Steven B. Aubrey and Brian Vodicka (collectively, "Plaintiffs") leave to file a fourth amended complaint (Doc. 122), orders on motions to dismiss Plaintiffs' claims (Docs. 151–54), and order denying summary judgment on one of Vodicka's claims against Scott Robert Sayers and Robert L. Ermatinger

---

[1] Throughout this Order, when the Court refers to the operative complaint, it will cite the paragraph to which it refers followed by the corresponding page number in parentheses.

- 1 -

(collectively, "Defendants") (Doc. 186).

Of note here, on December 7, 2020, the Court granted summary judgment in favor of Defendants on all claims remaining against them—the only claims remaining against any named defendant in this case—with the exception of one claim: Vodicka's 42 U.S.C. § 1983 warrantless-entry claim against Defendants. *See* Doc. 186, Mem. Op. & Order, 9, 41. Thereafter, the Court ordered the Clerk's Office to terminate Aubrey as a plaintiff because the Court had disposed of all of his remaining claims. Doc. 187, Status Report Order, 1.

Now, Aubrey seeks to be reinstated as a plaintiff. *See* Doc. 190, Aubrey's Mot., 1. He explains that although the Court dismissed his malicious-prosecution claim against the City of Dallas, it has not yet dismissed this claim as to the "John Doe" defendants alleged in the operative complaint, and by way of information received through discovery, he has now identified Defendants, along with another detective, Saul Monsisvais, as the John Does defendants. *See id.* at 2–3. Thus, Aubrey seeks reinstatement as a plaintiff and leave to amend the complaint to name these three individuals as defendants in his malicious-prosecution claim. *Id.* at 2. Additionally, he urges the Court to reinstate him as a plaintiff in the § 1983 warrantless-entry claim because he "was inadvertently not included" in this claim. *Id.* at 8 n.3. Aubrey's motion for reinstatement is ripe for review, and the Court considers it below.

## II.

## ANALYSIS

The Court first addresses Aubrey's request for reinstatement and leave to amend the operative complaint. In sum, Aubrey's request to name new defendants is futile. And insofar as he seeks reinstatement as a plaintiff in Vodicka's warrantless-entry claim, such relief would be

prejudicial to Defendants, and Aubrey has unreasonably delayed in seeking this relief. For these reasons (among others), the Court denies Aubrey's motion in all respects. Thereafter, the Court *sua sponte* dismisses all claims alleged against John Doe defendants under Federal Rule of Civil Procedure 12(b)(6).[2]

A.  *The Court Will Not Reinstate Aubrey or Permit Him to Amend the Malicious-Prosecution Claim.*

Aubrey provides two bases for his reinstatement as plaintiff: his discovery of evidence to name the John Doe defendants in his malicious-prosecution claim and his inadvertence in failing to name himself as a plaintiff in Vodicka's warrantless-entry claim. Neither basis warrants reinstatement.

First, Aubrey's proposed amendment to the malicious-prosecution claim is futile. Namely, to the extent that Aubrey seeks to hold Defendants and Monsisvais liable in their official capacities, they are entitled to governmental immunity. *See* Doc. 154, Mem. Op. & Order, 28–29 (citing, *inter alia*, *Humphreys v. City of Ganado*, 467 F. App'x 252, 256–57 (5th Cir. 2012) (per curiam)); *see also Cameron v. Tyler Cnty.*, 2020 WL 5525032, at *1 (E.D. Tex. Sept. 15, 2020) ("As malicious

---

[2] In a footnote within his reply brief, Aubrey mentions the Court's granting of summary judgment in favor of Defendants on two claims that were not raised in the operative complaint. *See* Doc. 193, Aubrey's Reply, 3 n.1; Doc. 186, Mem. Op. & Order, 24–25. Specifically, the Court held that Vodicka did not allege a § 1983 claim premised upon *Malley v. Briggs*, 475 U.S. 335 (1986); rather, he alleged liability based on *Franks v. Delaware*, 438 U.S. 154 (1978). *See* Doc. 186, Mem. Op. & Order, 24. Likewise, the Court held that Plaintiffs did not raise a § 1983 claim based on the use of stale information in search-warrant affidavits; instead, Plaintiffs contested the accuracy of the information. *See id.* at 25. Aubrey states that these rulings "deserve[] reflection." Doc. 193, Aubrey's Reply, 3 n.3. In response, the Court notes the following: First, though Aubrey suggests that Vodicka should not be required to plead liability under *Malley* because he should "not be held to a strict standard in describing [his] theory of recovery," *id.* (citation omitted), Plaintiffs affirmatively pleaded *Malley* liability against the City of Dallas. *See* Doc. 121, Third Am. Compl., ¶ 390 (89). Second, the Court, as well as Plaintiffs, treated this claim as alleging a *Franks* violation, not a *Malley* violation, throughout this litigation. *See, e.g.*, Doc. 151, Mem. Op. & Order, 14; Doc. 164, Pls.' Br., 27. Third, with respect to the staleness claim, Plaintiffs' operative complaint is devoid of any reference to staleness or outdated information. *See generally* Doc. 121, Third Am. Compl. Thus, upon reflection, the Court stands by its rulings.

prosecution is an intentional tort, . . . the individuals in their official capacities are entitled to governmental immunity on this claim."). Nor may Aubrey now hold the detectives liable for malicious prosecution in their individual capacities. By filing his malicious-prosecution claim against the City of Dallas, Aubrey made "an irrevocable election" under Texas Civil Practice and Remedies Code § 101.106, "forever relinquish[ing] his right to recover" against individual employees of the City of Dallas. *See Cameron*, 2020 WL 5525032, at *1–2 (citations omitted).

Because Aubrey is barred from bringing his malicious-prosecution claim against City of Dallas employees, whether identified in his motion or not, his malicious-prosecution claim against John Doe defendants fails to state a claim upon which relief may be granted. Consequently, the Court **DENIES** leave to amend under Federal Rule of Civil Procedure 15. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (stating that leave to amend under Rule 15 "may be denied when it would . . . be futile" (citation omitted)).

Further, because Aubrey's proposed amendment is futile, there is no judicial economy in joining him as a plaintiff or Monsisvais as a defendant under Federal Rule of Civil Procedure 20. *See* Doc. 190, Aubrey's Mot., 9 (relying upon Rule 20); *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017) (noting that district courts may refuse joinder under Rule 20 based on, among other considerations, ensuring judicial economy (citation omitted)). Likewise, since Aubrey cannot maintain a claim against the proposed defendants he has identified, the Court denies Aubrey's alternative request for reinstatement as a plaintiff under Federal Rule of Civil Procedure 60. *See* Doc. 190, Aubrey's Mot., 10; *United States ex rel Gage v. Davis S.R. Aviation, L.L.C.*, 658 F. App'x 194, 198 (5th Cir. 2016) (per curiam) ("Because the result would not be different even if the district court considered the [newly discovered evidence], Rule 60(b) relief is not warranted."

(citation omitted)).[3]

In sum, because Aubrey cannot maintain a malicious-prosecution claim against the individual detectives, the Court **DENIES** Aubrey's request for amendment and reinstatement under Rules 15, 20, and 60.[4]

Second, Aubrey's failure to name himself as a plaintiff in a claim alleged over a year ago—and subsequently litigated for one year—is not a ground for reinstating him as plaintiff. Aubrey explains that he "was inadvertently not included in Vodicka's claim for warrantless entry," Doc. 190, Aubrey's Mot., 8 n.3, which is the only claim remaining against Defendants. *See* Doc. 186, Mem. Op. & Order, 41. Aubrey received five chances to plead his best case, and the parties have spent significant time and resources litigating the merits of this case. Permitting Aubrey to join Vodicka's warrantless-entry claim after the parties have already briefed—and the Court has already evaluated—the merits of this claim at both the motion-to-dismiss and summary-judgment stages would be the epitome of prejudicial. Further, Aubrey's delay in correcting his "inadvertent[]" mistake

---

[3] Additionally, Aubrey has not shown how the Court's order terminating him as a party constitutes a final order under Rule 60. *See Zerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356 (5th Cir. 1989) ("Rule 60(b) is a vehicle for seeking relief from *final* orders or judgments." (emphasis in original)); *Cambridge Strategics, LLC Cook v. Grp. Affiliates, LLP*, 2012 WL 12883330, at *4 (N.D. Tex. Oct. 11, 2012 ("[R]ule 60(b) . . . applies only to orders and judgments that are final in nature."). Further, Aubrey's factual basis underlying amendment is not "newly discovered evidence"—he received the information nearly six months before filing his motion for reinstatement. Doc. 191, Defs.' Resp., 6. Indeed, Aubrey's delay—during a case that has dragged on for over two years due to repeated requests to amend the operative complaint—is another ground for denying his request for relief under Rules 15, 20, and 60. *See Morgan*, 969 F.3d at 248 (permitting denial of leave to amend under Rule 15 where amendment "would cause undue delay" (citation omitted)); *Fed. Ins. Co.*, 850 F.3d at 202 (stating courts may deny joinder under Rule 20 "in the interest of avoiding prejudice and delay" (citation omitted)); Fed. R. Civ. P. 60(c) (requiring any motion under Rule 60(b) to "be made within a reasonable time").

[4] Aubrey's motion for reinstatement also mentions Federal Rule of Civil Procedure 19, but Aubrey fails to explain how Rule 19 applies here. *See* Doc. 190, Aubrey's Mot., 6–7.

is entirely unreasonable. *See* Doc. 190, Aubrey's Mot., 8 n.3; *Morgan*, 969 F.3d at 248 (permitting denial of leave to amend under Rule 15 where amendment "would cause undue delay" (citation omitted)); *Fed. Ins. Co.*, 850 F.3d at 202 (stating courts may deny joinder under Rule 20 "in the interest of avoiding prejudice and delay" (citation omitted)); Fed. R. Civ. P. 60(c) (requiring any motion under Rule 60(b) to "be made within a reasonable time"). Accordingly, the Court **DENIES** Aubrey's request to join the warrantless-entry claim.

Finally, as explained below, any remaining claims asserted by Aubrey (or Vodicka) against John Doe defendants are subject to dismissal. Thus, the Court need not reinstate Aubrey as a plaintiff.

B.  *The Court Dismisses All Remaining Claims Against John Doe Defendants.*

Although Aubrey did not raise this issue in his motion for reinstatement, the Court finds it appropriate to dispose of the claims remaining against John Doe defendants in the operative complaint.[5] Below, the Court explains its authority to dismiss these claims. Thereafter, it dismisses the malicious-prosecution claim for the futility already discussed and explains why the two-year statute of limitations bars the other claims alleged against John Doe defendants.

1.  Under the circumstances, *sua sponte* dismissal is appropriate.

The Court may dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted so long as the procedure employed by the Court is fair. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (citations omitted). While fairness in some contexts may require

---

[5] Aside from the malicious-prosecution claim, Aubrey does not argue that any other claims against John Doe defendants remain. Nevertheless, the Court explains why all the claims asserted against John Doe defendants are not viable and dismisses them.

- 6 -

notice prior to dismissal, the Court need not provide notice "as long as the plaintiff has alleged his best case." *Id.* at 643 (citation and quotation marks omitted). For the sake of fairness, the Court may also need to provide an opportunity to respond. *See id.* at 642–43.

In this case, the Court finds *sua sponte* dismissal warranted. The malicious-prosecution claim is subject to dismissal based on Aubrey's inability to state a claim against individual defendants, and the remaining John Doe claims are subject to dismissal based on the statute of limitations. *Sua sponte* dismissal on these grounds is appropriate for two reasons.

First, Plaintiffs have received opportunities to brief these bases for dismissal. Namely, Defendants' response to Aubrey's motion for reinstatement points out that Aubrey cannot bring his malicious-prosecution claim against individual City of Dallas employees due to his irrevocable election. *See* Doc. 191, Defs.' Resp., 7; *see supra* Section II.A. Aubrey has not contested this. *See generally* Doc. 193, Aubrey's Reply. Likewise, Plaintiffs are aware of the statute-of-limitations issues presented by their claims. Indeed, in several motions to dismiss, the named defendants raised the statute of limitations. *See, e.g.*, Doc. 127, City of Dallas's Mot. to Dismiss, 6–7. In response, Plaintiffs did not suggest that the moving defendants inaccurately characterized the accrual date of Plaintiffs' claims or that equitable tolling applied. *See, e.g.*, Doc. 140, Pls.' Resp., 6–12. Rather, they relied upon a sixty-day statutory tolling provision. *See id.* Though the Court declined to dismiss Plaintiffs' § 1983 claims against the named defendants on statute-of-limitations grounds, it certainly provided Plaintiffs with notice that, absent the statutory tolling, these claims would be time-barred. *See, e.g.*, Doc. 154, Mem. Op. & Order, 7–11. Defendants again flagged the statute-of-limitations issue in their response to Aubrey's motion for reinstatement. *See* Doc. 191, Defs.' Resp., 9 ("No 'subsequent actions' are possible because the applicable statutes of limitations have long since tolled on all potential claims

arising out of the 2016 Tobolowsky murder investigation."). Aubrey failed to dispute this assertion. *See generally* Doc. 193, Aubrey's Reply. Thus, Plaintiffs have received opportunities to brief both bases for dismissal explained below.

Second, aside from notice, Plaintiffs received five chances to plead their case. *See* Doc. 154, Mem. Op. & Order, 29–30 (citation omitted). Accordingly, they have pleaded their "best case." *Lozano*, 489 F.3d at 643 (citation omitted).

Under these circumstances, *sua sponte* dismissal of the claims remaining against John Doe defendants is fair. *See id.* (citation omitted). Plaintiffs have received notice of the grounds for dismissal, opportunities to be heard with respect to these grounds, and five chances to plead their "best case." *Id.* (citation omitted).

2. Aubrey's malicious-prosecution claim fails due to Aubrey's election of remedies.

As explained above, by suing the City of Dallas, Aubrey forfeited his right to sue the City of Dallas's employees for malicious prosecution. *See supra* Section II.A. Accordingly, Aubrey's malicious-prosecution claim against John Doe defendants fails to state a claim upon which relief may be granted, and the Court **DISMISSES** the claim.

3. Plaintiffs' remaining claims against John Doe defendants are subject to dismissal because the claims are time-barred.

In addition to the malicious-prosecution claim, Plaintiffs' operative complaint alleges four other claims against John Doe defendants: § 1983 "*Monell*" claims based on unreasonable searches, excessive force, false arrest, and the distribution of confidential information. Doc. 121, Third Am. Compl., ¶¶ 351–60 (79–81); ¶¶ 361–81 (81–88); ¶¶ 382–90 (88–89); ¶¶ 395–407 (90–93). As detailed below, all four claims are subject to dismissal because any amendment to the claims naming

a John Doe defendant would be time-barred by the applicable two-year statute of limitations. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." (citations omitted)).

> *a. The statute of limitations on the four claims asserted against John Doe defendants has already expired.*

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citation omitted). Texas has a two-year statute of limitations for personal-injury claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Thus, all four claims are subject to a two-year statute of limitations period, meaning Plaintiffs must allege the claims against John Doe defendants within two years of the accrual of each claim.

The Court now turns to the accrual date for the remaining causes of action against the John Does. "Accrual of a § 1983 claim is governed by federal law[,]" and "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576 (cleaned up) (citations omitted). While the parties did not brief the accrual date for the remaining claims in litigating Aubrey's motion for reinstatement, the named defendants have previously argued, and Plaintiffs have not disputed, that the claims accrued in May 2016. *See, e.g.*, Doc. 127, City of Dallas's Mot. to Dismiss, 6; Doc. 140, Pls.' Resp., 6–7.

Indeed, the unreasonable-search and excessive-force claims rest on allegations of injuries occurring in May 2016. *See* Doc. 121, Third Am. Compl., ¶¶ 351–60 (79–81) (unreasonable-search

claim premised upon searches that occurred beginning in May 2016); ¶¶ 361–81 (81–88) (excessive-force claim premised upon fingerprinting occurring on May 19, 2016). As a result, these claims accrued in May 2016, and the two-year statute of limitations ran on these claims in May 2018. Even assuming the two-year period was tolled for sixty days due to the Southern District of Florida's dismissal for lack of personal jurisdiction,[6] the limitations period for the claims would nonetheless expire, at the latest, in January 2019. Thus, the statute-of-limitations period for the unreasonable-search and excessive-force claims expired over two years ago.

Next, based on Aubrey's allegations in the operative complaint, the false-arrest claim accrued sometime before October 18, 2018. Specifically, Aubrey alleges he had fourteen appearances represented by counsel in the criminal proceedings at issue prior to October 18, 2018. *See* Doc. 121, Third Am. Compl., ¶ 238 (53). Thus, his false-arrest claim accrued sometime before then. *See Reed v. Edwards*, 487 F. App'x 904, 905–06 (5th Cir. 2012) (per curiam) (explaining that false-arrest and false-imprisonment claims accrue on the date the plaintiff is held under legal process and concluding that the plaintiff's attendance of hearings, where she was represented by counsel, demonstrated she was held pursuant to legal process (citations omitted)). Accordingly, the false-arrest claim was barred by the two-year statute of limitations as of October 2020, at the latest.[7]

---

[6] In the parties' motion-to-dismiss briefing, they disputed whether the statute of limitations was tolled for sixty days by Texas Civil Practice and Remedies Code § 16.064 following the Southern District of Florida's dismissal for lack of personal jurisdiction. *See, e.g.*, Doc. 154, Mem. Op. & Order, 7–10 (discussing the parties' arguments regarding § 16.064). The Court held that at the motion-to-dismiss stage, the defendants had not met their burden to show that § 16.064 was inapplicable. *See, e.g.*, *id.* at 10–11.

[7] Aubrey also alleges that he posted bond on October 21, 2016. *See* Doc. 121, Third Am. Compl., ¶¶ 224–34 (51–52) (alleging arrest on October 20, 2016), ¶ 240 (53) (alleging he "post[ed] bond" the next day). His bond hearing also likely served as legal process sufficient to trigger the accrual of his false-arrest claim. *See Reed*, 487 F. App'x at 906 ("We conclude that a bond hearing satisfies the definition of legal process[.]"). Additionally, public records reflect that Aubrey was arraigned on October 21, 2016, *see*

Finally, even assuming the distribution-of-confidential-information claim alleges conduct by individuals other than Ermatinger,[8] Plaintiffs' allegations indicate that any alleged distribution of information ended in November 2016. *See* Doc. 121, Third Am. Compl., ¶ 250 (55) ("DPD employees and Det. Ermatinger were a constant source for leaking information about the active murder investigation until his retirement from DPD in November 2016."). Thus, the two-year statute of limitations expired by November 2018. Overall, for all four John Doe claims, the statute of limitations has already expired.

        b.     *Any amendment to the claims to name John Doe defendants would not relate back.*

Rule 15 permits an amendment naming a party to relate back only if, among other prerequisites, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Fifth Circuit has held that a proposed amendment naming previously unknown John Doe defendants does not "relate back" to the filing of the original complaint under Rule 15. *Jacobsen v. Osborne*, 133 F.3d 315, 321–22 (5th Cir. 1998). It reasoned that when a plaintiff lacks knowledge of a defendant's identity but later discovers the identity, there is no "mistake" permitting relation back under Rule 15. *Id.* at 321; *Balle v. Nueces Cnty.*, 952 F.3d

---

Arraignment Sheet, at 1, *State v. Aubrey*, No. M1661994, meaning his claim would have accrued on that date. *See Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (per curiam) ("A claim for false imprisonment accrues when the prisoner is detained pursuant to legal process, such as arraignment." (citation omitted)); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (permitting the Court to take judicial notice of public records in determining whether claims are subject to dismissal under Rule 12(b)(6)).

[8] The claim appears to rest entirely on Ermatinger's actions. *See* Doc. 121, Third Am. Compl., ¶¶ 395–407 (90–93).

552, 557–58 (5th Cir. 2017) (holding that the plaintiff's amendment to name previously unnamed defendants did not relate back to the original complaint (citing *Jacobsen*, 133 F.3d at 321–22)); *see also Dacus v. Doe*, 2009 WL 1159265, at *2 (N.D. Tex. Apr. 29, 2009) ("Were Plaintiff to amend his complaint at the present time to identify the five John Doe Defendants, his amendment would not relate back to when he commenced this action[.]"). Accordingly, here, even if Plaintiffs sought leave to substitute a named party for a John Doe defendant, this proposed amendment would not relate back under Rule 15.

Nor is there any basis for equitable tolling with respect to such an amendment. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citations omitted). But the Fifth Circuit has declined to apply equitable tolling where a plaintiff's "inability to determine the identities of [unnamed defendants] before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period." *Balle*, 952 F.3d at 558. Such is the case here. As demonstrated by the briefing and orders on the motions to dismiss Plaintiffs' claims, only through the potential application of a sixty-day tolling statute could Plaintiffs' claims even survive the statute of limitations in the first place. *See, e.g.*, Doc. 154, Mem. Op. & Order, 7–11. Indeed, Plaintiffs have never raised equitable tolling, despite numerous opportunities to do so. Accordingly, the record reflects that equitable tolling is inapplicable, and the Court will not *sua sponte* apply the doctrine to salvage Plaintiffs' John Doe claims—particularly given that Plaintiffs still have not identified the John Does.[9]

---

[9] Though Aubrey has offered named defendants for his malicious-prosecution claim, as the Court has already explained, he cannot maintain this claim against individuals now.

In sum, Plaintiffs' four claims against John Doe defendants fail to state a claim upon which relief may be granted, so the Court **DISMISSES** these claims.

## III.

## CONCLUSION

For the reasons explained above, the Court **DENIES** Aubrey's motion (Doc. 190). Further, the Court *sua sponte* **DISMISSES** all claims remaining against John Doe defendants under Rule 12(b)(6).

**SO ORDERED.**

**SIGNED: March 22, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE