IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:19-CV-0056-B |
| | § | |
| v. | § | |
| | § | |
| ROBERT ERMATIGER, JR. and | § | |
| SCOTT SAYERS, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO VACATE SETTLEMENT CONFERENCE

TO THE HONORABLE COURT:

Defendants Robert Ermatinger, Jr. and Scott Sayers move the Court to vacate the Court's Order signed on March 25 2021, directing the parties to participate in an in-person, court-supervised settlement conference no later than May 7, 2021. In support of their motion, Defendants respectfully show as follows:

1.  On March 25, 2021, the Court ordered the parties, at their request, to participate in an in-person, court-supervised settlement conference to be conducted at the Earle Cabell Federal Building in Dallas, Texas by United States Magistrate Judge Hal R. Ray, Jr., no later than May 7, 2021. (Dkt. No. 195.) The parties' joint request for a settlement conference was prompted by a series of conversations between Plaintiff Brian Vodicka and defense counsel earlier this year regarding the possible settlement of Mr. Vodicka's sole remaining claim against the Defendants – a Fourth Amendment warrantless entry claim.

2.  On April 2, 2021, Magistrate Judge held a status conference with the parties, at which time Mr. Vodicka requested that the settlement conference take place on April 13, 2021 to

coincide with his previously scheduled trip to Dallas. The Defendants accommodated Mr. Vodicka's request, and Judge Ray scheduled the settlement conference for April 13, 2021 (Dkt. No. 198).

3. On April 7, 2021, Mr. Vodicka provided defense counsel with a lengthy, detailed itemization of his claimed damages in accordance with Judge Ray's Order Setting Date for Settlement Conference (Dkt. No. 198). This document revealed that the parties have (1) fundamentally divergent views about Mr. Vodicka's alleged compensable damages, and (2) polar opposite settlement positions.

4. On April 8, 2021, Mr. Vodicka and defense counsel discussed thoroughly their evaluation of Mr. Vodicka's claim and respective damages calculations. That conversation confirmed the enormous distance between the parties' assessment of Mr. Vodicka's claim. At the conclusion of their conversation, Mr. Vodicka and defense counsel agreed that a settlement conference would be unproductive and futile because the parties' settlement positions are unlikely to change; and that the parties did not want Magistrate Judge Ray to spend time unnecessarily preparing for, traveling to, and conducting the settlement conference. Mr. Vodicka accepted defense counsel's offer to notify the Court of their agreement via e-mail, and to prepare a joint motion for Mr. Vodicka's review. Defense counsel completed both tasks and emailed the draft joint motion and proposed agreed order to Mr. Vodicka that same day.

5. Mr. Vodicka did not respond to defense counsel's email. Instead, he emailed Judge Ray on the morning of April 9, 2021, indicating that he had changed his mind and wanted the settlement conference to proceed. Thereafter, Mr. Vodicka emailed defense counsel a "formal settlement offer" demanding ***many millions of dollars, which was a sum far greater*** than the

amount demanded in his itemized damages calculation provided to defense counsel *__just two days earlier__* on April 7, 2021.

6. Mr. Vodicka's recent settlement demand makes clear that proceeding with the settlement conference on April 13, 2021 would be an exercise in futility. The point of settlement negotiations is to try and resolve the parties' dispute by moving their settlement positions closer together. Here, Mr. Vodicka's settlement demands have increased, and the broad spectrum of damages that he seeks is not grounded in law or fact. Even if Mr. Vodicka were to prevail on liability at trial, he has no evidence to establish actual damages more than a nominal amount.

7. Therefore, to avoid unnecessary litigation costs and waste of judicial resources, Defendants respectfully move the Court to vacate its order requiring the parties participate in an in-person, court-supervised settlement conference. Alternatively, Defendants request that the Court amend its order to relieve Defendants and a representative of the City of Dallas from attending the settlement conference in person and permit defense counsel to attend on their behalf. If the Court permits this arrangement, defense counsel will ensure that the Defendants and a City of Dallas representative with authority to negotiate a settlement on behalf of Defendants are available by telephone or video conference if consultation with them becomes necessary. Defendants reiterate their appreciation for this Court's and Judge Ray's efforts to assist the parties in resolving this case.

WHEREFORE, Defendants Robert Ermatinger, Jr. and Scott Sayers respectfully ask the Court to grant their motion; vacate its order requiring a settlement conference; and grant any further relief consistent with this motion.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

*/s/ Lindsay Wilson Gowin*
Senior Assistant City Attorney
Texas State Bar No. 24111401
Cell: 312-371-4264
lindsay.gowin@dallascityhall.com

Devin Alexander
Senior Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:    214-670-3519
Telecopier:   214-670-0622

ATTORNEYS FOR DEFENDANTS SCOTT SAYERS AND ROBERT ERMATINGER, JR.

## CERTIFICATE OF CONFERENCE

I certify that on April 8-9, 2021, Plaintiff Brian Vodicka and I discussed the basis of this motion and the requested relief via both telephone and e-mail. Mr. Vodicka indicated his opposition via e-mail on April 9, 2021.

*/s/ Lindsay Wilson Gowin*
Senior Assistant City Attorney

## CERTIFICATE OF SERVICE

      I certify that on April 9, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                              */s/ Lindsay Wilson Gowin*
                                              Senior Assistant City Attorney