UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L. ERMATINGER, JR. and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Brian E. Vodicka's Motion for Change of Venue for Trial (Doc. 209). For the reasons set forth below, the Court **DENIES** the motion.

### I.

### BACKGROUND

The Court will not recount this case's entire history here. Rather, the Court hereby incorporates the Background sections of its previous orders—particularly the order denying summary judgment on Vodicka's 42 U.S.C. § 1983 warrantless-entry claim against Defendants Scott Robert Sayers and Robert L. Ermatinger, Jr. (collectively, "Defendants"), and the order on Defendants' motion to dismiss. *See* Doc. 186, Mem. Op. & Order, 2–9 (summarizing the relevant facts of this case); Doc. 151, Mem, Op. & Order, 3–5 (summarizing the procedural history of this case).

Of note here, Vodicka filed this case in the Northern District of Texas on January 8, 2019, after facing dismissal of his claims in the Southern District of Florida for lack of personal jurisdiction. Doc. 151, Mem. Op. & Order, 3–4 (citations omitted). The relevant events giving rise to Vodicka's

warrantless-entry claim—the only remaining claim in this case—occurred in Dallas. Doc. 186, Mem. Op. & Order, 6–9 (detailing the warrantless entry); Doc. 169-1, Defs.' App., 15 (providing the address of Vodicka's residence in Dallas County). After Vodicka and Defendants unsuccessfully attempted to settle the claim, *see* Doc. 205, Minute Entry Proceedings, the Court re-set the case for an October 25, 2021, trial. Doc. 206, Am. Scheduling Order, 1.

Approximately one month after the Court re-set the trial date, Vodicka filed his motion to transfer venue (Doc. 209). In the motion, Vodicka asks the Court, due to publicity of the murder investigation giving rise to his warrantless-entry claim, to transfer the case "to an out-of-state, metropolitan venue offering a jury pool substantially more likely to render an unbiased decision" or to "the least prejudicial venue in" Texas: the Southern District of Texas, Houston Division. Doc. 209, Pl.'s Mot., 25. Defendants filed a response (Doc. 210) in opposition to the motion, and Vodicka's deadline to file a reply brief has passed. Accordingly, Vodicka's motion is now ripe for review.

## II.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division if: (1) the plaintiff could have brought that action there originally, and (2) the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." The party seeking transfer must prove both elements. *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007).

In assessing the second prong, courts engage in a multi-factor inquiry. *See Volkswagen II*, 545

F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the [governing law]; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If "the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also Volkswagen II*, 545 F.3d at 315. A court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis v. City of Fort Worth*, 2014 WL 2915881, at *2 (N.D. Tex. June 25, 2014). "A plaintiff's choice is normally entitled to deference, but when [he] files suit outside [his] home forum, the weight accorded to the choice is diminished." *Id.* (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011) (citations omitted)).

## III.

## ANALYSIS

As explained below, the Court denies Vodicka's motion to transfer this case. First, Vodicka has not shown venue is proper in an unspecified, out-of-state district, nor has he explained how venue would be proper in the Southern District of Texas. Second, the applicable § 1404(a) convenience factors weigh against transfer. Third, even considering Vodicka's evidence of pretrial

publicity as an interest-of-justice consideration, the Court concludes transfer is not warranted.

A.  *Vodicka Has Not Shown that the Action Could Have Been Brought in the Proposed Forums.*

In assessing a motion to transfer under § 1404(a), the Court must first decide "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I*, 371 F.3d at 203. Vodicka has not briefed this issue, and upon its own review, the Court finds no basis for venue in any out-of-state district or in the Southern District of Texas. Specifically, these proposed forums are not where "any defendant resides" or where "a substantial part of the events or omissions giving rise to [Vodicka's] claim occurred[.]" *See* 28 U.S.C. § 1391(b).[1] Accordingly, transfer under § 1404(a) is improper. Nevertheless, the Court applies the relevant § 1404(a) factors below.

B.  *The Applicable § 1404(a) Factors Weigh Against Transfer.*

Despite concluding venue is improper in the proposed transferee forums, the Court nonetheless considers the § 1404(a) private and public interest considerations relevant here.[2] The first private interest factor, the relative ease of access to sources of proof, weighs in favor of keeping this case in Dallas—the location of the alleged warrantless entry—as this is where most evidence and Defendants, two likely witnesses, are located. Doc. 210, Defs.' Resp., 4. Likewise, the third private interest factor, the cost of attendance for willing witnesses, likely weighs against transfer: both Defendants reside in Dallas, Vodicka is the only out-of-state party, and Vodicka has not identified

---

[1] Section 1391(b) also permits venue in "any judicial district in which any defendant is subject to the court's personal jurisdiction," but this provision only applies "if there is no district in which an action may otherwise be brought" under § 1391(b).

[2] Vodicka has not argued that any of the § 1404(a) convenience factors weigh in favor of transfer. *See* Doc. 209, Pl.'s Mot., 23–24. Meanwhile, Defendants brief some of the factors. *See* Doc. 210, Defs.' Resp., 4. The Court addresses only those factors it finds relevant based on the briefing.

any witness whose cost of attendance would decrease in an out-of-state district or the Southern District of Texas. Lastly, in considering any other practical problems involved in trying this case, the Court notes that this case has a lengthy factual and procedural background, and this Court is most familiar with this background. Further, this case has been pending for over two years, yet Vodicka moved to transfer the case—based on publicity primarily occurring *years* before the case was filed—three months before trial. Moving this case to another district—mere months before trial begins—would be a burdensome endeavor. Thus, the catch-all factor, as well as the remaining relevant § 1404(a) factors discussed above, weigh against transfer.

C.  *Vodicka's Pretrial Publicity Concerns Do Not Warrant Transfer.*

Finally, in assessing whether transfer is in "the interest of justice," *see* § 1404(a), the Court considers Vodicka's argument that he cannot receive a fair trial in the Northern District of Texas due to pretrial publicity. *See* Doc. 209, Pl.'s Mot., 1; *see, e.g.*, *Walker v. Beaumont Indep. Sch. Dist.*, 2015 WL 12815130, at *3 (E.D. Tex. Dec. 8, 2015) (considering the plaintiff's motion to transfer based on a similar argument in light of "the interests of justice" (citation omitted)).

Vodicka contends that "the overwhelming quantity and unique quality of the adverse publicity" concerning the investigation of Tobolowsky's death render it "impossible" for Vodicka to receive a fair trial in the Northern District of Texas. Doc. 209, Pl.'s Mot., 1 (emphasis omitted). Vodicka provides a chart outlining the number of articles or broadcasts by local new stations related to the Tobolowsky murder from May 2016 to January 2020. *Id.* at 4. He points out various news stories in which Vodicka or his spouse, Steven Aubrey, are mentioned as persons of interest in the investigation. *Id.* at 5–8. Vodicka also cites to a few instances of "[o]nline commentary by random individuals" who appear to believe Vodicka or Aubrey were involved in the murder. *Id.* at 8–10.

Most of these comments were posted at least three-to-four years ago. *See id.* at 8–9; Doc. 209-1, Pl.'s App., 235–44. Finally, Vodicka expresses concern about the alleged influence those close to Tobolowsky have exercised over the publicity and investigation of Tobowlosky's death. *See, e.g.*, Doc. 209, Pl.'s Mot., 10.

Vodicka's evidence and concerns do not warrant transfer, as the publicity at issue does not rise to the level required to presume juror prejudice. The Fifth Circuit has noted that "even the 'broad and intensive public awareness' stemming from notorious events like 'the battlefield execution of Vietnamese civilians by Lt. William Calley, Jr. . . . and the high level conspiracy to cover up the Watergate break-in,' was held not to have created a presumption of juror prejudice . . . ." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008) (citations omitted). Rather, this presumption is reserved for "exceptional cases[.]" *Skilling v. United States*, 561 U.S. 358, 440 (2010) (Sotomayor, J., concurring in part and dissenting in part).[3] For example, in *Rideau v. Louisiana*, 373 U.S. 723 (1963), the Supreme Court presumed prejudice where the police filmed the defendant confessing to the crimes with which he was charged—robbery, kidnapping, and murder—and "a local television station broadcast the [confession] to audiences ranging from 24,000 to 53,000 individuals" in a community of 150,000 people shortly before his trial. *See Skilling*, 561 U.S. at 379–80 (citing *Rideau*, 373 U.S. 723). In applying the presumption of prejudice, the Supreme Court reasoned that to the thousands of people who watched the confession, "the interrogation 'in a very real sense *was* Rideau's trial[.]'" *Id.* at 379 (emphasis in original) (quoting *Rideau*, 373 U.S. at 726).

Though Vodicka attempts to analogize his case to *Rideau* (among other cases), *see* Doc. 209,

---

[3] Additionally, these "exceptional cases" are typically criminal—rather than civil—in nature. *See id.*

Pl.'s Mot., 20, his case does not come close to meeting the presumed-prejudice threshold. *See, e.g.*, *Skilling*, 561 U.S. at 385, 392 (rejecting the former chief executive officer of Enron's argument that the district court should have presumed prejudice as in *Rideau*). Most notably, Vodicka is not on trial for the murder of Tobolowsky—he is a plaintiff asking the jury to determine whether he may recover for Defendants' alleged warrantless entry. Accordingly, unlike the publicity in *Rideau*, the pretrial publicity Vodicka cites cannot, in effect, serve as Vodicka's "trial" in this case. *See id.* at 379 (quoting *Rideau*, 373 U.S. at 726).

Further, many of the articles Vodicka relies on state that no suspects have been named in the Tobolowsky investigation or that Vodicka has not been accused of a crime. *See, e.g.*, Doc. 209-1, Pl.'s App., 86, 107, 114, 127, 129, 148, 168, 172, 218. Though many of the publications paint Vodicka in an unfavorable light, none contain "evidence of the smoking-gun variety invit[ing] prejudgment of . . . culpability," like a confession. *See Skilling*, 561 U.S. at 382–83. And the publications certainly do not speak to the legality of Defendants' warrantless entry.

Finally, the vast majority of articles provided by Vodicka in support of his motion were published in May 2016—over five years ago. *See* Doc. 209-1, Pl.'s App., Index. Indeed, Vodicka only cites two relatively recent news publications regarding Vodicka and Aubrey's alleged involvement in the murder, a video and written segment published on January 30, 2020. *See id.* at 223–31; *see Skilling*, 561 U.S. at 383 (noting, in declining to apply a presumption of prejudice, that "the decibel of media attention diminished somewhat in the years following" the events giving rise to the defendant's charges). Considering these circumstances, the Court will not presume juror prejudice in this case.

Instead, the Court will carefully conduct voir dire to ensure that members of the public with

opinions based on relevant pretrial publicity are not seated on the jury. The Fifth Circuit has instructed that even where there is "evidence of . . . adverse publicity, the actual interrogation of members of the community on voir dire may belie the appearance of any pervasive community prejudice . . . ." *Mayola v. Alabama*, 623 F.2d 992, 1000 (5th Cir. 1980) (citations omitted); *see also Broussard*, 523 F.3d at 631 (affirming district court's denial of transfer where, at trial, the district court conducted extensive voir dire regarding "[m]edia-related matters"); *Lefoldt v. Rentfro*, 2017 WL 1371277, at *3 (S.D. Miss. Mar. 3, 2017) (denying motion to transfer where court could "employ[] numerous mechanisms," like voir dire, "to prevent empaneling a jury that has been prejudiced by pretrial publicity"); *Walker*, 2015 WL 12815130, at *3 (concluding voir dire, rather than transfer, was "the more appropriate vehicle to address any juror prejudice" based on pretrial publicity). If careful voir dire reveals that the Court cannot seat a jury of Vodicka's peers free of pre-existing opinions premised on pretrial publicity, the Court will then re-assess how to proceed with trial. For now, however, Vodicka has not demonstrated any presumption of juror prejudice warranting a transfer of venue. For all of these reasons, the Court **DENIES** Vodicka's motion to transfer.

## IV.

## CONCLUSION

For the reasons explained above, the Court **DENIES** Vodicka's motion to transfer this case for trial (Doc. 209).

SO ORDERED.

SIGNED: July 12, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE