IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN E. VODICKA,

       Plaintiff,

vs.

ROBERT L. ERMATINGER, JR., and
SCOTT ROBERT SAYERS,

       Defendants.

Civil Action No. 3:19-cv-0056-B

---

**NON-PARTY MICHAEL B. TOBOLOWSKY'S VERIFIED MOTION TO QUASH
SECOND SUBPOENA ISSUED BY PLAINTIFF BRIAN E. VODICKA, AND
MOTION FOR PROTECTIVE ORDER, RULE 45(D) MOTION FOR SANCTIONS,
AND BRIEF IN SUPPORT THEREOF**

Non-party Michael B. Tobolowsky ("Tobolowsky") files this Verified Motion to Quash Second Subpoena Issued by Plaintiff Brian E. Vodicka, Motion for Protective Order, Rule 45(d) Motion for Sanctions, and Brief in Support Thereof, and respectfully moves this Court for an order quashing the Second Subpoena to Testify at a Deposition in a Civil Action and Produce Documents (the "2nd Subpoena") directed to Tobolowsky by Plaintiff Brian E. Vodicka ("Vodicka") in the above-captioned lawsuit, in its entirety, and for a protective order prohibiting Vodicka from pursuing the discovery sought in the 2nd Subpoena, and for an order sanctioning Vodicka under Rule 45(d). A true and correct copy of the Second Subpoena to Testify at a Deposition in a Civil Action (which also includes document requests) directed to Michael B. Tobolowsky by Plaintiff Brian E. Vodicka is attached hereto as **Exhibit A** and incorporated herein by reference.

## I.  INTRODUCTION

1.      After serving Tobolowsky with his first harassing non-party subpoena and then agreeing to withdraw same when faced with the threat of sanctions, Vodicka has once again chosen to harass Tobolowsky by serving him with the 2nd Subpoena on July 30, 2021.

2.      To make matters worse, the 2nd Subpoena notifies Tobolowsky that the requested deposition would be attended by Vodicka's spouse and the **sole Suspect in the capital murder of Tobolowsky's father, Steven B. Aubrey**. *See* Exhibit A p. 6. And the items Vodicka's 2nd Subpoena seeks to require Tobolowsky to produce **are all related to the capital murder of Tobolowsky's father**. Id. at pp. 10-11.

3.      Vodicka's 2nd Subpoena does not seek any matters related to the sole claim/issue remaining in this case.  It was served on Tobolowsky by Vodicka (likely at Aubrey's instruction) for the same principle purpose the foregoing lawsuit was initiated by Steven Aubrey—to obtain as much information about the investigation into the capital murder of Tobolowsky's father as possible since he is the sole Suspect and benefits from knowing what law enforcement knows.

4.      Sadly, Aubrey and Vodicka were successful in obtaining a substantial portion of the Dallas Police Department's investigation as same was produced to them in this case.  Now, in the 2nd Subpoena, they seek the incriminating information Tobolowsky has uncovered so they can further prepare their criminal defense.  The 2nd Subpoena is harassment in its purest form.

5.      Additionally, the 2nd Subpoena was served on Tobolowsky just seven (7) days before the noticed deposition date, rendering same unduly burdensome.  Tobolowsky, therefore, objects to the 2nd Subpoena in all respects due to the basis of time and, further, as a result of the undue burden imposed by same.  Tobolowsky further objects and moves the Court for the relief requested herein as the 2nd Subpoena and the discovery sought thereby is wholly irrelevant to the

matters before the Court, it pertains to an ongoing capital murder investigation, and was sought for purposes of harassment (it being sought by the sole suspect of that very ongoing capital murder investigation).

6.      Tobolowsky has already incurred fees, costs, and other burdens due to Vodicka's intentionally harassing 1st Subpoena, and further, Tobolowsky is being faced with continuing to incur fees, costs, and other undue burdens due to the circumstances raised by the 2nd Subpoena. Vodicka's 2nd Subpoena, while still defective, merely attempted to resolve all of the defects Tobolowsky was forced to raise with the Court after being served with the 1st subpoena.  As a non-party being dragged into the case through an obviously defective and improper third-party subpoena, Tobolowsky should not have to suffer such burdens – especially when all of the information is irrelevant and served for purposes of harassment.

7.      Tobolowsky respectfully requests that this Court quash the 2nd Subpoena, enter a protective order in favor of Tobolowsky, and sanction Vodicka pursuant to Rule 45(d) for knowingly and intentionally abusing the discovery process.

## II.      RELEVANT FACTUAL BACKGROUND

### A.      This Lawsuit and the Subpoena.

8.      Tobolowsky is the middle-son of highly respected local attorney, Ira E. Tobolowsky, who was murdered on May 13, 2016.  Tobolowsky is also the person leading the charge in the pursuit of justice for the murder of his father.

9.      In the five (5) years since, there have been but two (2) persons of interest / suspects in the murder of Tobolowsky's father—Plaintiffs Steven B. Aubrey (no longer a party-plaintiff) and Brian E. Vodicka.  In this case, Aubrey and Vodicka have sued Dallas Police Detectives Ermatinger and Sayers for allegedly (1) falsifying search warrant affidavits in Ira E. Tobolowsky's

murder investigation, and (2) wrongfully entering Vodicka's apartment the same day Aubrey was arrested for prostitution in October 2016. Doc. 186, Mem. Opin. & Order, p.9.

10.     On December 7, 2020, however, this Court disposed of all claims by Aubrey and Vodicka pertaining to their allegation that Defendants falsified search warrant affidavits in their investigation of Ira E. Tobolowsky's murder. As a result, Aubrey is no longer a party in this case and the only claim that remains pending is Vodicka's claim against the Defendants for wrongful entry into Vodicka's apartment. Id.

11.     On June 30, 2021, through a paid personal process server, Vodicka served Tobolowsky with his first Subpoena. *See* Doc 203 at Exhibit A. The Subpoena commanded Tobolowsky to appear for oral deposition on July 14, 2021 at 9:00 a.m. Id. at pp.1, 7. Shortly thereafter, however, Tobolowsky filed a near identical motion to the foregoing motion and Vodicka then agreed to, and did, voluntarily withdraw his first Subpoena.

12.     Then, on, July 30, 2021, Vodicka had Tobolowsky served with the 2nd Subpoena, seeking the same items sought in the first Subpoena and more. The 2nd Subpoena commands Tobolowsky to appear for oral deposition just seven (7) days later, on August 6, 2021.

13.     The 2nd Subpoena also commands Tobolowsky to bring to the oral deposition documents responsive to the same thirteen (13) extremely overbroad and irrelevant requests for production contained in the first Subpoena, plus two (2) more (the "Document Requests"). Exhibit A at pp.5-6.

14.     Although this case is solely about whether the Defendants wrongfully entered Vodicka's apartment and if so, what damages Vodicka suffered as a result, Vodicka's Subpoena seeks the following (Id.):

> a.  the deposition transcripts and corresponding deposition videos for the oral depositions of Steven Aubrey and Brian Vodicka in March/April 2016;

b.  personal cell phone records of Tobolowsky;

c.  a receipt for the room booked at the DoubleTree hotel on October 20, 2016, which Aubrey used for prostitution and was arrested for doing so (as if Tobolowsky would somehow have such material);

d.  any and all documents relating to Tobolowsky's use of private investigators to help investigate the murder of his father;

e.  copies of audio and video recordings for investigative interviews with Steven Aubrey's brother, Thomas A. Aubrey, regarding the murder of Ira E. Tobolowsky;

f.  copies of audio and video recordings for investigative interviews with Vodicka himself, regarding the murder of Ira E. Tobolowsky;

g.  all communications between Tobolowsky and the Dallas Police Department from the date Tobolowsky's father was murdered through the present; and

h.  all communications between Tobolowsky and the Dallas City Attorney's Office from the date Tobolowsky's father was murdered through the present.

**B.      Lawsuit filed by Aubrey/Vodicka vs. Tobolowsky and Many Others is Still Pending.**

15.     The Subpoena must be quashed, and a protective order entered, because Vodicka is trying to improperly use this case to obtain discovery he is prohibited from obtaining in another lawsuit Vodicka and Aubrey filed against Tobolowsky directly.

16.     In December 2019, Vodicka and Aubrey filed another lawsuit in the U.S. District Court for the Northern District of Texas, Dallas Division, naming Tobolowsky and eleven (11) others as Defendants, including: Hon. Eric V. Moye, Judge for the 14th Judicial District Court of Dallas County, Texas, Hon. Donald J. Cosby, Judge for the 67th Judicial District Court of Tarrant County, Texas, three (3) members of the Texas State Bar Grievance Committee who were/are prosecuting Vodicka for countless disciplinary actions (and have obtained summary judgment as

to liability already), and others (the "Other Baseless Lawsuit"). The cause number for Vodicka's Other Baseless Lawsuit is, 3:19-cv-00754.

17.     All of the Defendants in the Other Baseless Lawsuit moved for dismissals with prejudice, and as of today, all motions to dismiss that have been ruled on have been granted. There are approximately three (3) Defendants remaining and each is awaiting a ruling on their respective motion to dismiss. Tobolowsky is one of those Defendants. And pending the Court's ruling on all motions to dismiss, none of the parties are permitted to conduct discovery. *See* Doc. 33 in Cause No. 3:19-cv-00754.

18.     Nevertheless, through his Subpoena, Vodicka is attempting to circumvent the above referenced prohibition and serve Tobolowsky with harassing and abusive discovery requests. Such conduct should not be tolerated and Tobolowsky would respectfully request that the Court quash the Subpoena and enter a protective order, prohibiting Vodicka from seeking discovery from Tobolowsky in this case.

### III.     ARGUMENTS & AUTHORTIES

**A.     Vodicka's 2nd Subpoena Fails to Allow a Reasonable Time to Comply.**

19.     Pursuant to Rule 45(d)(3), the court "must quash or modify a subpoena that: fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(i).

20.     Vodicka's 2nd Subpoena was served on Tobolowsky on July 30, 2021, and demanded that Tobolowsky appear for oral deposition and produce a host of protected material just seven (7) days later on August 6, 2021. Vodicka's 2nd Subpoena, therefore, very clearly does not provide Tobolowsky with a reasonably time to comply. *In re O'Hare*, No. MISC. H-11-0539, 2012 WL 1377891, at *2–3 (S.D. Tex. Apr. 19, 2012) ("the subpoenas only provided 18 days for compliance" and therefore, "the subpoenas ad testificandum also fail to allow a reasonable time to comply."); *See, e.g ., Hernandez v. City of Corpus Christi*, Civ. A. No. C–10–186, 2011 WL

2194254, at *1 (S.D.Tex. June 6, 2011) (quashing subpoena duces tecum because, in part, the subpoenas required production 10 days after service);   *Thomas v. IEM, Inc.,* Civ. A. No. 06–886–B–M2, 2008 WL 695230, at *3 & n. 10 (M.D.La. Mar.12, 2008) (quashing subpoena duces tecum because, in part, the subpoena required production 15 days after service).

21.     Vodicka's 2nd Subpoena, thus, must be quashed. *See* Fed. R. Civ. P. 45(d)(3)(i).

**B.     Vodicka's 2nd Subpoena Subjects Tobolowsky to Undue Burden.**

22.     Rule 45(d)(3) also provides that the court "must quash or modify a subpoena that… subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).  And as shown below, Vodicka's 2nd Subpoena undoubtedly subjects Tobolowsky to undue burden.

23.     "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

24.     "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

25.     First, Vodicka's 2nd Subpoena is clearly irrelevant to the matters before the Court. "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998).  Rule 26(b)(1) has been amended, effective

December 1, 2015, to provide that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

26.    Not a single one of Vodicka's fifteen (15) document requests, nor the oral deposition demanded, seek material relevant to the sole remaining issue in this case—whether DPD Detectives (and Defendants) Ermatinger and Sayers are liable to Vodicka for their alleged warrantless entry into Vodicka's apartment in October 2016, and if so, what damages Vodicka suffered as a result, if any. **Vodicka's 2nd Subpoena is irrelevant in all respects.**

27.    Vodicka's first four (4) requests seek deposition transcripts and deposition videos for Steven Aubrey and Brian Vodicka's depositions, which were taken in March and April 2016, respectively, in a defamation lawsuit filed against them by Ira E. Tobolowsky. Ira E. Tobolowsky was murdered just 1 month after Brian Vodicka's April 2016 oral deposition, which was taken at Ira Tobolowsky's office and ended with Ira Tobolowsky threatening to call the police if Steven Aubrey and Brian Vodicka wouldn't leave his office and stop harassing / threatening him.

28.    These materials are irrelevant as the underlying depositions were taken at least six (6) months prior to the alleged wrongful entry into Vodicka's apartment at issue in this case. Furthermore, as is every deponent's right (especially when deponent is a party in the relevant case, as Aubrey and Vodicka were), Aubrey and Vodicka could have obtained the transcripts and video for their depositions after they were completed, but they chose not to do so. Instead, they declined

to pay for their deposition materials and have spent the past 5 years unsuccessfully trying to obtain same for free.

29.     Ten (10) of Vodicka's remaining eleven (11) requests are directed at Tobolowsky's personal and confidential information, including: Tobolowsky's cell phone records, Tobolowsky's private investigators paid to help investigate and obtain justice for his murdered father, documents and evidence Tobolowsky has obtained in the investigation into his father's murder, and all of Tobolowsky's communications with the Dallas Police Department and the City of Dallas from the date Tobolowsky's father was murdered to the present. *See* Subpoena at Exhibit A, #s 5, 7-13. None of the above material is relevant to this matters in this case.

30.     The final category of documents requested in Vodicka's Subpoena is "receipts for the DoubleTree Hilton Hotel" where prior-Plaintiff Steven Aubrey was arrested in October 2016, and it is asinine for Vodicka to believe Tobolowsky could be in possession of such material.  This material is also entirely irrelevant to the issues in this case as Steven Aubrey's decision to engage in prostitution has nothing to do with this case.  This case is solely about an entry into Vodicka's apartment and whether same was without permission, violated Vodicka's rights, and caused Vodicka damages, and nothing more.

31.     Clearly, all of the matters presented in the Subpoena pertain not to this case, but only to the murder investigation of Tobolowsky's father—for which Aubrey, Vodicka's spouse, remains the sole suspect to this day—rendering them wholly irrelevant.

32.     Considering the irrelevance of the deposition and documents sought in Vodicka's Subpoena, the related litigation Vodicka filed against Tobolowsky which remains pending (and in which Vodicka is prohibited from obtaining the discovery he seeks to obtain through the Subpoena), and the harassing and abusive nature of the Subpoena, Tobolowsky respectfully

requests this Court quash the Subpoena in its entirety and enter a protective order prohibiting Vodicka from obtaining same without a subsequent Court order. If the Court does not see the irrelevant nature of the Subpoena, by itself, as enough to quash the Subpoena, the Court should quash the Subpoena because the application of the above-referenced six factors used by courts when determining whether a subpoena is unduly burdensome all weigh heavily in favor of quashing the Subpoena.

33.    The second factor above further supports the same relief as Vodicka has absolutely no need for the information and material sought through his 2nd Subpoena. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The 2nd Subpoena is merely a fishing expedition pursued for highly improper and unethical reasons discussed above. Because the matters set forth in the 2nd Subpoena have nothing to do with the matters before the Court in this case, there is no purported "need" by Vodicka to obtain such material. For this reason, as well, the 2nd Subpoena should be quashed.

34.    As for the third, fourth, and fifth elements (breadth, time period, and particularity), the deposition and Document Requests are, on their face, overly broad and unduly burdensome in time and scope. *See, e.g., Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371KPFSN, 2017 WL 9400671, at *1-2 (S.D.N.Y. Apr. 27, 2017) ("Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26—deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.' . . . a Rule 30(b)(6) deposition is not a vehicle for extracting broadly dispositive, smoking-gun testimony on matters more properly reserved for summary judgment" . . . . A court should strike notice topics that would result in a witness merely testifying to information readily available through document

production."); Fed. R. Civ. P. 30(b)(6) (a notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination"); *Estate of Ungar v. Palesinian Authority*, 332 Fed.Appx. 643, 645 (2nd Cir. 2009); Fed. R. Civ. P. 34(b)(1)(A) (requests for documents "must describe with reasonable particularity each item or category of items to be inspected"). After all, the Subpoena primarily seeks information and documents regarding matters that pre-dated all acts underlying the sole remaining claim in this case. Likewise, the Subpoena seeks documents and communications from more than five (5) plus back (through the present), beginning on the date of Ira E. Tobolowsky's murder—an event that is no longer an issue in this case since Vodicka's false search warrant affidavit claims have been fully and finally disposed of with prejudice.

35.     Vodicka's Subpoena purports to require Tobolowsky to produce literally every communication related to or remotely concerning the murder of his father and the investigation that has been ongoing ever since. That is, Vodicka's Subpoena seeks to depose Tobolowsky on and require Tobolowsky to produce more than five (5) years' worth of communications between him and the Dallas Police Department as well as between him and the City of Dallas. And in addition to the irrelevance of such requests, forcing Tobolowsky to sit for oral deposition or respond to Vodicka's intentionally harassing and abusive document requests, imposes a substantial undue burden on Tobolowsky.

36.     Such burdens are only then exacerbated by the fact that the Subpoena seeks documents and testimony related to confidential and/or private information related to the investigation of the murder of Ira E. Tobolowsky given that Vodicka is one (1) of only two (2) suspects being investigated.

37.     Vodicka has a duty to take reasonable steps to avoid imposing undue burden or expense on a non-party subject to a subpoena. *See, e.g.,* Fed. R. Civ. P. 45(d)(1); *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, No. 09-CV-3855 (J5)(AYS), 2018 WL 1701944, at *4-5 (E.D.N.Y. Mar. 31, 2018) ("Courts have awarded attorneys' fees for resisting a subpoena if (1) the subpoena imposed an undue burden on a non-party, and (2) the party requesting the subpoena fail[ed] ... to carry out [its] Rule 45-mandated duty to take reasonable steps to avoid imposing an undue burden on the non-party . . . . [the non-party] should be reasonably compensated for the production.") (internal quotations omitted); *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 58 (N.D. Tex. 2015) ("[A]n order requiring, among other things, a subpoenaed parties reasonable attorneys' fees is mandated where the party issuing the subpoena failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").   This would include not seeking discovery which is very obviously irrelevant to the matters before the Court, as well as not seeking such irrelevant discovery from a non-party for no purpose other than to (1) harass, torment, and abuse the non-party, or (2) circumvent a pre-existing Court order prohibiting such discovery. With regard to the request for deposition transcripts and videos for the depositions of Vodicka and his prior co-Plaintiff, Steven Aubrey, this would mean seeking such materials directly from the Court Reporter and Videographer who created them, not from Tobolowsky who wasn't even a party or attorney in the relevant case.    Nevertheless, Vodicka has chosen to serve the Subpoena on Tobolowsky and, by doing so, has imposed substantial burdens on Tobolowsky that should have been avoided.

38.     The 2nd Subpoena and the deposition and document requests contained therein are also unduly burdensome because the Subpoena directly conflicts with Tobolowsky's prior work obligations.  Specifically, Tobolowsky is lead counsel in a case that has been specially set for trial

beginning on August 16, 2021, and as such, Tobolowsky has countless pre-trial deadlines from the date this Motion is filed through the conclusion of that trial. Any time taken away from that case, at this point, could result in substantial harm to Tobolowsky's clients and practice. And as a result, it is impossible for Tobolowsky to comply with the 2nd Subpoena even if he wanted to.

39.     Possibly the biggest burden, however, the burden imposed on Tobolowsky and the criminal investigation and future prosecution for the capital murder of Ira Tobolowsky. Enforcing Vodicka's 2nd Subpoena would cause severe harm to the ultimate prosecution of Aubrey for murdering Ira Tobolowsky because it would provide him with a substantial amount of information that incriminates him and which he is currently unaware Tobolowsky and the Dallas Police Department now possess.

40.     Never before has a murder suspect been permitted, mid-investigation nonetheless, to force the oral deposition of his alleged victim's son, or to force the production of documents from the murder investigation of which he is the subject. And there are no circumstances here that warrant even the slightest departure from the general understanding that investigative material cannot be shared with the suspects who are being investigated, especially when the suspects are being investigated for a violent crime, like capital murder.

41.     Accordingly, in light of the facts and argument set forth above, in addition to Tobolowsky's lack of knowledge of anything related to the one (1) claim remaining in this case, the true purpose of Vodicka's Subpoena is clear—to harass Tobolowsky, attempt to invade his privacy, and to subject him to as much emotional pain and suffering as possible by demanding that Tobolowsky sit for oral deposition where he will be questioned by Vodicka about matters related to the murder for which he is a suspect. And most importantly, to obtain as much information as possible regarding the investigation into the capital murder of Ira Tobolowsky since his spouse,

Steven Aubrey is the suspect responsible for the crime. The 2nd Subpoena should be quashed, a protective order should be entered and Vodicka should be sanctioned for his outright discovery abuse and harassing conduct.

> **i.     The Harm Already Suffered And Potentially To Be Suffered By Tobolowsky Due To The Subpoena**

42.     This is now the second time Tobolowsky has had to defend against a harassing Subpoena from a murder suspect seeking to obtain information in the investigation into him for capital murder.  Doing so is not only financially burdensome, but it is emotionally burdensome, in addition to being extremely time consuming and cruel.

43.     Tobolowsky has already spent multiple hours working on and finalizing the foregoing Motion, resulting in the loss of thousands of dollars of attorneys' fees that Tobolowsky would have been making had he not been forced to take the time to respond to Vodicka's harassing Subpoena—in a situation where Tobolowsky is not even a party in the litigation and is currently defending against other baseless claims in a different lawsuit filed by Aubrey and Vodicka.  If Tobolowsky is then forced to actually sit for an oral deposition, to be questioned by Vodicka on matters that are either wholly irrelevant to this case or beyond the personal knowledge of Tobolowsky, and respond to Vodicka's irrelevant and harassing Document Requests, Tobolowsky will undoubtedly be harmed to the point of suffering actual damages.

44.     Furthermore, Tobolowsky is merely a sole practitioner and incapable of conducting the overbroad searches for materials requested by Vodicka.  Thus, to search and review the overly broad and burdensome electronic information seemingly being requested by Vodicka (e.g., 5+ years of communications between many parties, and more), prepare same for production, and prepare for what appears to be an oral deposition regarding same, Tobolowsky would need to retain a vendor that specializes in discovery.

45.     Further, as mentioned above, Tobolowsky would be required to divert time away from his primary job as an attorney who specializes in litigation, to oversee the data collection and prepare for his deposition on same (even though irrelevant in this case).  In fact, the deposition preparation itself would be complicated and burdensome – especially given the risk that Vodicka will likely discuss Tobolowsky's father's murder as much as possible, question Tobolowsky about the evidence Dallas Police Department has to show that Aubrey and Vodicka are responsible for the murder, and other matters related thereto which would inflict severe emotional pain on Tobolowsky for no reason whatsoever.

46.     <u>Finally</u>, as described above regarding the burdens imposed, Tobolowsky already has had to incur thousands of dollars of attorneys' fees and expenses trying to deal with the 2nd Subpoena—in a situation where Tobolowsky is not even a party in the litigation and the material sought by the Subpoena has absolutely nothing to do with the matters before the Court in this case. Because the Subpoena subjects Tobolowsky to undue burden, the Court must quash the Subpoena pursuant to FRCP 45(d)(3)(A)(iv).

## C.     2nd Subpoena is Procedurally Defective

47.     This Court should quash Vodicka's Subpoena because it is procedurally defective. Federal Rule of Civil Procedure 45 governs discovery subpoenas to nonparties. *See* Fed. R. Civ. P. 45. A subpoena must adhere to the criteria of Rule 45, or else it lacks the force to compel appearance. See Fed. R. Civ. P. 205.1 (providing that a party may compel discovery from a nonparty only by obtaining a court order or by serving a subpoena pursuant to Rule 45).

48.     Tobolowsky objects that Vodicka's Subpoena is procedurally defective because Vodicka:

> (1) Failed to file a copy of the Subpoena, Deposition Notice, or Document Requests with the Court, as required by Rule 45;

(2) Failed to file proof of service of the Subpoena with the Court, as required by Rule 45;

(3) Failed to provide more than 7 days' notice of both an oral deposition and demand for production of a substantial amount of private and confidential documents and materials;

(4) Requires the production of documents more than 100 miles from the place where the person resides, is employed, or regularly transacts business in person—Vodicka demands that Tobolowsky produce documents to him despite the fact that Tobolowsky resides in Dallas County, Texas and Vodicka resides in Broward County, Florida.

49.    "The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted).   And "until this is accomplished, there is no valid subpoena for the Court to enforce" or for Tobolowsky to respond to. *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.,* No. 3:12-cv-669-P, 2013 WL 5299278, at •4 (N.D. Tex. Sept. 20, 2013).

50.    Accordingly, this Court should sustain Tobolowsky's objections and quash Defendant's Subpoena, Deposition Notice, and Document Requests because the Subpoena is procedurally defective and lacks the force to compel Tobolowsky to participate in any deposition or produce any documents. *See, e.g., Kawasaki Steel Corp.*, 699 S.W.2d at 2013; *Grunauer*, 2004 WL 111462, at *1; Tex. R. Civ. P. 176.8.

**D.      Additional Objections**

51.    Tobolowsky hereby incorporates all objections discussed above as if set forth in this section fully.   Tobolowsky objects to each of the 15 discovery requests contained in the 2nd Subpoena, as well as the oral deposition requested therein, on the basis that same are all (1)

irrelevant, (2) unduly burdensome, (3) harassing, and (4) not reasonably calculated to lead to the discovery of admissible evidence and instead same is nothing more than a fishing expedition by Vodicka as explained herein. Tobolowsky further objects to the following document requests for the following specific reasons: Requests 1-4 seek material which is owned and the property of the court reporters and videographers who handled the relevant depositions and Tobolowsky does not have the authority to provide same to Vodicka, especially since Vodicka can merely request same from the court reporter and/or videographer and pay for same as required; Request number 5 seeks all of Tobolowsky' cell phone records for the day Steven Aubrey was caught and arrested for prostitution, and not only are same irrelevant, but such request seeks extremely private and confidential information of Tobolowsky for no purpose other than harassment and to invade Tobolowsky's protected right to privacy, furthermore, this request is overly broad, vague and ambiguous with regard to "all cell phone records"; Request 7 is likewise overbroad as it seeks all "records relating to payment made to investigators in 2016" and also seeks to invade Tobolowsky's right to privacy; Requests 12 seeks all communications between Tobolowsky and the Dallas Police Department since the date Tobolowsky's father was murdered by Steven Aubrey, rendering same extremely overbroad, unduly burdensome and same also seeks to invade Tobolowsky's privacy.

**E.**     **The Court Should Also Sanction Vodicka Under Rule 45(d).**

52.     Federal Rule of Civil Procedure 45(d)(1) mandates that "[a] party or attorney responsible for issuing and serving a subpoena <u>must</u> take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that "[t]he court for the district where compliance is required <u>must</u> enforce this duty and <u>impose an appropriate sanction</u>—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added).

---

53.     As explained many times herein, Vodicka did not take reasonable steps to avoid imposing undue burden or expense on Tobolowsky. For example, Vodicka served Tobolowsky with the third-party Subpoena without tendering the witness fee, and with full knowledge that none of the material requested, nor the deposition of Tobolowsky, are relevant to the matters in this case.  Instead, as explained above, Vodicka merely served Tobolowsky with the Subpoena for purposes of harassment, abuse, and to cause Tobolowsky as much pain as possible by dragging him through the worst moment in his life—when his father was murdered by Vodicka's spouse, Steven B. Aubrey.  And this is exacerbated by the fact that Vodicka's 2nd Subpoena states that Aubrey would actually be present (and likely guiding Vodicka's questioning of Tobolowsky) at the oral deposition and, thus, would also become privy to any material Tobolowsky produced if forced to comply with the 2nd Subpoena.

54.     Considering all of the circumstances presented, an award of Tobolowsky's expenses, including attorney fees, is warranted, and Tobolowsky represents that a fair estimate of such fees and expenses would be $5,000.00.

55.     Accordingly, Tobolowsky respectfully requests that the Court enter an order, sanctioning Vodicka under Rule 45(d) and requiring him to pay Tobolowsky for the fees and expenses Tobolowsky has incurred in preparing and filing this Motion / seeking protection from Vodicka's harassing and abusive Subpoena.

## IV.     CONCLUSION & PRAYER

56.     For the above-stated reasons, Tobolowsky respectfully requests this Court enter an order sustaining Tobolowsky's Objections to Vodicka's Subpoena *Duces Tecum*, Notice of Intention to Take Deposition, and related Document Requests. Tobolowsky further requests that this Court quash the 2nd Subpoena *Duces Tecum*, Deposition Notice, and Document Requests. Additionally, Tobolowsky requests that this Court enter a protective order in accordance with Federal Rules of Civil

Procedure 45 and 26 to prevent Vodicka from obtaining the information requested by the 2nd Subpoena *Duces Tecum* and Deposition Notice. Finally, Tobolowsky requests any further relief to which he may be justly and equitably entitled.

Dated:  August 5, 2021                                                 Respectfully submitted,

By:  */s/ Michael B. Tobolowsky*
Michael B. Tobolowsky
State Bar No. 24088539
MBT@ToboLaw.com
**TOBOLOWSKY P.C.**
4305 W. Lovers Lane
Dallas, Texas 75209
Telephone: 214.352.0440
Telecopier: 214.352.0660

**PRO SE**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served on all known counsel of record via email in accordance with the Federal Rules of Civil Procedure on July 13, 2021.

*/s/ Michael B. Tobolowsky*
Michael B. Tobolowsky

## CERTIFICATE OF CONFERENCE

PURSUANT TO LOCAL RULE 7.1, I HEREBY CERTIFY that on August 3, 2021, a conference was held with opposing counsel regarding the issues and relief presented in the foregoing document, specifically the undersigned conferred with Brian Vodicka and the parties could not reach an agreement as Vodicka believes his 2nd Subpoena to be appropriate while the undersigned finds same to be the purest form of harassment and an intentional attempt by Vodicka and his spouse, Aubrey to inflict emotional distress on Tobolowsky regarding the capital murder of his father. Vodicka refused to withdraw his subpoena and the foregoing motions, therefore, must be filed to protect Tobolowsky. The foregoing document, therefore, is opposed by Vodicka.

*/s/ Michael B. Tobolowsky*
Michael B. Tobolowsky

## **VERIFICATION**

STATE OF TEXAS

COUNTY OF DALLAS

Before me, the undersigned notary public in and for the state of Texas, on this date personally appeared Michael B. Tobolowsky, who being by me duly sworn, stated under oath that he is the Movant herein, that he has read the above and foregoing Verified Motion to Quash Second Subpoena Issued by Plaintiff Brian E. Vodicka, Motion for Protective Order, Rule 45(d) Motion for Sanctions, and Brief in Support There, and that such statements therein are within his personal knowledge, true and correct.

_____
Michael B. Tobolowsky

SUBSCRIBED AND SWORN before me this 5th day of August, 2021.

LEIGH ALLEN
My Notary ID # 1324212
Expires February 6, 2025

_____
Notary Public, State of Texas

# EXHIBIT "A"

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| **BRIAN E. VODICKA** | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   **3:19-CV-0056-B** |
| **ROBERT L. ERMATINGER, JR. and** | ) |
| **SCOTT ROBERT SAYERS** | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          **Michael B. Tobolowsky**
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  **remote via Zoom videoconference** **https://lexitas.force.com/apex/LegalViewLink?id= a062K00001zmbMiQAI&contactid=0032K00002alucoQAC&type=v** | Date and Time: 8/06/2021 at 9:00 a.m. CST |
|---|---|
| The deposition will be recorded by this method: _____ stenographic _____ | |

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**refer to attached Exhibit "A"**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7/20/2021

| CLERK OF COURT | OR | |
|---|---|---|
| s/M.Bailey | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ Brian E. Vodicka, pro se _____ , who issues or requests this subpoena, are:

Brian E.Vodicka, 2601 NW 3rd Ave, Wilton Manors, FL 33311, defamationperse@gmail.com, (954) 716-9375

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                               *Server's signature*

                                   _____
                                               *Printed name and title*

                                   _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

Print        Save As...        Add Attachment                    Reset

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# LEGALVIEW QUICK SHEET

You are participating in a proceeding that will be conducted remotely.
This sheet was designed to help you join the session and ensure the best quality possible.

## JOIN LEGALVIEW VIA PC/LAPTOP

Lexitas highly recommends that you join your LegalView session through **a camera-enabled PC or laptop** for the best possible experience. Please see the instructions below.

1. If you haven't already, **download and install** the Zoom app on your PC or laptop: zoom.us/support/download

2. Before the proceedings, Lexitas will e-mail you a **meeting invite** with the instructions on how to access the proceedings.

3. At the day and time of the deposition, click on the **meeting link** to join the session.

4. Once you are in the meeting, you will be asked if you want to hear the meeting via computer audio or by telephone. We recommend **computer audio**.

5. You are now in the meeting. You can use the **options** at the very bottom of the screen (from left to right):
   - Mute/unmute your audio
   - Start/stop your video
   - List of Participants
   - Share your screen (may not be present)
   - Chat with all Participants
   - Leave the LegalView meeting

## OTHER WAYS TO JOIN

If you are unable to join via PC or laptop, then you can join by using the Zoom app on your smartphone or tablet:

1. Go the **App Store or Google Play store** and search for "Zoom." You can download the app for free.

2. Make sure your phone or tablet is set to **"Do Not Disturb"** so that any texts, phone calls, or e-mails do not interrupt your video or audio streaming.

3. Open the app and tap on the blue **"Join a Meeting" button** at the bottom.

4. On the next screen, type in the **Meeting ID number** and also toggle **video/audio settings**.

5. You will get a prompt asking for how you want to **connect to audio** (internet vs. phone) and also if the app can access your mic, etc.

6. You are now in the meeting and can access your **meeting options** at the very bottom of the screen.

*If you need to, you can also join the meeting by telephone. Simply dial one of the numbers listed on your Zoom invite e-mail and enter in the Meeting ID.*

## HELPFUL TIPS

✓ **Sound is everything!** Make sure everyone in the meeting can hear you clearly. If people can't hear you, you may have your microphone muted (click the unmute button to undo).

✓ **Good internet connection is important.** You can test your internet speed by going to www.speedtest.net (recommended speed for Zoom is 1.5 Mbps both up/down).

✓ **Check your surroundings.** Make sure you are in a quiet room where you are unlikely to be interrupted.

✓ **Having trouble with connection?** We highly recommend having a hardwired connection to the internet over WiFi. Also, make sure to check your firewall or VPN settings (if any).

✓ **Do a Zoom test!** Below are the details for our test room:
Online Test Meeting (PC, laptop, smart device):
https://lexitas.zoom.us/j/8683983649
Meeting ID: 868 398 3649

Phone Test Meeting:
(646) 876-9923
Meeting ID: 868 398 3649

## EASY LEGALVIEW CHECKLIST

 Have a **Valid ID available** in case the court reporter requests to see it prior to the start of the proceedings.

 Zoom is **downloaded and installed** on your device (PC, laptop, smartphone, or tablet).

 **Test the system prior to proceedings** (your internet speed, video/audio quality, your device is working).

 You have received the **Zoom meeting invite** from Lexitas.

You have a **quiet room** available with little distractions, and your phone is set to **"Do Not Disturb."**

 Everyone in the meeting can **fully see you and hear you** clearly. If internet audio is bad, try using phone audio.

 If you have **virtual assistant devices** (like Google Hub or Amazon Echo), please unplug or mute them for security.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L. ERMATINGER, JR. and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| *Defendants.* | § | |

---

## AMENDED NOTICE OF INTENTION TO TAKE
## ORAL DEPOSITION OF MICHAEL B. TOBOLOWSKY

---

TO:   MICHAEL B. TOBOLOWSKY, 4305 W. Lovers Lane, Dallas, Texas 75209


PLEASE TAKE NOTICE that pursuant to Rules 30 of the Federal Rules of Civil

Procedure, PLAINTIFF BRIAN E. VODICKA will take the oral deposition of MICHAEL B.

TOBOLOWSKY at **9:00 a.m. on Friday, August 6, 2021**, remotely via Zoom videoconference

before a Notary Public or some other officer authorized by law to administer oaths. The

conference should be joined using the following link:

**https://lexitas.force.com/apex/LegalViewLink?id=a062K00001zmbMiQAI&contactid=0032
K00002aIucoQAC&type=v**

THE WITNESS SHOULD HAVE A GOVERNMENT-ISSUED IDENTIFICATION TO
PROVIDE TO THE COURT REPORTER/NOTARY TO CONFIRM HIS/HER IDENTITY AT
THE COMMENCEMENT OF THE DEPOSITION AND BEFORE BEING SWORN.

The deposition testimony will be remotely recorded by stenographic and audiovisual

means. It will be conducted by Lexitas Legal, 325 North St. Paul Street, Dallas, Texas 75201, 888-

497-7618. The deposition will continue from day to day until completed and is being taken for the

purposes of discovery, for use at trial, or for other purposes as are permitted under the Rules. Steven Aubrey will attend the deposition remotely via videoconference.

Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**PLEASE REFER TO ATTACHED EXHIBITS "A"**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Respectfully submitted,

*s/ Brian E. Vodicka*
Brian E. Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
(954) 716-9375
defamationperse@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record electronically to:

Via Email: lindsay.gowin@dallascityhall.com
Lindsay Wilson Gowin
DALLAS CITY ATTORNEY
1500 Marilla Street, 7DN
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L. ERMATINGER, JR. and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

# EXHIBIT "A"

## RECORDS TO B E PRODUCED:

1. A true and correct copy of the stenographic recording of the March 17, 2016 Oral Deposition of Steven B. Aubrey in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

2. A true and correct copy of the video recording of the March 17, 2016 Oral Deposition of Steven B. Aubrey in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

3. A true and correct copy of the stenographic recording of the April 8, 2016 Oral Deposition of Brian E. Vodicka in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

4. A true and correct copy of the video recording of the April 8, 2016 Oral Deposition of Brian E. Vodicka in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

5. Any and all cell phone records of Michael Tobolowsky on October 20, 2016.

6. Any and all documents and/or records relating to the DoubleTree by Hilton Hotel Dallas-Campbell Centre, 8250 N. Central Expv. Dallas. TX 75206 on October 20, 2016.

7. Any and all documents and/or records relating to payment made to investigators in 2016.

6

8. A true and correct copy of any and all audio recordings of interviews involving investigators and Thomas A. Aubrey.

9. A true and correct copy of any and all video recordings of interviews involving investigators and Thomas A. Aubrey.

10. A true and correct copy of any and all audio recordings of interviews involving investigators and Brian E. Vodicka on October 20, 2016.

11. A true and correct copy of any and all video recordings of interviews involving investigators and Brian E. Vodicka on October 20, 2016.

12. Any and all communications between you and any Dallas Police Department employees from May 13, 2016 to the present. -

13. Any and all communications between you and any member of the Dallas City Counsel from May 13, 2016 to the present.

14. A true and correct copy of the stenographic recording of the June 26, 2019 Oral Deposition of Robin Alan Chiswell in Cause No. DC-19-05842, in the 193rd Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Chiswell et al.*

15. A true and correct copy of the video recording of the June 26, 2019 Oral Deposition of Robin Alan Chiswell in Cause No. DC-19-05842, in the 193rd Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Chiswell et al.*