**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN E. VODICKA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-0056-B** |
| | § | |
| **ROBERT L. ERMATINGER, JR. and** | § | |
| **SCOTT ROBERT SAYERS,** | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S APPENDIX IN SUPPORT OF HIS RESPONSE**
**TO NON-PARTY MICHAEL B. TOBOLOWSKY'S VERIFIED**
**MOTION TO QUASH SECOND SUBPOENA ISSUED BY PLAINTIFF**
**BRIAN E. VODICKA, MOTION FOR PROTECTIVE ORDER, RULE 45(D)**
**MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF**

---

TO THE HONORABLE COURT:

Plaintiff Brian E. Vodicka submits this Appendix in Support of His Response to Non-Party Michael B. Tobolowsky's Verified Motion to Quash Second Subpoena Issued by Plaintiff Brian E. Vodicka, Motion For Protective Order, Rule 45(D) Motion for Sanctions and Brief in Support Thereof.

Respectfully submitted,

 s/ *Brian E. Vodicka*
Brian E. Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
(954) 716-9375
defamationperse@gmail.com


## CERTIFICATE OF SERVICE

On August 31, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).


 s/ *Brian E. Vodicka*
Brian E. Vodicka,

## INDEX

DESCRIPTION                                                                    PAGES

Tobolowsky email to Vodicka (July 22, 2021)...................................................................... 1

Amended Notice / Second Subpoena issued on Tobolowsky (July 22, 2021) ....................... 2-12

Proof of Service – Second Subpoena (July 30, 2021)................................................... 13

Process Server email to Vodicka (July1, 2021) .......................................................... 14

Tobolowsky email to Vodicka (October 25, 2016)............................................... 15-16

Tobolowsky First Amended Petition (June 28, 2019) .......................................... 17-24

Ermatinger's Investigative Information Report (May 16, 2016) ........................... 25-26



**Vodicka & Aubrey <defamationperse@gmail.com>**

## Re: Courtesy Request

1 message

**Michael Tobolowsky** <MBT@tobolowskylaw.com>               Thu, Jul 22, 2021 at 2:05 PM
To: B Vodicka <defamationperse@gmail.com>

Mr. Vodicka,

Surely you are not asking me for dates when I am willing to appear for a deposition or produce documents in your case against Detectives Ermatinger and Sayers. If, however, that is what you're asking, the answer is none. Not only do I have 2 trials set for the month of August (on the 2nd and the 17th), but I stand by all of the objections and motions I filed in response to your first subpoena and am prepared to pursue same if served again.

Accordingly, to make sure there is no misunderstanding, please be aware that if I am served with a second subpoena, I intend to file a motion to quash the second subpoena, as well as motions for a protective order and for sanctions.

---

**MICHAEL TOBOLOWSKY**

# TOBOLOWSKY P.C.

4305 W. LOVERS LANE / DALLAS, TX 75209 / USA
(T) 214-352-0440 / (F) 214-352-0662 / MBT@TOBOLOWSKYLAW.COM

> On Jul 21, 2021, at 4:25 PM, B Vodicka <defamationperse@gmail.com> wrote:
>
> Dear Mr. Tobolowsky
> We are proceeding to serve you with a Notice of Subpoena.
> What days do you have available the next two weeks that are convenient with your schedule.
>
> Sincerely
> Brian Vodicka
>
> Sent from my iPhone

000001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN E. VODICKA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-0056-B** |
| | § | |
| **ROBERT L. ERMATINGER, JR. and** | § | |
| **SCOTT ROBERT SAYERS,** | § | |
| | § | |
| *Defendants.* | § | |

---

**AMENDED NOTICE  OF INTENTION TO TAKE**
**ORAL DEPOSITION OF MICHAEL B. TOBOLOWSKY**

---

TO:    MICHAEL B. TOBOLOWSKY, 4305 W. Lovers Lane, Dallas, Texas 75209


PLEASE TAKE NOTICE that pursuant to Rules 30 of the Federal Rules of Civil Procedure, PLAINTIFF BRIAN E. VODICKA will take the oral deposition of MICHAEL B. TOBOLOWSKY at **9:00 a.m. on Friday, August 6, 2021**, remotely via Zoom videoconference before a Notary Public or some other officer authorized by law to administer oaths. The conference should be joined using the following link:

**https://lexitas.force.com/apex/LegalViewLink?id=a062K00001zmbMiQAI&contactid=0032K00002aIucoQAC&type=v**

THE WITNESS SHOULD HAVE A GOVERNMENT-ISSUED IDENTIFICATION TO PROVIDE TO THE COURT REPORTER/NOTARY TO CONFIRM HIS/HER IDENTITY AT THE COMMENCEMENT OF THE DEPOSITION AND BEFORE BEING SWORN.

The deposition testimony will be remotely recorded by stenographic and audiovisual means. It will be conducted by Lexitas Legal, 325 North St. Paul Street, Dallas, Texas 75201, 888-497-7618. The deposition will continue from day to day until completed and is being taken for the

purposes of discovery, for use at trial, or for other purposes as are permitted under the Rules. Steven Aubrey will attend the deposition remotely via videoconference.

Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**PLEASE REFER TO ATTACHED EXHIBITS "A"**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Respectfully submitted,

*s/ Brian E. Vodicka*
Brian E. Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
(954) 716-9375
defamationperse@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 22nd day of July 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record electronically to:

Via Email: lindsay.gowin@dallascityhall.com
Lindsay Wilson Gowin
DALLAS CITY ATTORNEY
1500 Marilla Street, 7DN
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622
ATTORNEY FOR DEFENDANTS

000003

Via Email: devin.alexander@dallascityhall.com
Devin Alexander
DALLAS CITY ATTORNEY
1500 Marilla Street, 7DN
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622
ATTORNEY FOR DEFENDANTS


Via Email: john.ligon@dallascityhall.com
John Ligon
DALLAS CITY ATTORNEY
1500 Marilla Street, 7DN
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622
ATTORNEY FOR DEFENDANTS

*s/ Brian E. Vodicka*
Brian E. Vodicka

## DEFINITIONS AND INSTRUCTIONS

1. "Identify" as used in these Request for Production means:

   a. When used with regard or respect to any person, individual or witness, to provide his or her full and correct name, employer, job title, mailing address, residence or business location where such person may be reached for service of process for subpoena, and current telephone number.

   b. When used with respect to any document, writing, photograph or other tangible thing or item, means to provide:

      i. the title of the item;

      ii. the date of such as reflected on the document and the dates of each addendum, supplement or other additions or change;

      iii. the author or maker of such item and his or her job title;

      iv. the present location of such item;

      v. the custodian of such item including his name, employer, job title, address for service or process or subpoena and telephone number; and

      vi. a description of the nature of the document (e.g. handwritten note, typed letter or photograph) and a brief summary of the contents thereof.

   c. As to a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

2. "You" and "your" means Michael Tobolowsky, his employees, agents, representatives, independent contractors, and all other persons or entities acting or purporting to act on Michael Tobolowsky's behalf, whether authorized or not.

3. "Defendants" means Robert L. Ermatinger, Jr. and Scott R. Sayers.

4. "Plaintiff" means Brian E. Vodicka, the Plaintiff in this case.

5. "Correspondence" means letters, texts, messages, notes, memoranda, e-mails, and lists.

6. "Documents" means all written, reported, recorded, electronic, magnetic, or graphic matter however produced or reproduced, which are now or were at any time in the possession, custody, or control of Respondent, including but not limited to:

000005

a.   all pleadings, briefs, other court filings, preliminary notes, work papers and drafts, all correspondence, memoranda, stenographic or handwritten contracts, diaries, calendars, minutes or records of conferences or meetings, reports and summaries of conversations, reports or other records of investigations, studies, tests, publications, books, pamphlets, photographs, files, tapes, voice recordings, maps, surveys, blueprints, drawings, manuals, advertisements, canceled checks, receipts, bookkeeping ledgers, pleadings, telephone message slips, fee contracts; and

b.   all daily work reports, delivery tickets, memoranda, financial reports, notes, letters, envelopes, telegrams, messages (including reports, notes, and memoranda of telephone conversations or conferences), studies, lists, analyses, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, stenographic or handwritten notes, records, accounts, pamphlets, pictures, films, voice recordings, maps, work papers, arithmetical computations, and minutes of all other communications of any type, including inter- and intra-office communications, purchase orders, questionnaires and surveys, charts, graphs, tapes or other recordings, punch cards, magnetic tapes, disks, e-mails, computer files, data sales, drums, print-outs and other data compilations (translated if necessary by Plaintiff in usable form), intra-corporate drafts of any of the listed items, and copies or reproductions of any of the listed items upon which notations and writings have been made that do not appear on the originals; and electronic or magnetic data, including, but not limited to, e-mails and word processing files, to be produced in hard copy.

7.   The term "electronically stored information" or "ESI" refers to any designated documents or electronically stored information- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained –translated, if necessary, by the Respondent into reasonably usable form. ESI is to be produced in its native format, original file or current file format inclusive of all metadata. ESI must be provided on a load file compatible with Concordance software. An ESI file must be in the same format as "maintained in the regular course of business in electronic form." Production of redacted and/or modified files will not be considered sufficient compliance with this request and will not satisfy production obligation.

8.   "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folder, notebooks, or other devices for separating or organizing documents.

9.   "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory or request.

10.  "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN E. VODICKA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | **CIVIL ACTION NO. 3:19-CV-0056-B** |
| | § | |
| **ROBERT L. ERMATINGER, JR. and** | § | |
| **SCOTT ROBERT SAYERS,** | § | |
| | § | |
| *Defendants.* | § | |


# EXHIBIT "A"


**RECORDS TO B E PRODUCED:**


1.  A true and correct copy of the stenographic recording of the March 17, 2016 Oral Deposition of Steven B. Aubrey in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

2.  A true and correct copy of the video recording of the March 17, 2016 Oral Deposition of Steven B. Aubrey in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

3.  A true and correct copy of the stenographic recording of the April 8, 2016 Oral Deposition of Brian E. Vodicka in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

4.  A true and correct copy of the video recording of the April 8, 2016 Oral Deposition of Brian E. Vodicka in Cause No. DC-15-08135, in the 14th Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Aubrey and Vodicka.*

5.  Any and all cell phone records of Michael Tobolowsky on October 20, 2016.

6.  Any and all documents and/or records relating to the DoubleTree by Hilton Hotel Dallas-Campbell Centre, 8250 N. Central Expy, Dallas, TX 75206 on October 20, 2016.

7.  Any and all documents and/or records relating to payment made to investigators in 2016.

8.  A true and correct copy of any and all audio recordings of interviews involving investigators and Thomas A. Aubrey.

9.  A true and correct copy of any and all video recordings of interviews involving investigators and Thomas A. Aubrey.

10. A true and correct copy of any and all audio recordings of interviews involving investigators and Brian E. Vodicka on October 20, 2016.

11. A true and correct copy of any and all video recordings of interviews involving investigators and Brian E. Vodicka on October 20, 2016.

12. Any and all communications between you and any Dallas Police Department employees from May 13, 2016 to the present.

13. Any and all communications between you and any member of the Dallas City Counsel from May 13, 2016 to the present.

14. A true and correct copy of the stenographic recording of the June 26, 2019 Oral Deposition of Robin Alan Chiswell in Cause No. DC-19-05842, in the 193rd Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Chiswell et al.*

15. A true and correct copy of the video recording of the June 26, 2019 Oral Deposition of Robin Alan Chiswell in Cause No. DC-19-05842, in the 193rd Judicial District Court, Dallas County, Texas styled *Tobolowsky v. Chiswell et al.*

000008

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| **BRIAN E. VODICKA** | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **3:19-CV-0056-B** |
| **ROBERT L. ERMATINGER, JR. and** | ) |
| **SCOTT ROBERT SAYERS** | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

## Michael B. Tobolowsky
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: **remote via Zoom videoconference**<br>**https://lexitas.force.com/apex/LegalViewLink?id=**<br>**a062K00001zmbMiQAI&contactid=0032K00002alucoQAC&type=v** | Date and Time:<br><br>8/06/2021 at 9:00 a.m. CST |
|---|---|

The deposition will be recorded by this method: _____ stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### refer to attached Exhibit "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/20/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| s/M.Bailey | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Brian E. Vodicka, pro se
, who issues or requests this subpoena, are:

Brian E.Vodicka, 2601 NW 3rd Ave, Wilton Manors, FL 33311, defamationperse@gmail.com, (954) 716-9375

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

000009

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

000010

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## LEGALVIEW QUICK SHEET

You are participating in a proceeding that will be conducted remotely.
This sheet was designed to help you join the session and ensure the best quality possible.

## JOIN LEGALVIEW VIA PC/LAPTOP

Lexitas highly recommends that you join your LegalView session through **a camera-enabled PC or laptop** for the best possible experience. Please see the instructions below.

1. If you haven't already, **download and install** the Zoom app on your PC or laptop: zoom.us/support/download

2. Before the proceedings, Lexitas will e-mail you a **meeting invite** with the instructions on how to access the proceedings.

3. At the day and time of the deposition, click on the **meeting link** to join the session.

4. Once you are in the meeting, you will be asked if you want to hear the meeting via computer audio or by telephone. We recommend **computer audio**.

5. You are now in the meeting. You can use the **options** at the very bottom of the screen (from left to right):
   • Mute/unmute your audio
   • Start/stop your video
   • List of Participants
   • Share your screen (may not be present)
   • Chat with all Participants
   • Leave the LegalView meeting

## OTHER WAYS TO JOIN

If you are unable to join via PC or laptop, then you can join by using the Zoom app on your smartphone or tablet:

1. Go the **App Store or Google Play store** and search for "Zoom." You can download the app for free.

2. Make sure your phone or tablet is set to **"Do Not Disturb"** so that any texts, phone calls, or e-mails do not interrupt your video or audio streaming.

3. Open the app and tap on the **blue "Join a Meeting" button** at the bottom.

4. On the next screen, type in the **Meeting ID number** and also toggle **video/audio settings**.

5. You will get a prompt asking for how you want to **connect to audio** (internet vs. phone) and also if the app can access your mic, etc.

6. You are now in the meeting and can access your **meeting options** at the very bottom of the screen.

*If you need to, you can also join the meeting by telephone. Simply dial one of the numbers listed on your Zoom invite e-mail and enter in the Meeting ID.*

## HELPFUL TIPS

✓ **Sound is everything!** Make sure everyone in the meeting can hear you clearly. If people can't hear you, you may have your microphone muted (click the unmute button to undo).

✓ **Good internet connection is important.** You can test your internet speed by going to www.speedtest.net (recommended speed for Zoom is 1.5 Mbps both up/down).

✓ **Check your surroundings.** Make sure you are in a quiet room where you are unlikely to be interrupted.

✓ **Having trouble with connection?** We highly recommend having a hardwired connection to the internet over WiFi. Also, make sure to check your firewall or VPN settings (if any).

✓ **Do a Zoom test!** Below are the details for our test room:
Online Test Meeting (PC, laptop, smart device):
https://lexitas.zoom.us/j/8683983649
Meeting ID: 868 398 3649

Phone Test Meeting:
(646) 876-9923
Meeting ID: 868 398 3649

## EASY LEGALVIEW CHECKLIST

 Have a **Valid ID available** in case the court reporter requests to see it prior to the start of the proceedings.

 Zoom is **downloaded and installed** on your device (PC, laptop, smartphone, or tablet).

 **Test the system prior to proceedings** (your internet speed, video/audio quality, your device is working).

 You have received the **Zoom meeting invite** from Lexitas.

 You have a **quiet room** available with little distractions, and your phone is set to **"Do Not Disturb."**

 Everyone in the meeting can **fully see you and hear you** clearly. If internet audio is bad, try using phone audio.

 If you have **virtual assistant devices** (like Google Hub or Amazon Echo), please unplug or mute them for security.

000012

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:19-CV0056-B

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* MICHAEL B. TOBOLOWSKY on *(date)* Jul 15, 2021, 5:08 pm.

[X]  I served the subpoena by delivering a copy to the named individual as follows: _____ on
*(date)* Fri, Jul 30 2021; or

[ ]  I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 40.00.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 7/30/21

_____
*Server's signature*

Morgan Durrett PSC-18316
_____
*Printed name and title*

4425 W AIRPORT FWY., SUITE 352, IRVING, TX 75062
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Unsuccessful Attempt: Jul 26, 2021, 9:30 am CDT at 4305 LOVERS LN, DALLAS, TX 75225
Go to a lady who was probably his receptionist or secretary, she said that he is in the restroom at the moment and it might be better to come back in an hour because she doesn't know how long he will be

2) Unsuccessful Attempt: Jul 27, 2021, 12:20 pm CDT at 4305 LOVERS LN, DALLAS, TX 75225
Michael was in a meeting with a client and he's been in there since 10am. The lady I spoke to yesterday tried to see if he'd come out but he wouldn't. I left my contact card with my contact information

3) Unsuccessful Attempt: Jul 30, 2021, 8:52 am CDT at 4305 LOVERS LN, DALLAS, TX 75225
I spoke to the same lady I spoke to the last couple of times she said he just logged into a zoom meeting and it supposed to last 30 minutes or an hour and he should be done.

4) Successful Attempt: Jul 30, 2021, 9:35 am CDT at 4305 LOVERS LN, DALLAS, TX 75225 received by MICHAEL B. TOBOLOWSKY. Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 125; Height: 6'; Hair: Brown; Eyes: Brown;

000013

Case 3:19-cv-00056-B   Document 252   Filed 08/31/21   Page 17 of 29   PageID 5832

 Gmail

**Brian Vodicka <vodicka100@gmail.com>**

---

**Re: Service of 2 subpoenas**
1 message

---

**Caleb Malone** <calebmalone@gmail.com>                    Thu, Jul 1, 2021 at 2:57 PM
To: Brian Vodicka <vodicka100@gmail.com>

I talked to the server about this one again. He said that when he was there yesterday, Michael said Mr. S actually had rented a space from him and he pointed to the office, which is vacant. He said Mr. S had gotten older and wasn't doing that much attorney work is why he no longer is renting from him. He didn't know if he was officing from his home or elsewhere, but thought he could be found on the State Bar site. Michael's assistant had a phone# for Mr. S that she called. She said it did not indicate Mr. S's name and would not let her leave a message.

On Thu, Jul 1, 2021 at 1:10 PM Caleb Malone <calebmalone@gmail.com> wrote:
We will try calling him

On Thu, Jul 1, 2021 at 1:09 PM Brian Vodicka <vodicka100@gmail.com> wrote:
Well I can say they have done this same routine before.

Tobolowsky can't really avoid service and his name is on the front door. There is no way for you to know who is there beyond the front desk and Schoettmer has been there for over 3 decades.

So what is the plan going forward? Here is his number. 214-228-8792  If he does answer you can ask him where he is. If no answer you can tell him the subpoena is for nothing more than a few documents. It is not for a deposition. Other than that is his home.

Brian

On Thu, Jul 1, 2021 at 8:57 AM Caleb Malone <calebmalone@gmail.com> wrote:
Good morning. I see that 7-8 weeks ago he reported that address, and it may still be his current reported address. However, he is not physically in the office. We believed they were being straight with us. They didn't have to produce Tobolowsky, but they did and he was cooperative.

On Wed, Jun 30, 2021 at 9:27 PM Brian Vodicka <vodicka100@gmail.com> wrote:
>
> I am sorry I missed that. See attached and let me know if it helps. He still offices there but at his request they act like he is not there.
>
> On Wed, Jun 30, 2021 at 8:50 PM Caleb Malone <calebmalone@gmail.com> wrote:
>>
>> Please see below update
>>
>> On Wed, Jun 30, 2021 at 2:27 PM Caleb Malone <calebmalone@gmail.com> wrote:
>>>
>>> We just served Tobolowsky. The schettmer guy is an older guy and has retired. He doesn't work here. They tried calling him, but couldn't get a hold of him and couldn't leave a message. They said he's still an attorney, so you might find his address with other means
>>>
>>> On Wed, Jun 30, 2021 at 11:39 AM Caleb Malone <calebmalone@gmail.com> wrote:
>>>>
>>>> Yes, will do.
>>>>

000014

 Gmail

Aubrey - Vodicka <traviscountyfraud@gmail.com>

## Re: Missed Your Call Last Friday Confidential Offer of a Settlement under TRE 408
1 message

**Michael Tobolowsky** <MBT@tobolowskylaw.com>                    Tue, Oct 25, 2016 at 5:16 PM
To: Brian Vodicka <vodicka100@gmail.com>, "traviscountyfraud@gmail.com" <traviscountyfraud@gmail.com>,
"defamationperse@gmail.com" <defamationperse@gmail.com>

Mr. Vodicka,

Thank you for the prompt response. I am, however, caught a little off guard by your inclusion of Mr. Aubrey in these
discussion, especially considering the statements you made to Detective Ermatinger last Friday afternoon. The
information you provided Detective Ermatinger [which could help my family finally obtain closure in my dad's murder
investigation] was the driving force behind my decision to reach out to you.    I am still willing to talk but like I said in my
initial email, I am **only** willing to talk about potentially resolving these lawsuits with you and you alone.

Let me be clear - **I will not, even for the slightest second, consider settling or resolving any of these lawsuits
with Mr. Aubrey, whom I now believe more than ever murdered my father.**

So if you've changed your mind since Friday and now wish to go back to being tied to Mr. Aubrey and all of his actions
/ choices, that's fine. But please understand that by your doing so, this offer is off the table. Forever.

If Steven Aubrey didn't murder my father, what kind of person is he if he has no problem suing a widow who has lost
everything and who has never done anything to him? Because "what's good for the goose is good for the gander"??? If
you feel that suing my mom under the theory of respondent superior, or any theory for that matter,  was at all
legitimate, ethical, or an okay thing to do, please tell me now so we can cease communications and let the Court's
decide what happens.  But I don't think you believe it was any of those things, otherwise you wouldn't have made the
comments on Friday that you did [and which led to my reaching out to you].

Let me know if you, and only you, would like to discuss some sort of potential resolution of all pending lawsuits.

Mike

_____

MICHAEL TOBOLOWSKY

# TOBOLOWSKY P.C.

4305 W. LOVERS LANE / DALLAS, TX 75209 / USA
(T) 214-352-0440 / (F) 214-352-0662 / MBT@TobolowskyLaw.com

On Oct 25, 2016, at 1:54 PM, Brian Vodicka <vodicka100@gmail.com> wrote:

Thanks for reaching out.

000015

Yes I am willing to negotiate dropping claims.

I think a lot of recent Mis conception derives from Steve's apparent sending an envelope to your mother. That is something that ( now I know) Steve obtained off the internet of how to find a new address to then serve someone by obtaining the new address to give the process server. I can assure you, It was not some attempt to stalk or harass your mother.

The basis for including your mother under the Respondent Superior claim is the exact same basis Mr Schottemeyer is using. What's good for the goose is good for the gander.

I have always believed that contention to be very tenuous at best.

The only solution to these problems that I see that buys peace between all parties - avoiding the time & expense of obtaining a judgement proof worthless piece of paper - is for you, as representative of the estate, to non suit all your claims against both Steven & I and Steven & I to do the same against you, your mother, and the estate.

Let me know if this is agreeable to you, and it will remain open w/o deadlines.


Sincerely
Brian Vodicka


Sent from my iPhone

On Oct 25, 2016, at 12:52 PM, Michael Tobolowsky <MBT@tobolowskylaw.com> wrote:

> Mr. Vodicka,
>
> I received a message from my old law firm that you had reached out to me last Friday. I wish I would have been able to talk with you but obviously I was [and will be going forward] at my new office.
>
> I also received a message from Detective Ermatinger, who informed me that he spoke with you Friday afternoon around 2 or 3 pm. Detective Ermatinger told me that you had a lot to say about all of these lawsuits and the "relevant events" surrounding them, and that you expressed sincere desires to resolve things and put these lawsuits to bed once and for all. And based off of the other comments that Detective Ermatinger told me you made when meeting with him last Friday, I definitely think we'll be able to work something out. I also want to say thank you for your offer to work with me and my family in exchange for me letting you (BUT ONLY YOU) out of all of these lawsuits.
>
> In any event, I am eager to have this discussion with you because I think you and I can definitely find some middleground to help each other out.
>
> If you're still as eager and interested to get out of these lawsuits as you were last Friday, get in touch with me by the close of business day today, Tuesday October 25, 2016, and we can see what our options are. If you need more time, let me know and I will consider extending the deadline to tomorrow before our hearing in Fort Worth (please contact me to ask for more time, otherwise I will assume you're just no longer interested in talking). If, however, I don't hear from you before the hearing tomorrow afternoon, I'll just have to proceed with the information I now have in the way I deem best for my family.
>
>
> Mike
>
> _____
>
> **Michael Tobolowsky**
>
> # TOBOLOWSKY P.C.
>
> 4305 W. LOVERS LANE / DALLAS, TX 75209 / USA
> (T) 214-352-0440 / (F) 214-352-0662 / MBT@TobolowskyLaw.com

000016

FILED
DALLAS COUNTY
6/28/2019 5:41 PM
FELICIA PITRE
DISTRICT CLERK

Jeffery White

CAUSE NO. DC-19-05842

| | |
|---|---|
| **MICHAEL B. TOBOLOWSKY,** | **IN THE DISTRICT COURT** |
| PLAINTIFF, | |
| **VS.** | **193RD JUDICIAL DISTRICT** |
| **ROBIN CHISWELL; AND BRIAN E. VODICKA** | |
| DEFENDANTS. | **DALLAS COUNTY, TEXAS** |

## FIRST AMENDED PETITION

COMES NOW, Plaintiff Michael B. Tobolowsky ("Tobolowsky" and/or "Plaintiff") and files this, his First Amended Petition, complaining of Defendants Robin Chiswell ("Chiswell") and Brian E. Vodicka ("Vodicka") (collectively, "Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### CLAIMS FOR RELIEF

1.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### II.
### DISCOVERY

2.      Pursuant to Texas Rule of Civil Procedure 190.3, discovery in this matter will be conducted in accordance with a Level 2 discovery control plan.

### III.
### PARTIES

3.      Plaintiff Michael B. Tobolowsky currently resides in Dallas County, Texas.

4.      Defendant Robin Chiswell has been served with process in this case and has filed an original answer to Plaintiff's Original Petition.

> Robin Chiswell,
> 3706 Peppermill Road
> Houston, Texas  77080-1640

5.      Defendant Brian E. Vodicka is an individual who may be served with process by serving him at his residence, as follows:

> Brian E. Vodicka
> 2601 NW 3rd Avenue
> Wilton Manors, FL 33311

## IV.
## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims in this case pursuant to the constitution and statutes of the State of Texas.

7.      This Court has personal jurisdiction over Defendant Chiswell because he is a resident of the State of Texas, and also because Chiswell committed the acts that serve as the basis of this lawsuit in Texas, during which time (and through the filing of this suit) he has also resided in Texas.

8.      This Court has personal jurisdiction over Defendant Vodicka because Defendant Vodicka committed the acts that serve as the basis of this lawsuit in Texas.

9.      Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claims asserted by Plaintiff occurred in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE §15.002(A)(1).

## V.
## FACTS

**A.      Capital Murder**

10.      On Friday, May 13, 2016, Ira E. Tobolowsky was set on fire and burned alive in his garage in Dallas County.  Ira Tobolowsky's death was ruled a homicide by the Dallas County Medical Examiner, and as a result, for nearly three (3) years now the Dallas Police Department has been investigating the case as a capital murder.

11.      As a result of the above-mentioned investigation, two (2) individuals were quickly identified by the Dallas Police Department as persons of interest in the capital murder of Ira Tobolowsky—Steven Benton Aubrey and Brian Edward Vodicka.

12.      Due to the significant positive impact Ira Tobolowsky had on all who came in contact with him, as well as the impact he had on the City of Dallas as a whole, there has been a substantial amount of media coverage regarding Ira Tobolowsky's death and the capital murder investigation that followed.  Plaintiff—the middle child of Ira Tobolowsky—assumed the role of Tobolowsky Family Spokesperson and as a result, has been quoted / has participated in various news stories regarding the investigation.  By April 2017, Plaintiff had publicly supported the Dallas Police Department's decision to focus their investigation on Steven Aubrey and Brian Vodicka and thus, it was well known to the public that Plaintiff believed Steven Aubrey and Brian Vodicka were behind the capital murder of his father.

**B.      The Letter**

13.      On or about April 27, 2017, Plaintiff received a piece of U.S. mail at his residence, located in Dallas County, Texas.  The piece of mail was delivered in a 9.5" x 4" envelope addressed to "MICHAEL TOBOLOWSKI," and although it did not contain a return address, the envelope was stamped, "NORTH HOUSTON TX 773," indicating that it had been processed at the United States

Post Office in North Houston, Texas, specifically post office 773.

14.     Plaintiff opened the piece of mail only to find a one-page tri-folded letter with a bone-chilling message that Plaintiff will never be able to forget (the "Letter").  The Letter stated,

"I KILLED YOUR DAD, NOT THE FAGS. *HAHA*"

(emphasis added)

15.     Due to the fact that Steven Aubrey and Brian Vodicka—the two (2) persons of interest—were/are in a same-sex relationship (the couple, however, is not nor have they ever been married), it is clear that the letter was referencing Steven Aubrey and Brian Vodicka in an attempt to take the investigation's focus off of the two men, as well as to provide the two men with a defense to the claims that they had murdered Ira Tobolowsky.

16.     Ever since the night Plaintiff received the Letter, Plaintiff has done everything in his power to uncover the identity of the Letter's author, and until the beginning of January 2019, Plaintiff was entirely unsuccessful in his search. But in early January 2019, Plaintiff caught a break.

17.     On or about January 11, 2019, Plaintiff came across a shocking news story out of Houston, Texas. Specifically, local Houston news outlets were reporting on the arrest of a man accused of sending threatening and harassing letters to different individuals. The man was identified as Defendant Robin Chiswell.

18.     According to the information provided in the news, Chiswell had been arrested in November 2018 and was charged with felony stalking as a result of letters Chiswell had sent to Houston philanthropist Carolyn Farb.  Ironically, one of Chiswell's letters taunted Farb by poking fun at the tragic death of Farb's son.  That letter read as follows:

"FAKE BITCH!  You are NOT a Doctor!  P.S. *How's your son? DEAD. HAHA*"

(emphasis added)

**FIRST AMENDED PETITION OF
MICHAEL B. TOBOLOWSKY**

4  000020

19.     Further, because the Houston Police Department was/is certain Chiswell had done to others what he had done to Farb, samples of Chiswell's hateful and harassing letters were provided to the public so as to encourage other Chiswell victims to come forward.  Since then, Houston law enforcement has uncovered additional evidence, indicating that Chiswell is also the author of a harassing letter sent to ex-Texas A&M football coach, Kevin Sumlin, wherein Chiswell wrote:

"You suck as a coach! You're a n***** and can't win!  Please get lost! or else"

Additionally, since announcing his arrest in January 2019, at least one (1) additional charge has been brought against Chiswell by the Harris County District Attorney's Office.

20.     Upon recognizing that it was likely Chiswell who sent the April 24, 2017 Letter, Plaintiff immediately drove to Houston, Texas and met with the lead detective on the Chiswell felony stalking case—Detective J. Verella.  Plaintiff's meeting with Detective Varella confirmed that it was indeed Robin Chiswell who sent the Letter to Plaintiff, and that Chiswell did so with the intent to inflict as much emotional distress on Plaintiff as possible.

## C.     Oral Deposition of Defendant Robin Chiswell (taken June 26, 2019).

21.     On June 26, 2019, Plaintiff took the oral videotaped deposition of Defendant Chiswell at the offices of Chiswell's counsel, located in Houston, Texas.  During his deposition, Defendant Chiswell provided testimony that unequivocally supports the claim Plaintiff has asserted in this case. Further, Defendant Chiswell also provided sworn testimony that made clear he was not the only individual responsible for writing and sending the letter in question to Plaintiff.  Defendant Brian Vodicka is also responsible for writing and sending the letter to Plaintiff with the specific intent of inflicting emotional distress on Plaintiff while simultaneously providing Vodicka with a fake defense to the claim that Vodicka participated in the murder of Ira Tobolowsky.

22.     In fact, on April 25, 2017, the day after the letter was sent to Plaintiff, Chiswell placed six (6) phonecalls to Vodicka, clearly in order to confirm that the letter had been sent to Plaintiff and

**FIRST AMENDED PETITION OF**
**MICHAEL B. TOBOLOWSKY**                                                                  5   000021

thus, Chiswell and Vodicka's plan had been completed. Further, Chiswell was served with process in this case on April 26, 2019 at approximately 3:30 p.m.  Less than one (1) hour later, before Chiswell even contacted his attorney, Chiswell phoned Vodicka so as to warn him of what Plaintiff had uncovered.

23.    In light of Chiswell's sworn deposition testimony, it is now clearer than ever that Brian Vodicka and Robin Chiswell acted together, making both responsible for the emotional distress and damages suffered by Plaintiff.

24.    According to their own admissions, Defendant Vodicka and Defendant Chiswell are both responsible for the capital murder of Ira Tobolowsky.  Nevertheless, murdering Ira Tobolowsky was apparently not enough for Vodicka and Chiswell—intentionally causing Plaintiff further emotional distress nearly one (1) year after the murder was for some reason also necessary.

### VI.
### CAUSES OF ACTION

A.    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

25.    Plaintiff hereby incorporates by reference the allegations set forth above and below as if fully set forth herein.

26.    Defendant Brian Vodicka and Defendant Robin Chiswell's conduct as described above was extreme and outrageous and caused Plaintiff severe emotional distress. Moreover, Defendant Brian Vodicka and Defendant Robin Chiswell acted intentionally and/or with reckless disregard of the rights of Plaintiff and others like him.

27.    The intentional and reckless conduct of Defendant Brian Vodicka and Defendant Robin Chiswell was the direct and proximate cause of severe emotional distress upon Plaintiff. Not only did Vodicka and Chiswell commit and/or participate in the capital murder of Ira Tobolowsky, but Vodicka and Chiswell took matters a step further and taunted Plaintiff by laughing at the fact that

they committed the murder and got away with it (at least until Defendant Chiswell was arrested for sending nearly identical letters to other victims).

28.     As a result of the above, Defendant Brian Vodicka and Defendant Robin Chiswell are both liable to Plaintiff Michael Tobolowsky for the damages caused by his intentional infliction of emotional distress.

**VII.**
**REQUESTS FOR DISCLOSURES**

29.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are hereby requested to disclose, within fifty (50) days following the service of this Original Petition and Request for Disclosures, the information and material set forth in Rule 194.2 of the Texas Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that upon proper service of process or waiver thereof, notice and trial, or upon motion of Plaintiff for entry of default judgment or summary judgment, the Court render judgment awarding Plaintiff the following relief against the Defendants:

1.     all actual damages to which Plaintiff may be entitled;

2.     all consequential damages to which Plaintiff may be entitled;

3.     all exemplary and special damages to which Plaintiff may be entitled;

4.     reasonable and necessary attorneys' fees through trial and all appeals;

5.     pre-judgment and post-judgment interest to the maximum extent allowed by law;

6.     all recoverable costs; and

7.     all other and further relief to which Plaintiff is entitled at law

or in equity.

Respectfully submitted,

MICHAEL B. TOBOLOWSKY
Texas Bar No. 24088539

**TOBOLOWSKY P.C.**

4305 W. Lovers Lane
Dallas, Texas 75209
214-352-0440 (Telephone)
214-352-0662 (Facsimile)
MBT@TobolowskyLaw.com

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, the undersigned hereby certifies that a copy of the foregoing document was served on all parties and counsel of record on this the 28th day of June 2019, including:

**DEFENDANT ROBIN CHISWELL**
c/o Baldemar F. Zuniga
Zuniga Law Offices, P.C.
6200 Savoy, Suite 354
Houston, Texas 77036
vzuniga@713druglaw.com

MICHAEL B. TOBOLOWSKY

COMPLAINANT: **Tobolowsky, Ira**                SERVICE #: **114044-2016**
                                                                FOR DET. :

## INVESTIGATIVE INFORMATION

SUBMITTING OFFICER: **Ermatinger**      DATE: **5-16-17**

INFO OBTAINED VIA:

OBTAINED ON DATE:5-16-17        AT TIME:


        TOPIC: **Assist Dallas Arson Investigators**

NARRATIVE:

2pm
Ermatinger was called to a meeting by Lt. Porter regarding the
unexplained death case being investigated by the Dallas Fire Dept
Arson Investigators. DFD was requesting assistance from DPD
Homicide/SIU.

Present at meeting:

DPD
Acting Major Diorio
Lt. Proter
Sgt Garza
Detectives Sayers/Ermatinger

DFD
Lt. Cherry
Capt Stephens

Captain Stephens/Lt Cherry/Detective Sayers had responded to the
fire call on 5-13-16 and briefed everyone in the room on the case.
They stated DFD was sent on a fire call to 7435 Kenshire Ln. 9a
single family home) regarding fire in the garage. DFD had responded
and put out the fire. The victim was located in the garage between a
car and the outer wall. The victim was deceased. A plastic container
was located in front of the car containing an accelerant. Arson
Investigators suspect the victim was doused with the accelerant and
set on fire.

The victim is an attorney and recently has been involved in a
lawsuit against a Steve Aubrey. Steve Aubrey lost the case and has
made threats to the victim.

---
3
---

Follow up required: Yes        No        Key words:_____

Supervisor Approval: _____        ——————— COD002189  000025
tobolowsky

Victim:
Tobolowsky, Ira E. W/M/11-17-47
7435 Kenshire Ln
Date of offense: 5-13-16
Time of Offense: Fire Dept called at 7:52am

Meeting ended.
4pm
Respond to offense location

Ermatinger/Sayers/Lt Cherry/Capt Stephens return to the offense
location at 7435 Kenshire.
Detectives are shown the crime scene which is being worked on by a
restoration company. There was fire and water damage. The garage is
where the fire originated which travelled to the room above the
garage. The garage door had been placed in the open position and the
opening was barricaded with sheets of plywood. (See photos)

Victim's family at scene at various times:

George Tobolowsky – victims brother – contact person
██████████████, George's wife was also present.
tobge@aol.com

Jonathan Tobolowsky (oldest son) 
Michael Tobolowsky (middle son)
Zachary Tobolowsky (youngest son)

430pm
Ermatinger contacted Dallas Police Crime Scene Unit and requested a
crime scene team respond to the location. Arson crime scene and
Dallas PD Crime Scene had been at the location on 5-13-16 but due to
the fire were restricted on processing the scene.

431pm
Lt Porter requested Ermatinger contact a caller with possibleinfo.
Marc Richman ██████████████.

Richman stated he is an attorney and worked on a case with victim. A
man accused doctors of molesting him multiple times and Tobolowsky
was hired to defend the Doctors. Tobolowsky won the case. The person
who lost the case was upset and may now be a suspect. The case was
over 2 years ago. Man who lost case also went to jail in Collin
county for 6 months. Man is Mark Athanas W/M SS██████████████.

4:44pm
Officer Kash #10487 – North Central Patrol