IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L. ERMATINGER, JR. and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S DECISION**

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Brian E. Vodicka ("Vodicka") respectfully objects to Magistrate Judge's decision ("Order") (Doc. 266) filed September 16, 2021.

The Magistrate Judge erred in her rulings, which were contrary to law, based on errors of fact, and resulted in an Order granting *Non-Party Michael B. Tobolowsky's Verified Motion to Quash Second Subpoena Issued by Plaintiff Brian E. Vodicka, and Motion for Protective Order* ('Motions") (Doc. 231) filed by Michael B. Tobolowsky ("Tobolowsky").

Vodicka submits these detailed objections to preserve matters for this Court's review as well and for subsequent review. As explained below, Vodicka respectfully objects to the following:

(1) certain factual finding that the subpoena failed to provide a place within 100 miles for the deposition and production of documents;

(2) the conclusion that Tobolowsky's communications regarding the warrantless entry are not relevant to the warrantless entry claim; and

(3) the conclusion that the subpoena causes undue burden.

Accordingly, the Court should sustain Vodicka's objections, reverse the order that is clearly erroneous and contrary to law, and deny Tobolowsky's motions to quash and for protective order.

Plaintiff's subpoena served on Tobolowsky sought his deposition and documents directly relevant to the single claim at issue. The Magistrate Judge conducted a hearing on Tobolowsky's Motions on September 16, 2021, and uncritically accepted all of Tobolowsky's arguments, broadly rejected all of Plaintiff's requests for documents and oral deposition, and even oddly encouraged Tobolowsky to refile for sanctions relief. The objections follow.

## OBJECTIONS

**Objection 1:   Vodicka objects to the ruling that the subpoena was invalid because it did not provide a place within 100 miles for the production of documents and deposition**

The Magistrate Judge erred in her ruling that the subpoena on Tobolowsky "appears" to be facially invalid because it did not provide a place within 100 miles for Tobolowsky to produce the requested documents and sit for his deposition.

As clearly stated on the Amended Notice of Intention to Take Oral Deposition of Michael B. Tobolowsky ("Notice") attached to the subpoena, Tobolowsky's oral deposition was scheduled to be conducted by Lexitas Legal, located at 325 North St. Paul Street, Dallas, Texas, via Zoom video conference. Pursuant to the subpoena and attached Notice, Tobolowsky was responsible to deliver the requested documents electronically or in person to the court reporter at the same address. The Lexitas Legal office is 6 miles from Tobolowsky's place of business, obviously within 100 miles.

During the hearing on Tobolowsky's Motions, the |Magistrate Judge overlooked the Notice, which clearly supplied the location information for the deposition. She mistakenly failed

to consider the location provided in the Notice, which was attached to the subpoena served on Tobolowsky. *See* Notice attached as Exhibit A to Tobolowsky's Motions , Doc. 231 at 27.

Moreover, Tobolowsky did not object to the l*ocation* of the deposition; as he did not object on that basis, the objection is waived. Had he objected to attending his deposition remotely, he could easily have attended in person with the court reporter at the Dallas County office.

As for document production, Tobolowsky alleged without basis that the subpoena "requires the production of documents more than 100 miles from the place where the person resides, is employed, or regularly transacts business in person– Vodicka demands that Tobolowsky produce documents to him despite the fact that Tobolowsky resides in Dallas County, Texas and Vodicka resides in Broward County, Florida."

However, the Notice clearly states that for every record to which the witness may have access, Tobolowsky is directed to:

> "turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition." Doc. 231 at 28.

Tobolowsky's statement that the officer is more than 100 miles away is false. As noted, the officer is clearly stated as located at an address 6 miles from Tobolowsky's office.

Thus, The Magistrate Judge erred in ruling that the subpoena was facially invalid because it did not provide a place within 100 miles for deposition and production of documents. Her ruling was based on clear error of fact.

**Objection 2: Vodicka objects to the ruling that Tobolowsky's communications with Ermatinger about the warrantless entry are *not* relevant to the warrantless entry claim**

During the Hearing on the Motions*,* the Magistrate Judge stated that Tobolowskys emails to Vodicka on October 25, 2021, in which Tobolowsky claimed Ermatinger told him about what

3

transpired during the warrantless entry and interrogation, do not indicate that Tobolowsky had information relevant to the warrantless entry claim. The Magistrate Judge stated that because Tobolowsky's conversations with Ermatinger occurred *after* the warrantless entry, Tobolowsky's knowledge about the event was not relevant. In other words, only proof of conversations between Tobolowsky and Ermatinger during or before the warrantless entry would have met a standard of relevancy.

The Magistrate Judge's conclusion regarding the relevancy of Tobolowsky's communications with Ermatinger is unsupported and incorrect. The emails make evident that Tobolowsky received information that is directly pertinent to the claim in this case. As Judge Jane Boyle stated in December 2020 Memorandum Opinion and Order, the issue rests on what the Defendants knew and when they knew it:

> "There is a fact issue as to whether Ermatinger preemptively sought entry into the apartment before Aubrey's arrest occurred. And this issue is material to Vodicka's claim against Ermatinger. If Ermatinger lacked knowledge of the arrest, there would be no "legitimate question" as to whether an exception to the warrant requirement applied." *See* Memorandum Opinion and Order, Doc. 186 at 32

Tobolowsky's emails to Vodicka state clearly that Ermatinger shared with Tobolowsky information that Vodicka provided to him during the interrogation after the warrantless entry (which of course on its face is inappropriate). That information is thus directly relevant to the claim concerning the warrantless entry and interrogation in this case because it "naturally and logically tends to establish a fact in issue is 'relevant' and admissible subject to other rules of evidence." *Pound v. Popular Dry Goods Co.*, 139 S.W.2d 341 (Civ.App.-El Paso 1940).

Rulings have upheld that evidence will be deemed relevant and material only if it tends to prove or disprove any fact in issue. *Nixon Construction Co. v. Rosales*, 437 S.W.2d 52 (Civ.App.-El Paso 1969). There must be some logical connection, either directly or by inference, between the

fact offered in evidence and the fact to be proved to make the former relevant to the latter. *Pittman v. Baladez*, 312 S.W.2d 210 (1958).

As is clear, evidence is material if it relates to the issues being decided in the case, and Tobolowsky admitted, in his emails to Vodicka of October 25, 2016, that Defendant Ermatinger shared information specific to the warrantless entry claim, to wit:

> "I also received a message from Detective Ermatinger, who informed me that he spoke with you Friday afternoon around 2 or 3 pm."

> "[B]ased off of the other comments that Detective Ermatinger told me you made when meeting with him last Friday…"

> "… Especially considering the statements you made to Detective Ermatinger last Friday afternoon. The information you provided Detective Ermatinger (which could help my family finally obtain closure in my dad's murder investigation) was the driving force behind my decision to reach out to you."

> "Let me be clear -- **I will not, even for the slightest second, consider settling or resolving any of these lawsuits with Mr. Aubrey, whom I now believe more than ever murdered my father.**"

Doc. 252 at 18-19.

Tobolowsky claims to have knowledge directly related to the warrantless entry issue in this case; therefore, his knowledge and testimony are material. The Court had established there is a fact issue as to whether the Defendants had knowledge of Steven Aubrey's arrest before he entered Vodicka's residence (Doc. 186 at 32) and Tobolowsky is a witness to Ermatinger's statements about the warrantless entry and interrogation. Tobolowsky's deposition testimony could serve as evidence in this case as "evidence signifies that which demonstrates, makes clear or ascertains the truth of the very point in issue, either on the one side or the other." *San Antonio Traction Co. v. Higdon*, 123 S.W. 732 (1909).

The Magistrate Judge erred in holding that Tobolowsky's knowledge about the warrantless entry and interrogation is not relevant to the warrantless entry claim in this case.

**Objection 3: Vodicka objects to the ruling that Vodicka's subpoena subjects Tobolowsky to undue burden**

During the hearing on the Motions, the Magistrate Judge ruled that Tobolowsky had demonstrated that the subpoena subjected him to undue burden. Rule 45 provides that the court "must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). However, the Order chose to simply quash the subpoena rather than appropriately modify the requests. Yet the deposition as well as two of the requests (one requiring modification) are narrow in scope and do not cause Tobolowsky undue burden, contrary to Tobolowsky's pleading.

The subpoena commands the oral deposition of Tobolowsky, a person who has claimed in writing to have knowledge directly related to the warrantless entry and the ensuing interrogation. The documents requested included No. 5, "Any and all cell phone records of Michael Tobolowsky on October 20, 2016," and No. 12, "Any and all communications between [Tobolowsky] and any Dallas Police Department employees from May 13, 2016 to the present."

The subpoena request for the cell phone records of Tobolowsky is narrowly focused to the specific day of the warrantless entry. The records are highly relevant and necessary and will likely support Vodicka's claim regarding Defendants' knowledge and intention before entering his residence without a warrant and interrogating him; that is, clarify whether their entrance was tied to a welfare check or interrogation, and whose purpose it served.

The request (No. 12) for all communications between Tobolowsky and any Dallas Police Department ("DPD") employee beginning May 13, 2016, would give clarity to Tobolowsky's influence over and coordination with the Defendants' murder investigation. However, because the remaining claim involves Tobolowsky's influence and involvement with the warrantless entry on October 20, 2016, the subpoena's overbroad request should be modified and limited, to all

6

communications from October 1 though October 31, 2016. Documents produced in response to discovery requests reflect that early in the month of October (the period after five months of inactivity between the DPD and Vodicka), Defendants initiated a secret grand jury subpoena against Vodicka and hatched a plan to falsely arrest Vodicka's spouse in coordination with Defendants' warrantless entry and interrogation of Vodicka. The email communications from Tobolowsky to Vodicka cite Tobolowsky's knowledge of the contents of the interrogation and connects that information to the investigation into the death of his father, contradicting Defendants' claim that they were simply checking on Vodicka's welfare.

Tobolowsky stated in writing that he had knowledge of events surrounding the claim in this case, and Vodicka should be permitted to discover all of Tobolowsky's letters, emails, phone calls, and text messages with any DPD employee (records easily retrieved) during the month of October 2016, to determine if Defendants were acting under the direction of, or in coordination with, Tobolowsky. If Defendants did so, that evidence would eliminate any exception to the warrant requirement. (Defendants currently claim the caretaking exception for the entry.)

In his motion to quash, Tobolowsky states that "the Subpoena seeks documents and testimony related to confidential and/or private information related to the investigation of the murder of Ira E. Tobolowsky." Doc. 231 at 11. The subpoena seeks documents and testimony related to the month of October, 2016, in particular October 20. If Tobolowsky is correct and the documents and testimony Vodicka seeks are one in the same as the documents and testimony that relate to the murder investigation and interrogation of Vodicka, they will serve as proof that Defendants' warrantless entry "welfare check" was in truth a warrantless entry interrogation.

Moreover, Vodicka is not responsible for Tobolowsky's participation in the murder investigation, warrantless entry, or Tobolowsky's self-induced burden to produce a few documents

and sit for a deposition. Any burden suffered by Tobolowsky was caused by his own enmeshment with Defendants' unlawful warrantless entry and interrogation of Vodicka. The Magistrate Judge erred in ruling that Tobolowsky had demonstrated that the subpoena subjected him to undue burden.

## LEGAL STANDARD OF REVIEW

Pursuant to Rule 72(a) Fed. R. Civ. P., a district court "*[must] modify or set aside any part of the order that is clearly erroneous or is contrary to law.*"

In *City of Pub. Serv. Bd. v. Gen. Elec. Co.*, 935 F.2d 78, 82 (5th Cir. 1991), the Fifth Circuit Court of Appeals defined "clearly erroneous":

> "To be 'clearly erroneous,' a decision must strike us as more than just maybe or probably wrong; it must be dead wrong."

For nearly 60 years, this court has repeatedly and consistently explained that the law of the case does not apply when a prior "decision is clearly erroneous and works manifest injustice." *Lincoln Nat. Life Ins. Co. v. Roosth*, 306 F.2d 110, 113, (5th Cir. 1962); *accord Lumberman's Mut. Cas. Co. v. Wright*, 322 F.2d 759 (5th Cir. 1963); *White v. Murtha*, 377 F.2d 428, 432 (5th Cir. 1967); *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978); *Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003, 1005-06 (5th Cir. 1982). Clear error is a familiar legal standard for reviewing prior decisions that applies across various contexts. For example, appellate courts apply clear error in reviewing district court's factual findings, *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985), and in reviewing discretionary decisions by district courts, *United States v. Walker*, 772 F.2d 1172, 1176 n.9 (5th Cir. 1985).

## CONCLUSION

The Court previously stated: "There is a genuine dispute regarding Ermatinger's knowledge, and this dispute is material: if resolved in favor of Vodicka, there is no legitimate

basis for applying an exception to the warrant requirement." Doc. 186 at 36. Vodicka is seeking to ascertain whether the warrantless entry was a welfare check exception to the warrant requirement or planned in advance to serve private interests. Further, Vodicka seeks to determine the intention of the warrantless entry: whether it happened with an intention to provide care or for other reasons, such as to cause harm.

Thus, these three objections, detailed above, pin "clear error" and "manifest injustice" to the Order; two elements which justify reconsideration of the Order.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to take Plaintiff's objections into consideration, vacate the Order (Doc. 266) granting *Non-Party Michael B. Tobolowsky's Verified Motion to Quash Second Subpoena Issued by Plaintiff Brian E. Vodicka, and Motion for Protective Order*, grant the oral deposition of Tobolowsky, and modify the requests of the subpoena to include Tobolowsky's cell phone records on October 20, 2016 and all communications between Tobolowsky and DPD employees during the month of October 2016.

September 30, 2021

Respectfully submitted,

 s/ *Brian E. Vodicka*
 Brian E. Vodicka, *Pro Se*
 2601 NW 3rd Ave
 Wilton Manors, FL 33311
 (954) 716-9375
 defamationperse@gmail.com

### CERTIFICATE OF SERVICE

On September 30, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

 s/ *Brian E. Vodicka*
 Brian E. Vodicka