IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN E. VODICKA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| **ROBERT L. ERMATINGER, JR.** and | § | |
| **SCOTT ROBERT SAYERS,** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION FOR RELIEF FROM ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 60(b)(1), Plaintiff Brian E. Vodicka ("Plaintiff") his motion requesting relief from the Court's March 21, 2022 Order (Doc. 315) granting Defendants' Motion to Dismiss for Lack of Jurisdiction ("Motion") (Doc. 314) as follows:

On May 21, 2020, the Court issued an Electronic Order (Doc. 162) setting the deadline to file motions for summary judgment, July 15, 2020.

On March 21, 2022, the first day of the trial for this case, Counsel for Defendants sent an early-morning email to Plaintiff and the Court. The Court construed the communication as an Oral Motion to Dismiss. Doc. 314. At approximately 8:30 am the same morning, before voir dire began, the Court conducted an impromptu hearing on Defendants' surprise Motion. The Court gave the parties a few minutes to research the newly presented issue. However, Plaintiff was without the ability to research on a computer as the Dallas Police Department had destroyed his laptop

following one of Defendants' search warrants to seize and analyze the device. During the intervening 10 or 20-minute time period, Defendants' counsel offered Plaintiff the use of her personal laptop computer. Nevertheless, during the majority of the short time allotted, Plaintiff was unable to sign on to the computer as a "guest."

This process highly prejudiced Plaintiff as there was no disclosure of this issue during the time permitted in discovery; Plaintiff was not given 21 days to respond to the Motion per Local Rule 7.1(e); and he was not given proper notice of the hearing. Plaintiff was effectively ambushed with the Motion, the hearing, and the ruling thereof. The March 21, 2022 surprise hearing violated Plaintiff's right to due process of law under the Fourteenth Amendment.

Defendants' early-morning email was an attempt to move for summary judgment on the first day of the trial, approximately 20 months after the deadline to file summary judgments had expired. At best, Defendants could have put on their case and then asked for a post-trial judgment of no liability based on the lapse of time. However, they could not raise this new theory because they have had years (since January 2019 when the Complaint was filed) to present these same facts and theory to support their statute of limitations defense. Defendants simply failed to raise the claim. Plaintiff's remaining claim for Defendants' warrantless entry was/is triable.

Under FRCP 60(b)(1), the court may relieve a party from a final judgment, order, or proceeding due to inadvertence and/or surprise. The Court erred when it considered and then ruled on Defendants' late-filed motion for summary judgment and the Order (Doc. 315) granting Defendants' Motion to Dismiss for Lack of Jurisdiction should be reversed.

Respectfully submitted,

s/ *Brian E. Vodicka*
Brian E. Vodicka, Pro Se
300 E. Oakland Park, #213

                                              Wilton Manors, FL 33334
                                              (954) 716-9375
                                              defamationperse@gmail.com

### CERTIFICATE OF SERVICE

      On March 27, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

                                              s/ *Brian E. Vodicka*
                                              Brian E. Vodicka