UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN VODICKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0056-B |
| | § | |
| ROBERT L ERMATINGER, JR, and | § | |
| SCOTT ROBERT SAYERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Oral Motion to Dismiss (Doc. 314) the remaining claim in

this action as time-barred. As stated on the record at the hearing held at 8:30 a.m. on March 21,

2022, the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** the remaining claim

in this action. Also before the Court is Plaintiff's Motion for Relief from Order Granting Defendants'

Motion to Dismiss for Lack of Jurisdiction (Doc. 317). The Court **DENIES** Plaintiff's motion for

relief from the Court's ruling on the motion to dismiss. The Court's reasoning follows.

## I.

## BACKGROUND

The sole claim remaining in this case[1] is Plaintiff Brian Vodicka ("Vodicka")'s § 1983 claim

that two former City of Dallas police officers, Defendants Robert L Ermatinger, Jr. ("Ermatinger")

---

[1] The Court here recounts only the procedural history necessary to situate the present motion. For a fuller account of the (complex) factual and (lengthy) procedural history of this case, the Court refers to two of its prior memorandum opinions and orders: *Aubrey v. Ermatinger*, 2020 WL 7225992, at *1–4 (N.D. Tex. Dec. 7, 2020), *reconsideration denied sub nom. Vodicka v. Ermatinger*, 2021 WL 1086979 (N.D. Tex. Mar. 22, 2021); *Aubrey v. D Mag. Partners, L.P.*, 2020 WL 1479025, at *2 (N.D. Tex. Mar. 26, 2020).

and Scott Robert Sayers ("Sayers") (collectively "Defendants" or "the officers"), violated his Fourth Amendment right to be free from unreasonable searches and seizures when they entered his home without a search warrant on October 20, 2016. *See* Doc. 121, 3d Am. Compl., ¶¶ 346–50 (77–78).[2]

To briefly summarize, Vodicka's Third Amended Complaint (the operative pleading) asserts that on October 20, 2016, Ermatinger and Sayers orchestrated the arrest on prostitution charges of Vodicka's husband, Steven Aubrey ("Aubrey"), whom the officers suspected in a still-unsolved murder case. *Id*. ¶¶ 223–234, 242 (51–53). Vodicka, proceeding *pro se*, claims that the officers used Aubrey's prostitution arrest as an excuse to enter Vodicka's apartment while he slept so they could interview Vodicka about Aubrey and the murder case. *Id*. ¶¶ 240–47 (53–54). The officers admit that they entered Vodicka's apartment and that they had no warrant to do so. Doc. 312, Jt. Pretrial Order, 11. But, they contend that they reasonably believed their entry was justified by the community caretaking and emergency aid exceptions to the warrant requirement because they were motivated by concern for Vodicka's health and safety. *Id*. at 10–11. They further contend that the doctrine of qualified immunity bars Vodicka's recovery for any constitutional violation and that the claim is barred by the applicable statute of limitations. *Id*. at 11–12.

Previously, the Court denied Ermatinger and Sayers's motions to dismiss this § 1983 warrantless-entry claim on the basis of the statute of limitations, finding that they had not shown that Texas Civil Practice & Remedies Code § 16.064's sixty-day saving provision did not apply. *See Aubrey*, 2020 WL 1479025, at *4–6. Later, the Court denied Ermatinger and Sayers's motions for summary judgment on Vodicka's warrantless-entry claim, finding that (1) the officers' conduct

---

[2] Because the third amended complaint consists of inconsistent paragraph numbering, the Court cites the paragraph to which it refers, followed by the page number in parentheses, when referencing that document.

violated Vodicka's Fourth Amendment rights because neither the community caretaking nor the emergency aid exception justified the warrantless entry, and (2) genuine issues of material fact existed about whether the officers were entitled to the qualified-immunity defense. *Aubrey*, 2020 WL 7225992, at *12–19. Accordingly, this claim proceeded for determination at trial. The officers did not assert their statute-of-limitations defense at the summary-judgment stage. *See generally id.*

On the morning of trial, counsel for defendants emailed the Court and Vodicka the following communication:

> An issue with Defendants' statute of limitations defense came to my attention this weekend. The complaint that Mr. Vodicka timely filed in the Southern District of Florida (attached) did not assert a claim arising from the Defendants' October 20, 2016 entry into his apartment. Mr. Vodicka pled that issue for the first time in the complaint he filed in this case (attached) on January 8, 2019 beyond the two-year statute of limitations. Defendants have not waived their statute of limitations affirmative defense, and we believe that the case must be dismissed as untimely filed. We would like to discuss this with the Court this morning. We appreciate the Court's consideration.

Doc. 314, Oral Mot. Attached to this email were copies of Defendants' Exhibits 43 and 44, the complaint filed by Vodicka and Aubrey in the Southern District of Florida on May 17, 2018 (the "Florida-filed complaint"), and the original complaint filed in this Court on January 8, 2019 (the "Dallas-filed complaint"), respectively.[3]

---

[3] Because the Court dismissed Vodicka's remaining claim before trial, Defendants' Exhibits 43 (the Florida-filed complaint) and 44 (the Dallas-filed complaint) were not offered and admitted. However, in deciding this motion the Court may take judicial notice of the Florida-filed complaint pursuant to Federal Rule of Evidence 201, which permits courts to take judicial notice of an "adjudicative fact" if the fact "is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *In re Katrina Canal Breaches Litig.*, 533 F. Supp. 2d 615, 631 (E.D. La. 2008). Under this Rule, "a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings." *Taylor,* 162 F.3d at 830 (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). The Florida-filed complaint was Doc. 1 in case 0:18-cv-61117 in the Southern District of Florida. *See* Complaint, *Aubrey v. D Magazine Partners, L.P.*, No. 18-cv-61117 (S.D. Fla. May 17, 2018). Accordingly, the Court takes

At 8:30 that morning, the Court and the parties discussed this email—which the Court construed as an oral motion to dismiss for failure to state a claim (*see* Doc. 314)—on the record before commencing voir dire, which was scheduled for around 9:30 a.m. Defendants noted that the warrantless-entry claim *and* the facts underlying it were pled for the first time in the Dallas-filed complaint, more than two years after the claim's accrual on October 20, 2016.[4] Therefore, Defendants argued that the warrantless-entry claim did not relate back to the Florida-filed complaint under Federal Rule of Civil Procedure 15(c)(1)[5] and was untimely. In support of this argument, Defendants offered *Mayle v. Felix*, 545 U.S. 644, 660–61 (2005). The Court recessed the hearing for twenty minutes to allow the parties to research this issue and prepare argument.

Upon resuming the hearing, the Court presented a copy of the Florida-filed complaint to Vodicka and asked him whether the allegation presented in ¶ 135 of that complaint was related to the warrantless-entry claim.[6] Vodicka replied that ¶ 135 did not relate to the October 20, 2016,

---

judicial notice of the Florida-filed complaint and its contents, though not of the veracity of its contents. *See id.*

[4] For a detailed discussion of the timing of the filing of the Florida-filed complaint, its dismissal, and the filing of the Dallas-filed complaint, *see Aubrey*, 2020 WL 1479025, at *2, *4 & n.6.

[5] "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

[6] This paragraph alleges in full:

On October 24, 2016, Aubrey filed a detailed complaint with the Public Integrity Unit whose mission "is to investigate and prosecute those who have misused the trust placed in them by State licensing boards. Independence and Transparency are paramount to a process that is fair to both law enforcement and the citizens of this County."

*Aubrey*, No. 18-cv-61117, Doc. 1, ¶ 135.

After receiving Defendants' email and before the hearing, the Court identified ¶ 135 as the only part

warrantless entry; however, he maintained that the warrantless entry was part of the whole set of facts related to the 2016 murder investigation that was pled in the Florida-filed complaint. Defendants, relying on *Mayle*, argued in response that in this circumstance relation-back required timely pleading of the discrete event underlying the specific claim.

Finding Defendants' *Mayle* argument persuasive, the Court ruled from the bench that the warrantless-entry claim against Ermatinger and Sayers was dismissed as time-barred because it did not relate back to the Florida complaint. Later that day, the Court issued an Electronic Order (Doc. 315) memorializing its ruling and purporting to serve as a final judgment in this action. Six days later, Vodicka filed a motion for relief from the Court's order granting the oral motion to dismiss. Doc. 317, Mot. Relief.

Below, the Court presents the reasoning for its ruling on the motion to dismiss and then addresses Vodicka's motion for relief.

## II.

## LEGAL STANDARDS

A.    *Rule 12(b)(6)*

"[A] statute-of-limitations defense may be raised in a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)," in a motion for judgment on the pleadings made pursuant to Rule 12(c), or at trial. *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir. 1983); Fed.

---

of the Florida-filed complaint that might potentially plead facts underlying the October 20, 2016, warrantless-entry claim (e.g., if Aubrey's October 24, 2016, complaint letter to the Dallas Police Department's Public Integrity Unit detailed the facts of the detectives' October 20 entry). In the interest of justice, the Court pointed Vodicka—who did not have a copy of the Florida-filed complaint with him at the hearing and who has proceeded *pro se* in this action—to this provision to ascertain whether it might support his relation-back argument.

R. Civ. P. 12(h)(2).[7] In considering a motion to dismiss under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the Court may "take judicial notice of matters of public record." *Norris v. Hearst*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alteration omitted). Thus, a court should grant a motion to dismiss where a

---

[7] As Defendants raised this issue immediately before trial, the Court applies the Rule 12(b)(6) standard, which is the same standard used for motions made under Rule 12(c). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

plaintiff fails to plead facts plausibly showing that the defendant's statute-of-limitations defense does not apply. *See Abdul-Alim Amin*, 706 F.2d at 640.

B.      *Rules 59(e)[8] and 60(b)(1)*

    1.      59(e)

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. Fed. R. Civ. P. 59(e). Under this rule, a judgment may appropriately be altered or amended to correct "a manifest error of law or fact", to account for "newly discovered evidence," or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003) (citation omitted). Critically, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367

---

[8] Vodicka styles his motion as one for relief from a judgment under Rule 60(b)(1). Doc. 317, Mot. Relief. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). "The rule under which the motion is considered is based on when the motion was filed." *Id.* (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* Vodicka filed his motion within twenty-eight days of the Court's order dismissing his sole remaining claim. *See* Doc. 315, Elec. Order, Doc. 317, Mot. Relief. Accordingly, the Court considers Vodicka's motion under Rule 59(e). However, the Court would reach the same conclusion under Rule 60(b)(1). For the sake of completeness, and to ensure that Vodicka's objection is fully addressed, the Court provides both analyses. No matter the standard applied, "district courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Cloud v. Quarterman*, 2007 WL 806911, *2 (N.D. Tex. Mar. 14, 2007) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

F.3d 473, 479 (5th Cir. 2004)). The Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479.

2.      60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order . . . [for reasons including] mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). The purpose of this Rule "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). A Rule 60(b) motion "must be made within a reasonable time—and for reason[] [(b)(1)], . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "[A] 'reasonable time' depends on the facts of each case, taking into consideration [ (1) ] the interest in finality, [ (2) ] the reason for the delay, [ (3) ] the practical ability of the litigant to learn earlier of the grounds relied upon, and [ (4) ] prejudice to other parties." *Osborne v. Homeside Lending, Inc.* (*In re Osborne*), 379 F.3d 277, 283 (5th Cir. 2004) (alterations in original) (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

### III.

### ANALYSIS

First, the Court explains the reasoning behind its ruling from the bench **GRANTING** Defendants' motion to dismiss the warrantless-entry claim as time-barred. Then, the Court turns to Vodicka's motion for relief from the judgment and finds that the motion should be **DENIED**.

A.     *Defendants' Oral Motion to Dismiss*

As explained above, the Court construed Defendants' email on the morning of trial as an oral motion to dismiss. In the email, Ermatinger and Sayers argue that the § 1983 warrantless-entry claim must be dismissed because it was not pled in the timely Florida-filed complaint and is therefore barred by the statute of limitations, which is two years from the date of the claim's accrual on October 20, 2016. *See Aubrey*, 2020 WL 1479025, at *4 n.5.[9] At the hearing, Vodicka admitted that the warrantless-entry allegation was first pled in the complaint filed in this Court on January 8, 2019, and that no mention of the October 20, 2016, entry is to be found in the Florida-filed complaint. *Compare Aubrey*, No. 18-cv-61117, *with* Doc. 1, Compl. However, he argued that the October 20, 2016, warrantless entry was part of the officers' overall scheme to pin the unsolved Tobolowsky murder on Aubrey, such that this claim relates back to the earlier complaint's allegations regarding other aspects of that scheme. *See* Fed. R. Civ. P. 15(c)(1)(B). Because the law on this issue is clear and the relevant facts undisputed, the Court agreed with Defendants that the motion should be granted, for the reasons below.

A plaintiff who seeks to invoke the relation-back doctrine set out in Fed. R. Civ. P. 15(c) "must demonstrate that the amended pleading . . . (1) . . . arise[s] from the same transaction or occurrence as the original pleading . . . and (2) . . . the party named in the amended pleading . . . received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a

---

[9] "'The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.' *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citation omitted). Texas has a two-year statute of limitations for personal-injury claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a)."

defense." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (third and fourth alterations in original). Here, Ermatinger and Sayers do not dispute that they were properly named and served in the Florida-filed complaint. *See Aubrey*, No. 18-cv-61117, Doc. 1, ¶¶ 27–28. So the only issue is whether the warrantless-entry claim in the operative complaint arises from the same "transaction or occurrence" as the original pleading. *See Sanders-Burns*, 594 F.3d at 373.

> Regarding the scope of the "transaction or occurrence" requirement:
>
> The Fifth Circuit has held that an amendment which states a new legal theory of recovery on existing facts, or which amplifies the facts alleged in the prior complaint, will properly relate back to the prior complaint. *FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994); *FDIC v. Bennett*, 898 F.2d 477, 480 (5th Cir. 1990). Conversely, a claim sought to be added by amendment 'will not relate back if it asserts new and distinct conduct . . . or occurrences as the basis for relief." *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 863 n.22 (5th Cir. 1993).

*Sutherland v. Akin*, 2021 WL 462103, at *1 (N.D. Tex. Feb. 9, 2021). The "core concern" reflected in Rule 15(c) is "adequacy of notice," *Sanders-Burns*, 594 F.3d at 377, specifically whether "the original complaint could have put the [defendant] on notice of the [later-added] claims." *McGregor*, 3 F.3d at 864. In light of that, "transaction or occurrence" may not be defined so broadly as to allow for untimely claims of which the defendant could not have notice. *See id.*

Applying this standard, Vodicka's warrantless-entry claim does not relate back because it depends on new and distinct conduct—not amplifications of previously pleaded conduct—such that the original complaint could not have put the officers on notice this claim might later be asserted. *See McGregor*, 3 F.3d at 864. *Mayle*, the case raised by Defendants, supports this conclusion. In *Mayle*, the Supreme Court considered the definition of "transaction or occurrence" for relation back

-10-

in the context of a habeas-corpus petition.[10] 545 U.S. at 653. The original, timely filed petition asserted a Sixth-Amendment challenge to the trial court's admission of a witness's videotaped testimony. *Id.* at 648. Later, after the statute of limitations had expired, the petitioner added a Fifth-Amendment challenge to the trial court's admission of his own pretrial statements, which he alleged were obtained through coercion. *Id.* at 648–49. The petitioner argued that "his . . . trial . . . [was] the 'transaction' or 'occurrence' that counts," while the Government argued that the relevant transaction or occurrence was not the trial and conviction as a whole but two "separate [underlying] episodes[:] the pretrial police interrogation of [the witness] . . . and [the petitioner's] own interrogation at a different time and place." *Id.* at 660. Agreeing with the Government and finding the Fifth-Amendment claim time barred, the Court noted that the petitioner's proposed definition was "boundless" and "views 'occurrence' at too high a level of generality," and instead adopted—in the habeas context but "consistent with the general application of Rule 15(c)(2) in civil cases"—a requirement that the claims be "tied to a common core of operative facts." *Id.* at 661, 664 (quoting *United States v. Pittman*, 209 F. 3d 314, 318 (4th Cir. 2000)).

Here, consistent with *Mayle*, the Court finds that Vodicka cannot define "transaction and occurrence" as a single months-long police investigation encompassing all the officers' conduct. *See id.* at 664. Instead, the Court must consider whether the Florida-filed complaint includes the "common core of operative facts" for the specific events underlying the warrantless-entry claim. *See id.* It does not.

---

[10] "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15 . . . [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11." *Mayle*, 545 U.S. at 655.

The operative facts underlying the warrantless-entry claim are that the officers, contemporaneously with Aubrey's arrest on October 20, 2016, came to the apartment where Vodicka was sleeping, entered without a warrant, and questioned Vodicka about the murder investigation. Doc. 121, 3d Am. Compl., ¶¶ 240–46 (53–54). While the Florida-filed complaint presents *many* factual allegations, it does not allege an entry into Vodicka's apartment on October 20, 2016, an attempt to interview Vodicka on that date, or Aubrey's arrest for prostitution.[11] *See Aubrey*, No. 18-cv-61117, Doc. 1. On the record at the hearing, Vodicka conceded that the Florida-filed complaint does not plead any of these allegations and the Court's independent review confirms this admission.

The Florida-filed complaint's only statements regarding events occurring in October 2016 are the following:

- On October 24, 2016, Aubrey filed a detailed complaint with the Public Integrity Unit. *Id.* ¶ 135.
- DPD tendered . . . affidaivits [sic], search warrants etc., documents that resulted in nothing, to Dallas Morning News to publish in its October 13, 2016 article . . . *Id.* ¶ 220.
- [Some defendants] published, or caused to be published . . . [defamatory statements in a May 2017 magazine article, including]: "In early October [2016], Michael got an email from a pair of private investigators. [']We are private investigators who simply have a low tolerance for scumbaggery and this case really bothers us,['] they wrote." *Id.* ¶ 251(u).

Similarly, the Florida-filed complaint's only statements regarding events at Vodicka's apartment are:

- "On May 17, the Tuesday after the fire, detectives went to Aubrey and Vodicka's Dallas apartment. . . ." *Id.* ¶ 251(g).

---

[11]Aubrey's arrest on prostitution charges—which were later dropped—is referenced in certain news articles attached to the Florida-filed complaint. *See Aubrey*, No. 18-cv-61117, Doc. 1, Ex. A, 98, 101.

- DPD was [sic] concocted probable cause so that they could search Plaintiffs, their apartments and all of their belongings. *Id.* ¶ 117.
- While Plaintiffs were sitting in their apartment, Ermatinger and Sayers were . . . at the courthouse "looking for Plaintiffs," when they could have just knocked on their door. *Id.* ¶ 123; *see also id.* ¶¶ 202 (alleging similar facts).
- The detectives manufactured [a] lie [about Aubrey's statements] to ensure any judge would issue search warrants upon Aubrey, Vodicka, their apartments, . . . etc. *Id.* ¶ 127.
- On May 19, 2016, . . . [Dallas police] organized a swat team styled ambush for Plaintiffs and spent most of the day staked out, hiding and waiting for Plaintiffs to exit their apartment [and then executed the ambush in the apartment parking lot]. *Id.* ¶¶ 145–156. The following day an eviction notice was on Plaintiffs' front door for violation of their Lease Agreement. *Id.* ¶ 157. *See also id.* ¶¶ 206, 281, 291, 339, 430, 450, 463, 484, 507.
- [In November 2016 D Magazine published a story that included the statement that] at the time of the fire, [in May 2016] [Aubrey and Vodicka] were at their apartment. *Id.* ¶ 211; *see also id.* ¶¶ 251(b), (g), (i), (k), (o) (alleging publication of similar statements about events in May 2016).

Even taken in the light most favorable to Vodicka, none of the above statements presents any facts related to the October 20, 2016, entry; therefore, the Florida-filed complaint includes *no* common core of operative fact to which the later warrantless-entry claim relates back. Most of these statements plainly refer to discrete events on other dates or by other actors, like the interrogation statements analyzed in *Mayle*. *Id.* ¶¶ 145–157, 206, 211, 251, 281, 291, 339. 430, 450, 463, 484, 507; *see Mayle*, 545 U.S. at 660 (discussing how where there is more than one "episode-in-suit" the "separate episodes . . . [occurring] at a different time and place in his amended petition" are discrete "transactions or occurrences"). The statements regarding allegedly unconstitutional May 2016 searches and seizures of Vodicka and Aubrey's apartments complain of improperly obtained warrants, *see Aubrey*, No. 18-cv-61117, Doc. 1, ¶¶ 117, 127, and therefore could not have put the officers on notice of a claim that they failed to obtain a warrant for an October 2016 entry. *C.f. McGregor*, 3

F.3d at 864 (finding that an applicant's late-added claim that a school violated his due-process rights in denying his petition for reinstatement did not relate back to his timely-filed allegations that the school failed to address disability-accommodation requests, though made in the same petition, because "[n]o mention [was] ever made in the prior pleadings of any appeals policy or procedure, and a Due Process claim requires more than a showing that the [school] refused to accommodate [the applicant] as requested").

As for the allegations in ¶ 135, when the Court asked Vodicka on the record whether the "detailed complaint" Aubrey submitted to the Dallas Police Department on Octber 24, 2016, was related to or described the October 20, 2016, entry, he replied that it did not. And even if it did, the Court might be reluctant to conclude that such a minimal, secondary reference to an event could put the officers on notice. *See id.*

In sum, the warrantless-entry claim does not relate back because it "asserts new and distinct conduct . . . or occurrences as the basis for relief." *See Sutherland*, 2021 WL 462103, at *1. Based on the original Florida-filed complaint, Ermatinger and Sayers could not have had notice that Vodicka would add a claim based on the entry of his apartment on October 20, 2016. *See McGregor*, 3 F.3d at 864. For this reason, Vodicka's warrantless-entry claim against Ermatinger and Sayers is barred by Texas's two-year statute of limitation for personal-injury claims.

Therefore, and as stated on the record, the Court **DISMISSES** the remaining claim against Ermatinger and Sayers.

B.   *Plaintiff's Motion for Relief*

As a preliminary note, the Court finds it improperly included the words "this is a Final Judgment" in its Electronic Order (Doc. 315), *see* Rule 58(a) (requiring that judgment be entered via a separate document), and accordingly **WITHDRAWS** its Electronic Order (315) *only* to the extent it purported to be a final judgment. The Court will follow this Memorandum Opinion and Order with a separate final judgment pursuant to Rule 58(a).

Turning to Vodicka's motion for relief, the Court finds it without merit. Vodicka's motion for relief was filed six days after the Court's oral ruling on the motion to dismiss and Electronic Order memorializing that ruling, so it is timely. However, Vodicka has not established a manifest error of law or fact, presented newly discovered evidence, or shown an intervening change in controlling law, *see Schiller*, 342 F.3d at 567 (applying Fed. R. Civ. P. 59(e)), or shown that justice requires the order to be set aside because of inadvertence or surprise. *See Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n for Par. of E. Baton Rouge*, 507 F.2d 227, 228 (5th Cir. 1975) (applying Fed. R. Civ. P. 60(b)).

Vodicka argues that relief is justified "due to inadvertence and/or surprise." Doc. 317, Mot. Relief, 2 (citing Fed. R. Civ. P. 60(b)(1)). He argues that the last-minute, early morning email sent by Defendants' counsel on the day of trial and subsequent "impromptu hearing" conducted by the Court on this "surprise motion" prejudiced him because: (1) the email was an untimely motion for summary judgment; (2) the Court gave him only a "10 or 20-minute time period" "to research the newly presented issue," during some of which time he was unable to access the internet on a borrowed computer; (3) "there was no disclosure of this issue during the time permitted in

-15-

discovery"; (4) he "was not given 21 days to respond to the Motion per Local Rule 7.1(e)"; and (5) "he was not given proper notice of the hearing." *Id.* at 1–2. In sum, Vodicka argues, he "was effectively ambushed with the Motion, the hearing, and the ruling thereof" such that "[t]he March 21, 2022 surprise hearing violated Plaintiff's right to due process of law under the Fourteenth Amendment." *Id.* at 2.

As to Rule 59(e), Vodicka does not argue that newly-discovered evidence or a change in controlling law would alter the Court's finding that his claim is time-barred. *See* Doc. 317, Mot. Relief. The Court finds that neither of these grounds is applicable, as the only relevant evidence is the Florida-filed complaint (which the Court has carefully considered) and the controlling law is settled. *See Mayle*, 545 U.S. at 660; *McGregor*, 3 F.3d at 864. For the same reason, even if the Court construes Vodicka's Rule 60(b) arguments (discussed below) as asserting that the Court made a manifest error of law when it decided the motion to dismiss at the hearing, the argument fails. The Court correctly applied the relation-back doctrine to the Florida-filed complaint, as it explained above. So, Vodicka is not entitled to relief under Rule 59(e), which applies to this motion.[12]

Nevertheless, in the interest of completeness, the Court also addresses Vodicka's arguments under Rule 60(b). First, the Court finds that consideration of the motion to dismiss—which was not treated as a motion for summary judgment, as explained above—on the morning of trial was proper. Under Rule 12(h)(2), a defense of failure to state a claim may be raised by motion to dismiss, in a motion for judgment on the pleadings pursuant to Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2). Dismissal of a claim as time-barred is appropriate if, taking a plaintiff's well-pleaded factual

---

[12] *See supra* note 8.

-16-

allegations as true and considering them in light of judicially-noticed adjudicative facts, the plaintiff has not plausibly stated a claim outside the statute of limitations. *See Abdul-Alim Amin*, 706 F.2d at 640; *supra* n.4 (explaining that the Court takes judicial notice of the contents of the Florida-filed complaint). Such was the case here.

Second, while Vodicka complains that the timing of the motion and the hearing left him unable to research a response before the Court's ruling from the bench, he still has not identified any case in support of his position that the claim should have proceeded to trial. Indeed he could not, as the Florida-filed complaint contains *nothing* to which the warrantless-entry claim might relate back. *Supra* Section III(A). Moreover, the Court assisted Vodicka before and during the hearing by (1) having Court staff check that Vodicka was able to access the internet on the borrowed laptop;[13] (2) independently researching the relation-back doctrine and whether the contents of the Florida-filed complaint showed that the warrantless-entry claim was time-barred as a matter of law; and (3) identifying and pointing Vodicka to ¶ 135 of the Florida-filed complaint to ascertain whether it possibly alleged facts underlying the warrantless-entry claim.

Third, Vodicka wrongly claims that Defendants did not disclose the statute-of-limitations defense within the discovery period. This defense was raised and briefed by the parties at the motion-to-dismiss stage and addressed in detail by the Court in its Memorandum Opinion and Order on

---

[13] To the extent that Vodicka argues that it was Defendants' fault he had no laptop, because they allegedly seized and destroyed it "following [execution of] one of [their] search warrants," the Court summarily rejects the idea that a plaintiff who has chosen to proceed *pro se* can argue that either Defendants' seizure of his laptop almost six years ago or the Court's decision to require a *pro se* litigant who has trained as a lawyer to proceed with his defense though he has not brought a laptop to trial contributes to a due process violation. *See* Doc. 317, Mot. Relief., 1–2.

Ermatinger's and Sayers's motions, issued March 26, 2020. *See Aubrey*, 2020 WL 1479025, at *4–6. Discovery remained open through July 26, 2021. *See* Doc. 196, Scheduling Order, 1.

Taking the fourth and fifth objections together, with voir dire set to begin that morning, neither local rules nor due process required further delay. The Court was not required to wait twenty-one days before deciding the motion. *See* N.D. Tex. Civ. R. 7.1(e).[14] And the Court's decision to hear the motion before voir dire that morning was consistent with due process because Vodicka had adequate notice of the claim against him and a meaningful opportunity to respond to the motion. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond.").

First, Vodicka had ample notice of the statute-of-limitations issue and the need to defend against this claim at trial that very day, so his allegations of unfair surprise ring hollow. *See* Doc. 312, Jt. Pretrial Order, 11–12, 18–19 (indicating that the statute-of-limitations defense was an issue to be raised at trial, beginning that morning); *Aubrey*, 2020 WL 1479025, at *4.

Second, Vodicka had a meaningful opportunity to respond. As Vodicka has acknowledged, the Court recessed for twenty minutes to allow the parties to research the relation-back issue Defendants had raised. After that time, the Court heard argument during which Vodicka cogently advanced his theory for why the claim should relate back to the Florida-filed complaint's pleadings regarding other aspects of the murder investigation scheme. This argument failed in light of *Mayle*. Considering that (1) a jury was waiting, (2) the Court's own research on the issue had determined

---

[14] Local Civil Rule 7.1(e) requires that "[a] response . . . to an opposed motion must be filed within 21 days from the date the motion is filed." *Id.* By its text, this rule imposes a time limit on the responding party and not on the Court. *See id.*

that the answer was clear as a matter of law unless Vodicka could point to some portion of the Florida-filed complaint that alleged the factual basis of the warrantless-entry claim, and (3) Vodicka responded to the Court's inquiries about ¶ 135 of that complaint by admitting that the Florida-filed complaint did not allege the October 20, 2016 entry, additional delay to allow him to research caselaw was not warranted.

While the court makes reasonable allowances for a *pro se* party—and did so here by pointing Vodicka to ¶ 135—one who chooses to proceed at jury trial *pro se* must be prepared to navigate and argue motions in the timeframe required by the exigencies of that process. Additionally, Vodicka is a trained (though nonpracticing) attorney who represented to the Court that he has drafted and filed his own pleadings in this proceeding, which has spanned three years and consists of almost 320 docket entries. *See* Docket, 3:19-cv-00056-B (N.D. Tex. filed January 8, 2019). Finally, in other contexts, the Fifth Circuit has held that a district court does not abuse its discretion or violate a non-movant's due process rights by deciding a motion to dismiss before the non-movant has responded if "the response would [not] have affected the outcome of the . . . decision." *United States v. Rand*, 924 F.3d 140, 144–45 (5th Cir. 2019). So too here—even if the Court had allowed Vodicka additional time to research caselaw, his admission that ¶ 135 did not relate to the October 20, 2016, entry settled the matter. *See supra* Section III(A). Further response would have been futile and wasted the time of the jury, the Court, and the parties.

For all these reasons, the Court finds no violation of Vodicka's due process rights and that—under either Rule 58(e) or Rule 60(b)—Vodicka is not entitled to relief from the Court's Order dismissing the warrantless-entry claim. Accordingly, the Court **DENIES** the motion for relief.

## IV.

## CONCLUSION

For the reasons stated above and on the record at the hearing held at 8:30 a.m. on March 21, 2022, the Court **DISMISSES WITH PREJUDICE** Vodicka's § 1983 warrantless-entry claim against Ermatinger and Sayers.

The Court **DENIES** Vodicka's motion for relief from the judgment (Doc. 317).

A separate final judgment will follow.


**SO ORDERED.**

**SIGNED: April 1, 2022.**


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-20-