# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN E. VODICKA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-0056-B** |
| | § | |
| **ROBERT L. ERMATINGER, JR., and** | § | |
| **SCOTT ROBERT SAYERS,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

By order of reference dated October 31, 2022 (doc. 333), before the Court for determination is *Plaintiff's Motion to Obtain the Transcript at Government Expense*, filed October 24, 2022 (doc. 332). The plaintiff seeks to obtain the transcript for purposes of appeal of this case at the government's expense, noting that he has been permitted to proceed *in forma pauperis* on appeal.

The *in forma pauperis* statute provides that indigent plaintiffs may proceed on appeal without prepayment of fees and costs, and it allows for the government's payment of the expenses for a copy of the record for purposes of appeal if "required by the appellate court". 28 U.S.C. § 1915(a), (c); *see also Fiveash v. Tom Green County*, 30 F.3d 1493 (5th Cir. 1994) (*per curiam*). It has no provision for free copies of filings at the district court level, however. *See id.* (citing *In re Richard,* 914 F.2d 1526, 1527 (6th Cir.1990)). To obtain a transcript at government expense, a litigant must satisfy the requirements of 28 U.S.C. § 753(f). *Haskett v. Unknown Clients #1-#9*, 789 F. App'x 489, 490 (5th Cir. 2020) (per curiam) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985)). In relevant part, § 753(f) provides:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f). The litigant must also show why the transcripts are necessary for proper

disposition of his appeal.  *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citing *Harvey*, 754 F.2d at 571).

Here, the docket reflects that the plaintiff's appeal was dismissed for want of prosecution on August 31, 2022, so no appeal is pending.  (*See* doc. 331.)  Courts lack the authority to allow payment for transcripts in the absence of an appeal.  *See Johnson v. Watkins*, No. 3:07CV621 DPJ-FKB, 2011 WL 358023 (S.D. Miss. Feb. 1, 2011) (citations omitted).  Moreover, the plaintiff's one-page motion merely states that he seeks the transcript for purposes of appeal and that he cannot afford the transcript. (*See* doc. 332.)  It does not show either a particularized need for a transcript or that the case presents a substantial question on appeal.  The motion is therefore **DENIED**.

**SO ORDERED** on this 3rd day of November, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE